**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re

Robert Francis Xavier Sillerman           Chapter 11
aka Robert F.X. Sillerman,
aka Robert F. Sillerman,                  Case No. 17-13633 (MKV)
aka Robert X. Sillerman,

                    Debtor.
------------------------------------------------------------x

### DECLARATION OF ROBERT F.X. SILLERMAN PURSUANT TO RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK

Robert F.X. Sillerman declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

1. I am the debtor and debtor in possession in the above-captioned chapter 11 case.

2. I submit this Declaration pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") to assist this Court and other parties in interest in understanding the circumstances giving rise to the commencement of this chapter 11 case.

3. Except as set forth below, all facts set forth in this Declaration are based upon my personal knowledge. If called upon to testify, I would testify competently to the facts set forth below.

### Procedural Background

4. On December 27, 2017, React Presents, Inc., Clubtix, Inc., Lucas King, and Jeffrey Callahan (collectively, the "**Petitioning Creditors**") filed an involuntary petition against

me under chapter 7 of the Bankruptcy Code (the "**Involuntary Petition**"). A chapter 7 trustee was not appointed in the chapter 7 case.

5. On February 2, 2018, I filed a motion to convert the involuntary chapter 7 case to a voluntary chapter 11 case (Docket No. 6), and on March 1, 2018, following a hearing on the motion, the Court entered an order for relief in the chapter 7 case and converted the case to one under chapter 11. (Docket No. 26).

6. I will continue to operate my businesses and manage my properties as debtor and debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. To date, no trustee, examiner, or creditors' committee has been appointed.

**Debtor's Background**

7. I am an American businessman and media entrepreneur. I was the owner of a range of television and radio stations during the 1980s and 1990s. In 1993 I formed SFX Broadcasting, Inc. and then built SFX Entertainment, Inc. - a concert and stage performance promoter. In 1998, I sold SFX Broadcasting, Inc. to Capstar Communications for $2.1 billion, keeping only a small nascent entertainment portfolio. As CEO of SFX Entertainment, I combined concert promoters around the world and in 2000 sold the enterprise to the broadcaster Clear Channel Communications for $4.4 billion. Clear Channel subsequently spun it out and it now operates as Live Nation. That network of promoters and theaters remains the basis of Live Nation Entertainment's concert division.

8. In 2005, I founded CKX Entertainment, and acquired Elvis Presley Enterprises, Muhammed Ali Enterprises, and the company that owned the Idol franchise around the world, including American Idol. In a series of transactions those businesses were sold for over $1.5 billion.

2

9. In 2012, I re-founded SFX Entertainment, Inc. as a promoter of electronic music festivals. I was Chairman, CEO, and owned about 40% of its shares. SFX Entertainment was the largest global producer of live events and digital entertainment content focused on electronic music culture and other world-class festivals. SFX Entertainment's mission was to provide electronic music fans with the best possible live experiences, music discovery, media and digital connectivity. The company went public in 2013 at a valuation of just over $1 billion.

10. Investors grew impatient with SFX Entertainment's efforts to build a profitable business by attracting corporate sponsors. In 2015, I offered to take the company private at $5.25 a share, valuing the company at $774 million, including its debt. However, as growth continued to slow, problems continued to mount through the fall of 2015 and in August, I was forced to abandon my bid as the company's declining performance made financing the transaction impossible. During this period, I continued to provide the company with credit support in the forms of significant cash contributions and a series of guarantees that allowed the company to continue to operate. On February 1, 2016, following a default under its bonds, SFX Entertainment and certain of its subsidiaries filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

11. I resigned as CEO of SFX Entertainment in March of 2016 and in late 2016, SFX Entertainment emerged from bankruptcy as a privately owned company and its case is closed. SFX Entertainment's plan of reorganization created a litigation trust and the trustee thereof (the "**Litigation Trustee**") is pursuing certain claims of SFX Entertainment against me that were conveyed to the trust. I also have claims for indemnification under SFX Entertainment's D&O policy based upon non-reimbursed legal fees and expenses that I incurred as an officer and director of SFX Entertainment. As of the filing date of the Involuntary Petition, such claims were the

subject of mediation. Although the Litigation Trustee has not commenced an adversary proceeding asserting such claims against me, the Litigation Trustee and I have agreed to toll the statutory period within which the Litigation Trustee must bring such claims.

12. The claims of the Petitioning Creditors are premised upon a judgment to which I ultimately consented based upon my guarantee of an obligation of SFX Entertainment that I had given the Petitioning Creditors. Prior to the filing of the Involuntary Petition, SFX Entertainment unilaterally withdrew its agreement to indemnify me against the Petitioning Creditors' claims as well as its agreement to compensate me for providing such credit support to SFX Entertainment.

13. With a few exceptions, my property consists of interests in limited liability companies, most of which directly or indirectly own an interest in a particular asset or assets. In certain of such companies, I am the sole member; in others, my wife or third parties are members. While most of the limited liability companies own all of the underlying asset(s), some own a percentage of the asset(s).

