UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re

Robert Francis Xavier Sillerman                    Chapter 11
aka Robert F.X. Sillerman,
aka Robert F. Sillerman,                           Case No. 17-13633 (MKV)
aka Robert X. Sillerman,

                        Debtor.
-----------------------------------------------------------x

### DECLARATION OF ROBERT F.X. SILLERMAN
### IN SUPPORT OF MOTION TO RETAIN CASTLE PLACEMENT, LLC

       Robert F.X. Sillerman declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

       1.     I am the debtor and debtor in possession in the above-captioned chapter 11 case.

       2.     I submit this Declaration in support of my motion dated May 1, 2018 (the "**Motion**") for entry of an order authorizing me to cause RFXS, LLC, a non-debtor affiliated entity, to retain Castle Placement, LLC pursuant to sections 105 and 363 of title 11 of the United States Code, and for such and further relief as the Court may deem just and proper.

       3.     Except as set forth below, all facts set forth in this Declaration are based upon my personal knowledge. If called upon to testify, I would testify competently to the facts set forth below.

4. I hereby adopt as my own statements, each of the statements of fact set forth in the Motion.

5. As my counsel has made clear to this Court, it has been and remains my intention to obtain financing of up to $35 million in order to continue to invest in certain initiatives described in the Motion.

6. I have, since the commencement of this case, been pursuing third parties who would be able to provide the necessary financing. A list of these parties is appended to the engagement letter as Schedule V. In the event financing is procured from any of these parties, Castle Placement would not be entitled to a fee.

7. In late March of this year I determined to proceed with the retention of Castle Placement because they occupy a position in the finance marketplace of soliciting third parties interested in providing the financing. Castle Placement has informed me that, unlike a merchant bank, it is not in the business of investing its own funds.

8. I understand that Castle Placement maintains a large data base of potential lenders from whom it solicits financial accommodations in one form or another for its clients. Castle Placement thus provides me with the opportunity to canvass a much larger universe of potential lenders than I could ever have access to on my own. Castle Placement designs, implements and supervises the solicitation process. It creates a virtual data room for potential investor due diligence, subject to investor execution of a non-disclosure agreement. Familiar with my financial affairs, Castle Placement assists potential investors in the entire process

9. Castle Placement's mandate is to procure a "Transaction," defined in the agreement as the proposed offering and sale of "Investments," which are defined as any "transaction involving Company, including without limitation an equity or debt investment, management agreement, asset management structure, fund, consulting arrangement, merger, acquisition, loan, joint venture, asset purchase/sale, one-off or special purpose vehicle transaction, ICO or cryptocurrency, partnership, fee agreement, licensing or servicing agreement."

10. Castle Placement's role is similar to that of a broker. Like a broker, their entitlement to payment of a fee is contingent on a closing of a Transaction. A Transaction, whether ultimately structured as my own direct borrowing as debtor in possession financing under section 364 of the Bankruptcy Code, or a use of estate property under section 363 of the Bankruptcy Code, will, of course, be subject to this Court's approval on appropriate notice to creditors. And in the event of such approval and a closing, they will be paid only out of the Transaction proceeds, not from my existing bankruptcy estate.

11. During discussions with other lenders, they have favored a structure whereby a loan would be made not to me directly, but to a special purpose bankruptcy remote entity that I would own. For this reason, the counterparty in the Castle Placement agreement is RFXS, LLC, an inactive limited liability company that I wholly own. However, the identity of the actual borrower will be determined once the architecture of the Transaction takes form based upon investor preference.

12. Under the circumstances, I believe the retention of Castle Placement represents the most efficient means, in terms of both time and expense, for me to obtain the necessary financing and set the stage for confirmation of a plan of reorganization, and I therefor respectfully request that this Court grant the Motion.

Dated: New York, New York
May 31, 2018

_____
Robert F.X. Sillerman