**Presentment Date:  August 16, 2018**
**Time:  12:00 p.m.**

ROSEN & ASSOCIATES, P.C.
Attorneys for the Debtor
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re

Robert Francis Xavier Sillerman                         Chapter 11
aka Robert F.X. Sillerman,
aka Robert F. Sillerman,                                Case No. 17-13633 (MKV)
aka Robert X. Sillerman,

                              Debtor.
-----------------------------------------------------------x


**DEBTOR'S MOTION FOR THE ENTRY OF AN ORDER,**
**PURSUANT TO SECTIONS 105, 501, AND 502(b)(9) OF THE BANKRUPTCY**
**CODE AND RULE 3003(c) OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE, (A) FIXING THE LAST DATE TO FILE PROOFS OF CLAIM AND**
**(B) APPROVING THE FORM AND MANNER OF THE BAR DATE NOTICE**

TO THE HONORABLE MARY KAY VYSKOCIL,
UNITED STATES BANKRUPTCY JUDGE:

                    Robert F.X. Sillerman, aka Robert F. Sillerman, aka Robert X. Sillerman,

improperly named in the involuntary petition commencing this case as Robert Francis Xavier

Sillerman,[1] the above captioned debtor and debtor in possession ("**Mr. Sillerman**" or the

"**Debtor**"), by his counsel, Rosen & Associates, P.C., respectfully represents:

---

[1] Mr. Sillerman has never been known as Robert Francis Xavier Sillerman.

## PRELIMINARY STATEMENT

1.      By this Motion (the "**Motion**"), the Debtor seeks the entry of an order, pursuant to sections 105, 501, and 502(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3003(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 3003-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim of the United States Bankruptcy Court for the Southern District of New York (the "**Bar Date Guidelines**"), substantially in the form annexed hereto as Exhibit "A" (the "**Bar Date Order**"), (a) fixing September 28, 2018 at 5:00 p.m. (prevailing Eastern Time) as the deadline (the "**Bar Date**") for each person or entity, including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units (as that term is defined in section 101(27) of the Bankruptcy Code) to file a proof of claim ("**Proof of Claim**") in respect of a "claim," as that term is defined in section 101(5) of the Bankruptcy Code ("**Claim**"), against the Debtor, and (b) approving the form of notice of the Bar Date (the "**Bar Date Notice**") and mailing procedures.

## JURISDICTION

2.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On December 27, 2017 (the "**Petition Date**"), React Presents, Inc., Clubtix, Inc., Lucas King, and Jeffrey Callahan (collectively, the "**Petitioning Creditors**") filed an involuntary petition under chapter 7 of the Bankruptcy Code (the "**Involuntary Petition**")

against Mr. Sillerman.  Pursuant to a stipulation by and between the Petitioning Creditors and

Mr. Sillerman, February 2, 2018 was fixed as the date by which Mr. Sillerman was required to

respond to the Involuntary Petition.

4.      Mr. Sillerman responded by consenting to the entry of an order for relief

and moving to convert his case to one under chapter 11 of the Bankruptcy Code.  No objections

to the motion were filed, and after a hearing on the motion was convened on February 28, 2018,

this Court entered an order for relief that also converted Mr. Sillerman's case to one under

chapter 11 on March 1, 2018 (the "**Order for Relief Date**").

5.      The Debtor has continued to operate his businesses and manage his

properties and affairs as debtor and debtor in possession pursuant to sections 1107 and 1108 of

the Bankruptcy Code.

6.      To date, no trustee, examiner, or creditors' committee has been appointed.

## RELIEF REQUESTED

7.      By this Motion, the Debtor seeks the entry of the Bar Date Order (a) fixing

September 28, 2018 at 5:00 p.m. (prevailing Eastern Time) as the Bar Date and (b) approving the

Bar Date Notice and mailing procedures.

8.      The Debtor believes that it is essential to his confirmation process to

promptly identify, review, and, if necessary, object to Claims against his chapter 11 estate.  The

relief sought herein is necessary to accomplish these goals.

9.      The Debtor believes that the notice procedures set forth below provide

creditors with sufficient notice and time within which to file Proofs of Claim in this chapter 11

case.

