Eric D. Madden, Esq. (*pro hac vice*)
REID COLLINS & TSAI LLP
1601 Elm Street, 42nd Floor
Dallas, Texas 75201
214.420.8900 (Phone)
214.420.8909 (Fax)
emadden@rctlegal.com

Yonah Jaffe, Esq.
REID COLLINS & TSAI LLP
810 Seventh Avenue, Suite 410
New York, NY 10019
212-344-5200 (Phone)
212-344-5299 (Fax)
yjaffe@rctlegal.com

*Counsel to Dean Ziehl, as Litigation Trustee
of the SFX Litigation Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| Robert Francis Xavier Sillerman<br>*aka* Robert F.X. Sillerman<br>*aka* Robert F. Sillerman<br>*aka* Robert X. Sillerman, | Case No. 17-13633-mkv |
| Debtor. | |

-----------------------------------------------------------X

**MOTION OF DEAN ZIEHL, AS LITIGATION TRUSTEE OF THE
SFX LITIGATION TRUST, FOR AN ORDER DIRECTING HIS APPOINTMENT
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
PURSUANT TO 11 U.S.C. §§ 105(a) AND 1102(a)(4)**

Dean Ziehl, as Litigation Trustee of the SFX Litigation Trust (the "SFX Trustee"), hereby moves this Court for an order directing his appointment to the Official Committee of Unsecured Creditors (the "Committee") pursuant to 11 U.S.C. §§ 105(a) and 1102(a)(4), and respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Debtor faces substantial tort-related claims by multiple creditors, including the SFX Trustee. Indeed, the SFX Trustee—who holds a $160 million tort-related claim—is one of the Debtor's largest unsecured creditors. The Debtor, moreover, predicates his entire proposed plan on negotiating a settlement of these tort-related claims, including the SFX Trustee's claim. Yet the Committee does not include any creditors holding such claims. Instead, the Committee includes two creditors with relatively simple contract-based claims. Accordingly, the SFX Trustee seeks appointment to the Committee because it does not adequately represent tort-related creditors pursuant to 11 U.S.C. §§ 105(a) and 1102(a)(4).

2. This appointment makes good sense for many reasons. First, this appointment gives tort-related creditors a much-needed voice on the Committee. Second, this appointment enhances the Committee's ability to function by adding a well-qualified member with decades of experience in complex tort-related bankruptcy cases, thereby eliminating the risk of deadlock among the Committee's two existing members. Third, this appointment strengthens the prospect of a consensual resolution of tort-related claims, thereby satisfying the contingency built into the Debtor's proposed plan. Fourth, this appointment is affirmatively supported by the Debtor, and the Committee's existing creditors have no objection to expanding the Committee in this manner. Finally, this appointment would cause no delays or additional costs.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

**BACKGROUND**

4.     This case was commenced more than a year ago. On December 26, 2017, an involuntary chapter 7 petition was filed against Robert F.X. Sillerman (the "Debtor").[1] The Debtor did not respond to that petition until February 2, 2018, when he filed a motion seeking conversion of the involuntary chapter 7 case into a voluntary chapter 11 case.[2] The Debtor's conversion motion was granted by the Court on March 1, 2018.[3]

5.     Shortly thereafter, the Debtor filed disclosures regarding his assets and liabilities. First, on March 16, 2018, the Debtor filed his bankruptcy schedules, which disclosed that he has nearly $58 million in secured liabilities, more than $60 million in unsecured liabilities, and more than $550 million in assets.[4] Then, on March 20, 2018, the Debtor filed a list of his creditors with the 20 largest unsecured claims against him.[5] Those claims ranged from $107,778 to $35 million, with a median of approximately $1.4 million.

6.     On March 29, 2018, the United States Trustee sent questionnaires to the Debtor's unsecured creditors to solicit interest in serving on a creditors committee. Several creditors responded by submitting questionnaires to the United States Trustee. The SFX Trustee submitted his completed questionnaire to the United States Trustee on April 18, 2018.[6] The SFX Trustee's counsel then contacted the United States Trustee's counsel in May and June 2018 to reiterate the

---

[1] Docket No. 1.
[2] Docket No. 6.
[3] Docket No. 26.
[4] Docket No. 29.
[5] Docket No. 37-1.
[6] *See Declaration of Yonah Jaffe in Support of Motion of Dean Ziehl, as Litigation Trustee of the SFX Litigation Trust, for an Order Directing His Appointment to the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 105(a) and 1102(a)(4)* ("Jaffe Decl.") ¶ 4 & Ex. A.