14. My inability to pay my debts as they have become due is attributable to a lack of liquidity. Thus, the *raison d'etre* of the chapter 11 case is to afford me the opportunity to protect and maintain various assets and make certain investments in existing assets in order to fund a plan of reorganization under which creditors will receive payment in full of their respective allowed claims. Funds to make distributions under the plan will be provided from a combination of sources, including distributions from investments, third-party financing, and, to the extent necessary, the sale of assets.

**Information Required by Local Rule 1007-2**

15. Local Rule 1007-2 requires me to disclose certain information. This information is outlined below and set forth in the schedules attached hereto.

16. Pursuant to Local Rule 1007-2(a)(4), a debtor is required to set forth certain the following information with respect to the holders of its twenty (20) largest unsecured claims, excluding claims of insiders: the creditor's name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), and telephone number; the name(s) of persons(s) familiar with the debtor's accounts, if any; the amount of the claim; and an indication of whether the claim is contingent, unliquidated, disputed, or partially secured. Attached as Exhibit A hereto is a schedule setting forth this information.

17. Pursuant to Local Rule 1007-2(a)(5), a debtor is required to set forth with respect to each of the holders of its five (5) largest secured claims, each secured creditor's name, address, the amount of its claim, a brief description and an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed. Attached as Exhibit B hereto is a schedule setting forth this information.

18. Pursuant to Local Rule 1007-2(a)(6), a debtor is required to set forth a summary of its assets and liabilities. Attached as Exhibit C hereto is a schedule setting forth this information.

19. Pursuant to Local Rule 1007-2(a)(7), a debtor is required to disclose whether any of the debtor's securities are publicly held. Local Rule 1007-2(a)(7) is not applicable to my chapter 11 case.

20. Pursuant to Local Rule 1007-2(a)(8), a debtor is required to set forth a list of all property in the possession or custody of any custodian, public officer, mortgagee, pledgee,

assignee of rents, secured creditor, or agent for any such entity, giving the name, address, and telephone number of such entity, and the location of the court in which any proceeding relating thereto is pending. None of my property is so held.

21. Pursuant to Local Rule 1007-2(a)(9), a debtor is required to set forth a list of the premises owned, leased, or held under other arrangement from which it operates its business. I do not lease or own premises from which I operate my business. However, one of my affiliated entities leases premises located at 902 Broadway, New York, NY from which I operate much of my business.

22. Pursuant to Local Rule 1007-2(a)(10), a debtor is required to disclose the location of its substantial assets, the location of its books and records, and the nature, location, and value of any assets held by the debtor outside the territorial limits of the United States. I own jointly with my wife a townhouse located at 151 East 72 St., New York, NY. The rest of my substantial assets are my interests in limited liability companies, the books and records of which are located at 902 Broadway, New York, NY, and at Morgan Manhattan Storage, 1405 Jerome Avenue, Bronx, NY

23. Pursuant to Local Rule 1007-2(a)(11), a debtor is required to set forth a list of the nature and present status of each action or proceeding, pending or threatened, against it or its property where a judgment against it or a seizure of its property may be imminent. In none of the actions pending or threatened against me is a judgment or seizure of property imminent.

24. Pursuant to Local Rule 1007-2(a)(12), a debtor is required to disclose the names of the individuals who comprise its respective existing senior management, their tenure, and a brief summary of their relevant responsibilities and experience. Local Rule 1007-2(a)(12) is not applicable to my chapter 11 case.

25. Pursuant to Local Rule 1007-2(b)(1), a debtor is required to disclose the estimated amount of weekly payroll to employees (not including officers, directors, and stockholders) for the 30-day period following the filing of its chapter 11 petition. Local Rule 1007-2(b)(1) is not applicable to my chapter 11 case.

26. Pursuant to Local Rule 1007-2(b)(2)(B) and (C) a debtor is required to disclose the amount paid and proposed to be paid to the debtor for services for the thirty day period after the filing of the chapter 11 petition, and any amounts paid or proposed to be paid to any financial or business consultant that I have retained. Within 30 days of the entry of the Order for Relief, I expect to be paid $2,917 for services I provide as Chief Executive Officer of Function(X), Inc. Commencing April 15, 2018, I expect to be paid $242,000 monthly in connection with my services to Fintech Co. I do not expect to pay any amount within 30 days of the Order for Relief to any financial or business consultant.

27. Pursuant to Local Rule 1007-2(b)(3), a debtor also is required to disclose for the 30-day period following the filing of its chapter 11 petition, a list of its estimated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue that remain unpaid, other than professional fees. Local Rule 1007-2(b)(3) is not applicable to my case.

Dated: New York, New York
March 20, 2018

/s/ Robert F.X. Sillerman
Robert F.X. Sillerman