10.    <u>Creditors Who Must File Proofs of Claim by the Bar Date</u>.  The Bankruptcy Code defines the term "creditor" as "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor". 11 U.S.C. § 101(10).  In a voluntary case, the filing of the petition constitutes an order for relief under the chapter under which the petition was filed. 11 U.S.C § 301.  However, here, the order for relief was entered about two months following the filing of the Involuntary Petition.

11.    Section 502(f) of the Bankruptcy Code addresses the treatment of claims which arose after the filing of the petition but before entry of the order for relief date in an involuntary case.  The statute provides, in relevant part, that "in an involuntary case, a claim arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before … the order for relief shall be determined as of the date such claim arises, and shall be allowed … the same as if such claim had arisen before the date of the filing of the petition."  11 U.S.C. § 502(f).

12.    In view of the foregoing, the Debtor requests that any person or entity including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units, asserting Claims against the Debtor which arose before the Order for Relief Date, and are not of the types of claim described in paragraph 13 below, be required to file Proofs of Claim on or before the Bar Date.

13.    <u>Exclusions of Certain Claims From Needing to File a Proof of Claim by the Bar Date</u>.  The Debtor requests that, at this time, persons or entities asserting Claims against the Debtor of the types that are set forth below be excused from filing Proofs of Claim:

> (a)    Any person or entity that already has properly filed a Proof of Claim against the Debtor with the Clerk of this Court in a form substantially similar to Official Bankruptcy Form No. 410;

4

(b)     Any person or entity whose Claim is listed on the Debtor's Schedules of Assets and Liabilities and/or Schedule of Executory Contracts and Unexpired Leases (the "**Schedules**"),[2] provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; and (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules;

(c)     Any person or entity that holds a Claim that has been allowed by an order of this Court entered on or before the Bar Date;

(d)     Any person or entity whose Claim has been paid in full by the Debtor;

(e)     Any holder of a Claim for which a specific deadline previously has been fixed by this Court; and

(f)     Any holder of a Claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration in the Debtor's chapter 11 case.

14.     <u>Rejection Claims</u>.  The Debtor also requests that any person or entity, including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units, that holds a Claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of the Bar Date Order, must file a Proof of Claim based on such rejection on or before the Bar Date, and any person or entity that holds a Claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of the Bar Date Order, must file a Proof of Claim on or before such date as the Court may fix in the applicable order authorizing such rejection.  Any other Claims arising under any other lease or contract must be filed by the Bar Date.

15.     <u>Amended or Supplemental Schedules</u>.  If the Debtor amends or supplements the Schedules subsequent to the entry of the Bar Date Order, the Debtor shall give

---

[2] Any person or entity that relies on the Schedules bears the responsibility to determine that its Claim is listed accurately therein.

notice of any amendment or supplement to the holders of Claims affected thereby, and such

holders shall be afforded thirty (30) days from the date of such notice to file Proofs of Claim in

respect of their Claims or be barred from doing so, and shall be given notice of such deadline.

16.    Debtor's Reservation of Rights.  The Debtor further proposes that he shall

retain the right to (a) dispute, or assert offsets against or defenses to, any filed Claim or any

Claim listed or reflected in his Schedules as to nature, amount, liability, classification, or

otherwise or (b) subsequently designate any Claim as disputed, contingent, or unliquidated;

provided, however, that if the Debtor amends his Schedules to reduce the undisputed, non-

contingent, and liquidated amount or to change the nature or classification of a Claim against the

Debtor reflected therein, then the affected claimant shall have until the later of (i) the Bar Date,

or (ii) thirty (30) days after the date that said entity is served with notice of the amendment of the

Schedules to file a Proof of Claim or to amend any previously filed Proof of Claim in respect of

such amended scheduled Claim.  Notwithstanding the foregoing, nothing set forth herein would

preclude the Debtor from objecting to any Claim whether scheduled or filed, on any grounds,

unless the Debtor is barred from doing so by another order of this Court.

17.    Bar Date Notice.  In accordance with the Bar Date Guidelines, the

proposed Bar Date Notice is substantially similar to the form notice annexed thereto.  Among

other things, the proposed Bar Date Notice (a) identifies the Bar Date, (b) includes detailed

instructions for preparing and filing a timely and accurate Proof of Claim, (c) lists the parties

who are required to file a Proof of Claim (d) lists the parties who are not required to file a Proof

of Claim, (e) describes the consequences of failing to file a Proof of Claim in accordance with

the Bar Date Order and Bar Date Guidelines, and (f) provides creditors with the name and

telephone number of the person to whom questions may be addressed and from whom additional

6

information may be obtained.  A copy of the proposed Bar Date Notice is annexed hereto as

Exhibit "B."