3

SFX Trustee's desire for, and willingness to serve on, a committee in this case.[7] Counsel for other creditors likewise contacted the United States Trustee's counsel to make this same point with respect to their own clients.[8] The United States Trustee, however, did not appoint a committee at that time.

7.  On September 26, 2018, the SFX Trustee filed his proof of claim,[9] which asserted a $160 million unsecured claim related to alleged breaches of fiduciary duty and other misconduct by the Debtor as an officer, director, and controlling shareholder of SFX Entertainment, Inc. ("SFX"), a public company that plummeted from a $1 billion valuation to filing bankruptcy two years later.[10] Many former SFX shareholders filed similar claims asserting tort-related damages against the Debtor.[11] Other creditors also filed claims asserting tort-related damages against the Debtor arising from his role as an officer, director, and shareholder of another public company.[12]

8.  On January 10, 2019, during a hearing in which the Court and several creditors lamented the lack of a committee in this case, the United States Trustee indicated that he would consider forming one. The SFX Trustee promptly resubmitted his questionnaire to the United States Trustee shortly after that hearing.[13]

9.  On January 11, 2019, the United States Trustee formed the Committee, appointing two creditors as its members: (a) VistaJet US, Inc. (with an unsecured claim for $3.76 million); and

---

[7] *See* Jaffe Decl. ¶¶ 5-6 & Ex. B. On June 1, 2018, the SFX Trustee's counsel asked the United States Trustee's counsel whether he had any questions about the SFX Trustee's eligibility to serve on a committee. *See id.* ¶ 6. The United States Trustee's counsel responded that he had no such questions. *See id.*

[8] *See, e.g.*, Docket No. 66 at 3 (describing efforts by unsecured creditors to have a committee appointed).

[9] *See* Claim No. 38; *see also* Jaffe Decl. ¶ 7 & Ex. C (attaching the SFX Trustee's proof of claim).

[10] *See* Claim No. 38. The SFX Trustee was appointed, and the SFX Litigation Trust was created, pursuant to SFX's chapter 11 plan, which was confirmed by the United States Bankruptcy Court for the District of Delaware on November 15, 2016. *See In re SFX Entertainment, Inc.*, Case No. 16-10238-MFW (Bankr. D. Del.) (Docket No. 1293).

[11] *See, e.g.,* Claim No. 35 (securities fraud claims by a putative class of former SFX shareholders); Claim No. 37 (same); Claim No. 48 (fraud and negligent misrepresentation claims by a former SFX shareholder); Claim No. 49 (same); Claim No. 50 (same); Claim No. 51 (same); Claim No. 52 (same); Claim No. 53 (same); Claim No. 54 (same).

[12] *See* Claim No. 55 (breach of fiduciary duty claims by a putative class of former Function(x) shareholders).

[13] *See* Jaffe Decl. ¶ 8 & Ex. D.

4

(b) ID Wheel (FL) LLC (with an unsecured claim for $35 million).[14] Shortly thereafter, the SFX Trustee's counsel contacted the United States Trustee's counsel, requesting an explanation as to why the SFX Trustee, one of the Debtor's largest unsecured creditors, was not appointed to the Committee.[15] The United States Trustee's counsel declined to provide an explanation, but invited the SFX Trustee to submit a letter requesting an explanation.[16] The SFX Trustee submitted such a letter on January 14, 2019, but the United States Trustee has not responded to that letter.[17]

## ARGUMENT

10. The SFX Trustee—who holds a $160 million unsecured claim—is one of the Debtor's largest unsecured creditors.[18] Section 1102(b)(2) of the Bankruptcy Code states:

> A committee of creditors . . . shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor of the kinds represented on such committee . . . .[19]

Thus, in the ordinary course, the United States Trustee should have appointed the SFX Trustee to the Committee. The United States Trustee failed not only to make that appointment, but also to provide any explanation or rationale for this failure.