18.     <u>The Proof of Claim Form</u>.  The Debtor proposes to serve with the Bar

Date Notice a Proof of Claim Form that is substantially similar to Official Bankruptcy Form No.

410.

19.     <u>Procedure for Filing Proofs of Claim</u>.  The Debtor requests that this Court

direct that the following procedures for filing Proofs of Claim shall apply:

(a)     Proofs of Claim shall conform substantially to Official Bankruptcy
Form No. 410;

(b)     Attorneys (with full access accounts) and employees of
institutional creditors (with limited access accounts) should file
Proofs of Claim electronically on this Court's Case
Management/Electronic Case Filing ("**CM/ECF**") system.  Those
without accounts with the CM/ECF may create and electronically
file their Proofs of Claim through the "File A Proof of Claim" link
on this Court's website, www.nysb.uscourts.gov, or by mailing or
delivering their original Proof of Claim, including supporting
documentation, so as to be **actually received** by the Clerk of this
Court on or before the Bar Date, in accordance with the Bar Date
Order, to the following address:

Clerk of the Court
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 534
New York, NY 10004-1408;

(c)     Proofs of Claim must: (i) be signed; (ii) include supporting
documentation (if voluminous, attach a summary) or an
explanation as to why documentation is not available; (iii) be in the
English language; and (iv) be denominated in United States
currency.

20.     <u>Service of the Bar Date Notice</u>.  The Debtor proposes to serve the Bar

Date Notice by first class mail at least thirty-five (35) days prior to the Bar Date upon:

(a)     the United States Trustee for Region 2;

(b)      all persons or entities that have requested notice of the proceedings in the Debtor's chapter 11 case;

(c)      all persons or entities that have filed a Claim in the Debtor's case;

(d)      all creditors and other known holders of a Claim in the Debtor's case as of the date of the Bar Date Order, including all persons or entities listed in the Schedules as holding a Claim;

(e)      all parties to an executory contract and/or unexpired lease of the Debtor;

(f)      all parties to litigation with the Debtor;

(g)      the Internal Revenue Service for this district, and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units;

(h)      such additional persons and entities as deemed appropriate by the Debtor.

21.    <u>Publication of Notice is Not Required</u>.  Because the Debtor has few creditors and the identity of such creditors is known or is reasonably ascertainable, the Debtor believes that publication of notice of the Bar Date is not necessary or cost-efficient.  Moreover, the Debtor believes that mailing the Bar Date Notice and Proof of Claim form as described above is sufficient under due process standards because it is "reasonably calculated under the circumstances to apprise an interested party of the pendency of the [bankruptcy case and the Bar Date]," *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Accordingly, the Debtor respectfully requests that this Court approve the notice procedures set forth herein and the proposed Bar Date Notice without requiring the Debtor to publish such notice.

**BASIS FOR RELIEF**

22.     Pursuant to section 105 of the Bankruptcy Code, this Court is authorized to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

23.     The Bankruptcy Code and the Bankruptcy Rules do not specify a time by which proofs of claim must be filed in chapter 11 cases, except that section 502(b)(9) of the Bankruptcy Code indicates that governmental units cannot be required to file proofs of claim earlier than 180 days after the date of entry of the order for relief. *See* 11 U.S.C. § 502(b)(9). Bankruptcy Rule 2002(a)(7) requires that a debtor provide claimants with at least twenty-one (21) days' notice by mail of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c). Fed. R. Bankr. P. 2002(a)(7). Bankruptcy Rule 3003(c)(3) provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed R. Bankr. P. 3003(c)(3). The Bar Date Guidelines suggest that a bar date should be at least (35) days after the mailing of notice of such bar date. *See* Bar Date Guidelines ¶3. Additionally, Bankruptcy Rule 9007 authorizes the Court to "designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."

24.     The Debtor respectfully submits that the notice procedures proposed herein and the form of the proposed Bar Date Order and Bar Date Notice comply with all applicable provisions of the Bankruptcy Code and Bankruptcy Rules relating to the establishment of bar dates and providing notice thereof, and all applicable requirements set forth in the Bar Date Guidelines. The Bar Date Notice and the Bar Date Order were modeled on the forms attached to the Bar Date Guidelines.