11. This Court may order that the SFX Trustee be appointed to the Committee pursuant to 11 U.S.C. § 1102(a)(4), which provides:

> On request of a party in interest and after notice and a hearing, the court may order the United States trustee to change the membership of a committee appointed under this subsection, if the court determines that the change is necessary to ensure adequate representation of creditors . . . .[20]

---

[14] Docket No. 177.
[15] See Jaffe Decl. ¶ 9.
[16] See id.
[17] See id. ¶ 9 & Ex. E.
[18] According to the claims register, the SFX Trustee is the Debtor's largest unsecured creditor.
[19] 11 U.S.C. § 1102(b)(2). This provision—though admittedly precatory and nonbinding—serves an important purpose. It helps a debtor effectively reorganize by ensuring that the largest creditors who have a voting influence on a proposed plan of reorganization are integrally involved with the chapter 11 process.
[20] 11 U.S.C. § 1102(a)(4).

5

Upon a request under section 1102(a)(4), the Court "must necessarily conduct an independent review of whether there is adequate representation by an existing committee."[21]

12.  In conducting this review, the Court should consider the following factors: (a) the ability of the Committee to function; (b) the nature of the case; (c) the standing and desires of the various constituencies; (d) the ability of creditors to participate in the case; (e) the potential for different classes to be treated differently under a plan and to need representation; (f) the motivation of the movant; (g) the delay and additional cost of granting the motion; (h) the point in the proceeding when the motion is made; (i) the tasks the Committee is to perform; and (j) any other relevant factors.[22] As explained below, these factors weigh in favor of appointing the SFX Trustee to the Committee pursuant to 11 U.S.C. § 1104(a)(4).

### Ability of the Committee to Function

13.  The Committee's ability to function would be enhanced by appointing the SFX Trustee to the Committee for at least three reasons.

14.  First, this appointment would eliminate the danger of deadlock and other procedural difficulties within the Committee, given that it has only two members. In fact, the United States Trustee has acknowledged this problem in prior cases, stating: "Due to the procedural difficulties that may be encountered when an even number of members are appointed to a committee, it is the policy of this Office to form committees with an odd number of members."[23] Appointing the SFX Trustee as the third member of the Committee would solve this problem.

---

[21] *In re Enron Corp.*, 279 B.R. 671, 684 (Bankr. S.D.N.Y. 2002); *see also In re ShoreBank Corp.*, 467 B.R. 156, 162 (Bankr. N.D. Ill. 2012) (stating that section 1102(a)(4) requires the Court to conduct "an independent determination of whether a change in committee composition is necessary").

[22] *See, e.g., In re Park W. Circle Realty, LLC*, No. 10-12965(AJG), 2010 WL 3219531, at *2 (Bankr. S.D.N.Y. Aug. 11, 2010); *In re Dana Corp.*, 344 B.R. 35, 38 (Bankr. S.D.N.Y. 2006); *Enron*, 279 B.R. at 685.

[23] *In re Barney's Inc.*, 197 B.R. 431, 434 (Bankr. S.D.N.Y. 1996) (quoting letter from the United States Trustee's counsel regarding the policy to form committees with an odd number of members).

15. Second, this appointment would ensure that differing creditor groups are adequately represented on the Committee, thereby facilitating its ability to function. A committee should "represent the various creditor types" in the case.[24] Indeed, as a leading bankruptcy treatise explains, "[a] committee will function more effectively if the different categories of creditors are represented on the committee."[25] Here, the Debtor is subject to substantial tort-related litigation claims by the SFX Trustee and many others,[26] but the Committee does not include any creditors holding such claims.[27] Instead, the Committee includes creditors with contract-based claims related to: (a) the Debtor's use of a private aircraft; and (b) the Debtor's guaranty of a construction loan.[28] Appointing the SFX Trustee to the Committee would resolve this discrepancy, giving tort-related creditors "a voice through adequate representation" on the Committee.[29]

16. Third, this appointment would provide valuable experience for the Committee, thereby enhancing its ability to function. The SFX Trustee is a well-respected bankruptcy attorney with 40 years of experience in complex bankruptcy cases,[30] including cases involving substantial

---

[24] *Park W. Circle Realty*, 2010 WL 3219531, at *4 ("Although committees do not necessarily need to reflect the precise composition of the creditor body, committees should adequately represent the various creditor types."); *Dana Corp.*, 344 B.R. at 39 ("The issue is not whether the Official Committee is an exact replica of the creditor body, but whether the representation of various creditor types is adequate.").