25.    Accordingly, the Court should approve of such notice procedures, approve

the form of the Bar Date Notice, and enter an order establishing the Bar Date and notice

procedures substantially in the form annexed hereto as Exhibit "A."

## NOTICE

26.    The Debtor shall serve this Motion and notice of the presentment of the

order sought hereby upon (a) the Office of the United States Trustee for Region 2, (b) the

Debtor's twenty (20) largest creditors, and (c) all persons who have served and filed a notice of

appearance and request for service of papers in this case.  The Debtor respectfully submits that

no other or further notice is necessary.

## NO PRIOR REQUEST

27.    No prior request for the relief sought in this Motion has been made to this

or any other Court.

WHEREFORE, the Debtor respectfully requests that this Court enter an order,

substantially in the form of the proposed Bar Date Order annexed hereto as Exhibit "A," granting

the relief sought in this Motion, and grant such other and further relief as it may deem just and

proper.

Dated:  New York, New York
         July 31, 2018

ROSEN & ASSOCIATES, P.C.
Attorneys for the Debtor
 and Debtor in Possession

By:  /s/ Sanford P. Rosen
      Sanford P. Rosen

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100

# EXHIBIT A

**Presentment Date:  August 16, 2018**
**Time:  12:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re

Robert Francis Xavier Sillerman                    Chapter 11
aka Robert F.X. Sillerman,
aka Robert F. Sillerman,                                 Case No. 17-13633 (MKV)
aka Robert X. Sillerman,

                                   Debtor.
------------------------------------------------------------x

**ORDER, PURSUANT TO SECTIONS 105, 501, AND 502(b)(9) OF THE BANKRUPTCY**
**CODE AND RULE 3003(c) OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE, (A) FIXING THE LAST DATE TO FILE PROOFS OF CLAIM AND**
**(B) APPROVING THE FORM AND MANNER OF THE BAR DATE NOTICE**

Upon the Motion (the "**Motion**") dated July 31, 2018 of Robert F.X. Sillerman,

aka Robert F. Sillerman, aka Robert X. Sillerman,  improperly named in the involuntary petition

commencing this case as Robert Francis Xavier Sillerman[1], the above-captioned debtor and

debtor in possession (the "**Debtor**"), for an order, pursuant to sections 105, 501, and 502(b)(9) of

title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3003(c) of the Federal Rules

of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 3003-1 of the Local Bankruptcy

Rules for the Southern District of New York (the "**Local Rules**"), and the Procedural Guidelines

for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim of the United

States Bankruptcy Court for the Southern District of New York (the "**Bar Date Guidelines**") (a)

fixing September 28, 2018 at 5:00 p.m. (prevailing Eastern Time) as the deadline (the "**Bar**

**Date**"), by which proofs of claim against the Debtor for claims arising prior to March 1, 2018

---

[1] Mr. Sillerman has never been known as Robert Francis Xavier Sillerman.

(the "**Order for Relief Date**"), must be filed and (b) approving the form of notice of the Bar

Date (the "**Bar Date Notice**"), and mailing procedures; and the Court having jurisdiction to

consider and determine the Motion as a core proceeding in accordance with 28 U.S.C. §§ 157

and 1334; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Motion having been given; and it appearing that no other or further

notice of the Motion need be given; and after due deliberation and good and sufficient cause

appearing therefor; it is hereby

ORDERED, that except as otherwise provided herein, all persons and entities

(including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and

governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code,

against the Debtor which arose prior to the Order for Relief Date, shall file a proof of such claim

in writing or electronically on the Court's website at www.nysb.uscourts.gov so that it is

received on or before the Bar Date of September 28 at 5:00 p.m.; and it is further

ORDERED, that the following procedures for the filing of proofs of claim shall

apply:

(a) Proofs of claim must conform substantially with Official Bankruptcy Form

No. 410;

(b) Attorneys (with full access accounts) and employees of institutional creditors