[25] 6 COLLIER ON BANKRUPTCY ¶ 1102.02[2][b][i] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014).

[26] *See* Docket No. 173 at 5-8 (describing multiple claims against the Debtor by various creditors for, *inter alia*, fraud, negligent misrepresentation, breach of fiduciary duty, and securities fraud); *see also* Claim No. 37 (asserting putative class claims for securities fraud against the Debtor), Claim No. 38 (asserting breach of fiduciary duty and other claims against the Debtor); Claim No. 51 (asserting fraud and negligent misrepresentation claims against the Debtor), Claim No. 55 (asserting putative class claims for breach of fiduciary duty against the Debtor).

[27] *See Park W. Circle Realty*, 2010 WL 3219531, at *4 (directing appointment of a particular creditor to the committee under section 1102(a)(4) because that "type of creditor" was not represented on the committee); *see also In re Dow Corning Corp.*, 194 B.R. 121, 145 (Bankr. E.D. Mich. 1996), *rev'd on other grounds*, 212 B.R. 258 (E.D. Mich. 1997) (finding that committee did not adequately represent a group of physician creditors that "might constitute a sizeable percentage of total unsecured claims," when not a single physician creditor was appointed to the committee).

[28] *See* Claim No. 9 (asserting a $3.76 million claim related to a contract related to the Debtor's use of a private aircraft); Claim No. 33 (asserting a claim related to the Debtor's guaranty of a $35 million construction loan).

[29] *In re Hills Stores Co.*, 137 B.R. 4, 7 (Bankr. S.D.N.Y. 1992).

[30] The SFX Trustee is a founding partner of Pachulski Stang Ziehl & Jones LLP, a prominent national firm with one of the country's top bankruptcy practices.

7

tort-related claims. For example, he served as counsel for the Official Committee of Unsecured Tort Claimants in TK Holdings, Inc. (Takata Corp.), which filed bankruptcy to deal with many billions of dollars in tort-related claims regarding defective airbags.[31] The SFX Trustee not only is well-qualified to serve as representative for tort-related creditors on the Committee, but also has helpful experience and insight that would facilitate the Committee's ability to function in this case.

### Nature of the Case

17. The nature of this particular case favors appointment of the SFX Trustee to the Committee for at least three reasons.

18. First, the SFX Trustee holds one of the largest unsecured claims in the case. Courts evaluating this factor—the "nature of the case"—in conducting a section 1102(a)(4) analysis often consider the size of the creditor's claim relative to the claims of other unsecured creditors.[32] The SFX Trustee holds a $160 million unsecured claim, which not only is one of the largest claims in the case,[33] but is more than four times the aggregate amount of claims held by the Committee's existing members.[34] The disproportionate size of the SFX Trustee's claim weighs in favor of his appointment to the Committee.[35]

---

[31] *See In re TK Holdings, Inc.*, No. 17-11375 (BLS), 2018 WL 1306271 (Bankr. D. Del. Mar. 3, 2018) (confirming joint chapter 11 plan of reorganization, which included a global settlement with, among others, the Official Committee of Unsecured Tort Claimants).

[32] *See, e.g., Park W. Circle Realty*, 2010 WL 3219531, at *3 (noting the "size of Constantine Cannon's claim relative to the claims of other unsecured creditors in these cases"); *see also In re Budd Co.*, 512 B.R. 910, 913 (Bankr. N.D. Ill. 2014) (comparing size of asbestos-related claims to total liabilities of debtor).

[33] There is not an unsecured claim larger than the SFX Trustee's claim listed in the Debtor's schedules, the claims register, or the Debtor's disclosure statement. *See* Docket No. 29 at 1 (listing approximately $61 million in total unsecured claims); Docket No. 169 at 13 (stating that there are approximately $60 million in total unsecured claims).