(with limited access accounts) should file proofs of claim electronically on the

Court's Case Management/Electronic Case File ("**CM/ECF**") system.  Those

without accounts with the CM/ECF system may electronically create and file

proofs of claim through the "File A Proof of Claim" link on the Court's

website at www.nysb.uscourts.gov or by mailing or delivering their original

2

proof of claim, with supporting documentation, so as to be **actually received**

**by the Clerk of the Court** on or before the Bar Date, to the following

address:

> Clerk of the Court
> United States Bankruptcy Court
> Southern District of New York
> One Bowling Green, Room 534
> New York, NY 10004-1408;

(c) Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the

Bankruptcy Court;

(d) Proofs of claim must (i) be signed; (ii) include supporting documentation (if

voluminous, attach a summary) or an explanation as to why documentation is

not available; (iii) be in the English language; and (iv) be denominated in

United States currency; and it is further

ORDERED, that the following persons or entities need not file a proof of claim

on or prior to the Bar Date:

(a) Any person or entity that has already filed a proof of claim against the Debtor

in a form substantially similar to Official Bankruptcy Form No. 410;

(b) Any person or entity whose claim is listed on the Schedules of Assets and

Liabilities and/or Schedule of Executory Contracts (collectively, the

"**Schedules**") filed by the Debtor, provided that (i) the claim is <u>not</u> scheduled

as "disputed," "contingent," or "unliquidated"; <u>and</u> (ii) the claimant does not

disagree with the amount, nature, and priority of the claim as set forth in the

Schedules;

(c) Any holder of a claim that heretofore has been allowed by order of this Court;

3

(d)  Any person or entity whose claim has been paid in full by the Debtor;

(e)  Any holder of a claim for which specific deadlines have previously been fixed by this Court; and

(f)  Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration; and it is further

ORDERED, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

ORDERED, that if the Debtor amends or supplements the Schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims and shall be given notice of such deadline; and it is further

ORDERED, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not

4

be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

ORDERED, that a copy of the notice substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient notice of the Bar Date if served by first class mail at least thirty-five (35) days prior to the Bar Date on:

(a) The United States Trustee;

(b) All persons or entities that have requested notice of the proceedings in this chapter 11 case;

(c) All persons or entities that have filed claims;

(d) All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(e) All parties to executory contracts and unexpired leases of the Debtor;

(f) All parties to litigation with the Debtor;

(g) The Internal Revenue Service for this district and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and

(h) Such additional persons and entities as deemed appropriate by the Debtor; and it is further

ORDERED, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that their claim is accurately listed in the Schedules; and it is further

ORDERED, that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED, that entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated:  New York, New York
          _____ , 2018

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re

Robert Francis Xavier Sillerman                    Chapter 11
aka Robert F.X. Sillerman,
aka Robert F. Sillerman,                           Case No. 17-13633 (MKV)
aka Robert X. Sillerman,




                          Debtor.
------------------------------------------------------------x


### NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE SEPTEMBER 28, 2018, AND FILING PROCEDURES IN THE ABOVE-CAPTIONED CHAPTER 11 CASE

**TO ALL PERSONS AND ENTITIES WITH CLAIMS**
**AGAINST ROBERT F.X. SILLERMAN:**

The United States Bankruptcy Court for the Southern District of New York (the

"**Bankruptcy Court**") has entered an Order (the "**Bar Date Order**") establishing **September**

**28, 2018 at 5:00 p.m.** (prevailing Eastern Time) as the last date (the "**Bar Date**") for each

person or entity (including individuals, partnerships, corporations, joint ventures, trusts, and

governmental units) to file a proof of claim against Robert F.X. Sillerman, aka Robert F.

Sillerman, aka Robert X. Sillerman,  improperly named in the involuntary petition commencing

this case as Robert Francis Xavier Sillerman[1], the above-captioned debtor and debtor in

possession (the "**Debtor**").

The Bar Date and the procedures set forth below for filing proofs of claim apply to

holders of all claims against the Debtor that arose before March 1, 2018 (the "**Order for Relief**

---
[1] Mr. Sillerman has never been known as Robert Francis Xavier Sillerman.

Date"), the date on which this Court entered the order for relief and converted the chapter 7 case

to one under chapter 11 of the Bankruptcy Code. The Bar Date and the proceedings set forth

below do not apply to those holders of the claims listed in Section 4 below.