[34] The Committee's members hold approximately $38.76 million in total claims, as follows: (a) VistaJet US, Inc. holds an unsecured claim for approximately $3.76 million; and (b) ID Wheel (FL) LLC holds an unsecured claim for approximately $35 million. *See* Claim No. 9; Claim No. 33; Docket No. 37.

[35] *See Park W. Circle Realty*, 2010 WL 3219531, at *3 (noting that the creditor's "claim dwarfs the Committee's claims, both individually and in the aggregate").

8

19. Second, the SFX Trustee's claim probably contributed to the Debtor's decision to proceed with this bankruptcy case. Where a particular type of claim did not precipitate the case, courts are less likely to conclude that that those creditors should be on the committee.[36] Conversely, where a particular type of claim may have precipitated the bankruptcy case, courts are more likely to conclude that those creditors should have a seat on the committee.[37] Here, as reflected by his disclosure statement, the Debtor's decision to proceed with this bankruptcy case likely results from the SFX Trustee's claim and other tort-related claims.[38] The Debtor, in fact, states that his proposed plan is contingent on settling most of these tort-related claims, including the SFX Trustee's claim.[39]

20. Third, the SFX Trustee's appointment to the Committee may strengthen the prospect of a consensual resolution of these tort-related claims, thereby satisfying this contingency built into the Debtor's proposed plan. After all, the Committee can be "a catalyst for negotiation and compromise between the parties in the reorganization process."[40] The SFX Trustee should have a seat on the Committee to pursue such a compromise and facilitate plan confirmation in this case.

### Standing and Desires of Various Constituencies

21. The SFX Trustee has standing to seek appointment to the Committee.[41] Holding a $160 million unsecured claim, the SFX Trustee clearly has pecuniary interest in the outcome of this

---

[36] *See Dana Corp.*, 344 B.R. at 38-40 (noting that "the Debtor's economic plight [was] not asbestos driven" and the Debtor "was not driven into bankruptcy by the magnitude of its asbestos liability").

[37] *See Park W. Circle Realty*, 2010 WL 3219531, at *4 (noting that the creditor's claim contributed to the debtor's bankruptcy filing).

[38] Docket No. 173 at 4-8 (describing the SFX Trustee's claim and other tort-related claims as part of the events leading up to this bankruptcy case).

[39] *See id.* at 32-33 (stating that a "condition precedent" to confirmation of the Debtor's proposed plan is a court-approved settlement of the claims asserted by the SFX Trustee and two other plaintiff groups); *see also id.* at 7-8 (stating that the Debtor's proposed plan is "contingent" upon such a settlement).

[40] *Enron*, 279 B.R. at 690; *see also Hills Stores*, 137 B.R. at 7 (stating that the inclusion of differing creditor groups on a committee "may facilitate the consensual resolution" of disputes).

[41] *See Park W. Circle Realty*, 2010 WL 3219531, at *4 (stating that a creditor with a $2.1 million unsecured claim "clearly has standing" with respect to a section 1102(a)(4) motion).

9

case and therefore qualifies as a "party in interest" with standing to file this motion.[42] The SFX Trustee is also eligible to serve on the Committee, as acknowledged by the United States Trustee's counsel in June 2018.[43] The Committee's existing members, moreover, have confirmed that they have no objection to expanding the Committee. And the Debtor has stated that he affirmatively supports the SFX Trustee's appointment to the Committee.

### Motivation and Ability to Participate

22. The SFX Trustee's motives support his appointment to the Committee. First, given the significance of the tort-related claims in this case, the SFX Trustee is pursuing this motion to ensure that those creditors are adequately represented on the Committee. Second, given the substantial size of his own tort-related claims, the SFX Trustee would be fully motivated to invest his own time and effort to be a productive member of the Committee.[44] This "motivation [would] be an asset to the Committee."[45]

23. If he were not appointed to the Committee, the SFX Trustee would have limited ability to participate in this bankruptcy case. He would need to participate through his own counsel. Yet, as the court-appointed representative of SFX's bankruptcy estate, the SFX Trustee has a finite and modest amount of funds available to pay his counsel's fees in this case. Moreover, every dime spent on those fees is one less dime available to pay SFX's creditors.[46] Appointing the SFX Trustee