## 1.    WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a proof of claim to vote on a chapter 11 plan filed by the Debtor

(or other plan proponent) or to share in distributions from the Debtor's bankruptcy estate if you

have a claim that arose prior to the Order for Relief Date, and it is not one of the types of claim

described in section 4 below.  Claims based on acts or omissions of the Debtor that occurred

before the Order for Relief Date, must be filed on or prior to the Bar Date, even if such claims

are not now fixed, liquidated or certain, or did not mature or become fixed, liquidated or certain

before the Order For Relief Date.

Under section 101(5) of the Bankruptcy Code, and as used in this Notice, the

word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment,

liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal,

equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance

if such breach gives rise to a right to payment, whether or not such right to an equitable remedy

is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or

unsecured.

## 2.    WHAT TO FILE

Your filed proof of claim must conform substantially to Official Bankruptcy Form

No. 410.  The Debtor has enclosed a proof of claim form with this Notice.  Additional proof of

claim forms may be obtained at http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim-0,

or by contacting the Debtor's attorneys, Rosen & Associates, P.C., 747 Third Avenue, New

York, NY 10017-2803.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not

an individual, by an authorized agent of the claimant.  It must be written in English and be

denominated in United States currency.  You should attach to your completed proof of claim any

documents on which the claim is based (if voluminous, attach a summary) or an explanation as

to why the documents are not available.

Your proof of claim form must not contain complete social security numbers or

taxpayer identification numbers (only the last four digits), a complete birth date (only the year),

the name of a minor (only the minor's initials) or a financial account number (only the last four

digits of such financial account).

## 3.        WHEN AND WHERE TO FILE

Except as provided for herein, all proofs of claim must be filed so as to be

<u>**received**</u> **on or before September 28 at 5:00 p.m. (prevailing Eastern Time)**.

Attorneys (with full access accounts) and employees of institutional creditors

(with limited access accounts) should file proofs of claim electronically on the Court's Case

Management/Electronic Case File ("**CM/ECF**") system.  Those without accounts for the

CM/ECF system may create and electronically file their proofs of claim through the "File A

Proof of Claim" link on the Bankruptcy Court's website, www.nysb.uscourts.gov, or by mailing

or delivering the original proof of claim to the Bankruptcy Court at the address provided below:

> **Clerk of the Court**
> **United States Bankruptcy Court**
> **Southern District of New York**
> **One Bowling Green, Room 534**
> **New York, NY 10004-1408**

Proofs of claim will be deemed filed only when <u>received</u> by the Bankruptcy Court.  Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

**4.      WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a proof of claim on or prior to the Bar Date if you are:

(a)      A person or entity that has already filed a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(b)      A person or entity whose claim is listed on the Debtor's Schedules of Assets and Liabilities and/or Schedule of Executory Contracts and Unexpired Leases (collectively, the "**Schedules**") if (i) the claim is <u>not</u> scheduled as "disputed," "contingent," or "unliquidated" <u>and</u> (ii) you do not disagree with the amount, nature, and priority of the claim as set forth in the Schedules;

(c)      A holder of a claim that has previously been allowed by order of the Bankruptcy Court;

(d)      A holder of a claim that has been paid in full by the Debtor;

(e)      A holder of a claim for which a specific deadline has previously been fixed by the Bankruptcy Court; or

(f)      A holder of a claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate.

4

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim or that the Debtor or the Court believes that you have a claim against the Debtor.

5.      **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before _____, the date of entry of the Bar Date Order, you must file a proof of claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Date Order, you must file a proof of claim with respect to such claim by the date fixed by the Bankruptcy Court in the applicable order authorizing rejection of such contract or lease.

6.      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CASE AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CLAIM.

7.      **THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules. If you rely on the Debtor's Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor's Schedules are available for inspection on the Bankruptcy Court's website at http://www.nysb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Electronic Court Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time), Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 534, New York, NY 10004-1408. Copies of the Debtor's Schedules may also be obtained by written request to the Debtor's counsel at the address set forth below:

ROSEN & ASSOCIATES, P.C.
747 Third Avenue
New York, NY 10017-2803
Attn.: Sanford P. Rosen, Esq.
(212) 223-1100

**A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file a proof of claim.**

6

Dated:  New York, New York          **BY ORDER OF THE COURT**
_____, 2018

ROSEN & ASSOCIATES, P.C.
Attorneys for the Debtor
 and Debtor in Possession
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100