---

[42] 11 U.S.C. § 1102(a)(4) (stating that "a party in interest" may file a motion "to change the membership of a committee"); 11 U.S.C. § 1109(b) ("A party in interest, including . . . a creditor . . . , may raise and may appear and be heard on any issue in a case under this chapter."); *see also In re Stone Barn Manhattan LLC*, 405 B.R. 68, 74 (Bankr. S.D.N.Y. 2009) (stating that the term "party in interest" is broadly defined to any party with "a pecuniary interest . . . directly affected by the bankruptcy proceeding" (quotation omitted)).

[43] *See* Jaffe Decl. ¶ 6.

[44] *See Park W. Circle Realty*, 2010 WL 3219531, at *4 ("[W]ith such a substantial claim, [the creditor] has a greater incentive to invest time and effort to make a positive contribution to the Committee.").

[45] *Id.*

[46] SFX's creditors, who hold over $280 million in allowed claims, have already been waiting approximately three years to be paid on their claims.

10

to the Committee would allow him to play an active role in this case without depleting the funds set aside for distribution to SFX's creditors.

### Delay and Additional Costs

24. The SFX Trustee has not delayed in seeking appointment to the Committee. He originally sought such appointment more than nine months ago, submitting the requisite questionnaire to the United States Trustee in April 2018.[47] The SFX Trustee's counsel also contacted the United States Trustee's counsel in May and June 2018 to reiterate the SFX Trustee's desire for, and willingness to serve on, a Committee in this case.[48] The SFX Trustee then resubmitted his questionnaire less than 24 hours after the hearing on January 10, 2019, when the United States Trustee's counsel indicated that a Committee may be appointed in this case.[49] Finally, the SFX Trustee timely filed this motion only 11 days after the Committee was appointed.[50]

25. Granting the SFX Trustee's motion would not cause any delays, as the Committee has only recently been appointed. And granting this motion would not involve any additional costs, as the SFX Trustee merely seeks to be appointed to the existing Committee.[51]

### NOTICE

26. The SFX Trustee shall provide notice of this motion by serving, via first-class mail, a copy of this motion and the related notice of hearing upon: (a) the Office of the United States Trustee for Region 2; (b) the Debtor's counsel; and (c) any party that has requested notice and service of papers in this case pursuant to Federal Rule of Bankruptcy Procedure 2002.

---

[47] *See* Jaffe Decl. ¶ 4 & Ex. A.
[48] *See id.* ¶¶ 5-6 & Ex. B.
[49] *See id.* ¶ 8 & Ex. D.
[50] *See Park W. Circle Realty*, 2010 WL 3219531, at *5 ("Because the Motion was filed approximately two and half weeks after the appointment of the Committee, the Court finds that the Motion was filed in a timely manner.").
[51] *See id.* ("[B]ecause [the creditor] seeks only appointment to the Committee, there is no additional cost in granting the Motion.").

11

## NO PRIOR REQUEST

27.     No prior request for the relief sought in this motion has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the SFX Trustee respectfully requests that the Court: (a) direct the SFX Trustee's appointment to the Official Committee of Unsecured Creditors pursuant to 11 U.S.C. §§ 105(a) and 1102(a)(4); and (b) grant such other and further relief as the Court deems just and proper.

Dated:  January 22, 2019
        Dallas, Texas

                                Respectfully submitted,


                                 /s/ Eric D. Madden
                                REID COLLINS & TSAI LLP

                                Eric D. Madden, Esq. (*pro hac vice*)
                                1601 Elm Street, 42nd Floor
                                Dallas, Texas 75201
                                214.420.8900 (Phone)
                                214.420.8909 (Fax)
                                emadden@rctlegal.com

                                Yonah Jaffe, Esq.
                                810 Seventh Avenue, Suite 410
                                New York, NY 10019
                                212-344-5200 (Phone)
                                212-344-5299 (Fax)
                                yjaffe@rctlegal.com

                                *Counsel to Dean Ziehl, as Litigation Trustee
                                of the SFX Litigation Trust*