HEARING DATE AND TIME:  February 7, 2019 at 11 a.m.
RESPONSE DEADLINE:    January 31, 2019

Michael J. Edelman
VEDDER PRICE P.C.
1633 Broadway, 31st Floor
New York, NY  10019
Phone:  (212) 407-7700

Michael Eidelman (admitted *pro hac vice*)
VEDDER PRICE P.C.
222 N. LaSalle St., Ste. 2600
Chicago, IL  60601
Phone:  (312) 609-7500

*Counsel for Counsel to React Presents, Inc.,*
*Clubtix, Inc., Lucas King and Jeffery Callahan*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ROBERT FRANCIS XAVIER SILLERMAN,<br>*aka* Robert F.X. Sillerman,<br>*aka* Robert F. Sillerman,<br>*aka* Robert X. Sillerman,<br><br>Debtor. | Chapter 11 Case<br><br>Case No. 17-13633 (MKV) |

**MOTION OF REACT PRESENTS, INC., CLUBTIX, INC., LUCAS KING AND
JEFFERY CALLAHAN FOR ENTRY OF AN ORDER APPOINTING REACT
PRESENTS, INC. TO DEBTOR'S COMMITTEE OF UNSECURED CREDITORS**

React Presents, Inc. ("*React Presents*"), Clubtix, Inc., Lucas King, and Jeffery Callahan (collectively, the "*Movants*" or the "*React Parties*"), by and through their undersigned counsel, hereby move (this motion, the "*Motion*") this Court for entry of an order, in substantially the form annexed hereto as **Exhibit Z** (the "*Proposed Order*"), pursuant to Sections 1102(a)(4) and 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "*Bankruptcy Code*"), directing the United States Trustee for the Southern District of New York (the "*U.S. Trustee*") to appoint React Presents to the Official Committee of Unsecured Creditors (the "*Committee*") of Robert

Francis Xavier Sillerman, the debtor-in-possession (the "*Debtor*") in the above referenced Chapter 11 case (the "*Bankruptcy Case*"). In support of the Motion, the React Parties respectfully state as follows:

### **PRELIMINARY STATEMENT**

1. React Present is one of the largest creditors in this Bankruptcy Case – it holds one of the largest claims in this case and, given the React Parties agreement to waive any security if selected to the official committee, is the largest noncontingent, undisputed and liquidated unsecured claim against the Debtor. Additionally, the React Parties have consistently demonstrated an interest in, and willingness to participate in the Debtor's bankruptcy case in order to ensure that all creditors are treated fairly. Indeed, achieving such objective is what prompted the React Parties to commence an involuntary Chapter 7 case against the Debtor in December 2017. Then, when the Debtor made no progress in moving this Chapter 11 case forward and instead continued to take advantage of the lack of estate oversight, the React Parties took the initiative to file a motion for the appointment of an independent examiner; a motion that was later joined by several other claimants.

2. Despite React Presents being exactly the type of creditor that is customarily appointed to official committee, the U.S. Trustee failed to appoint React Presents to the Committee. In fact, the U.S. Trustee's appointment of the Committee was highly unusual. On January 10, 2019, the Court entered a scheduling order permitting creditors interested in serving on an official committee until January 14th to submit applications, or supplement any previously existing applications to join the committee. Yet within twenty-four hours of the entry of the Court's scheduling order, the U.S. Trustee elected to form an official committee of creditors and selected its two members – each of which either holds smaller claims or claims that are contingent

and disputed. Since the Committee's appointment, the React Parties have submitted several requests to the U.S. Trustee's counsel to be added as members of Committee, but the U.S. Trustee has not responded.

3. The React Parties are judgment creditors of the Debtor, and having them serve on the Committee is necessary to ensure adequate representation of the Debtor's creditor body. Further, in light of the size of the Debtor's estate and assets, the present two-member Committee is not well-populated to meet the demands of this case. Accordingly, for the reasons set forth below, the Court should enter an order appointing the React Presents to the Committee, or directing the U.S. Trustee to so appoint React Presents.

**RELEVANT BACKGROUND**

    A.    **MOVANTS' CLAIM AND COMMENCEMENT OF BANKRUPTCY CASE**

4. The React Parties are creditors of the Debtor pursuant to a consent judgment in the amount of $7,360,126.93 entered by the United States District Court for the Northern District of Illinois, Eastern Division on November 15, 2017 in the matter captioned as *React Presents, Inc., Clubtix, Inc. Lucas King and Jeffery Callahan v. Robert F.X. Sillerman*, Case No. 1:17-mc-00505-JMF (the "*Consent Judgment*"). As set forth in the React Parties' proof of claim, the Debtor owed the React Parties as of the Petition Date at least $7,553,026.96. *See* Claim No. 64 of the Debtor's Claims Registry in the above-referenced bankruptcy case (the "*Debtor's Claims Registry*"). No appeal was timely taken to such consent judgment.

5. Although the React Parties exercised certain remedies as judgment creditors that elevated their status to holding judgment liens, the React Parties never obtained any recovery or any amounts based upon such judgment lien rights. In fact, after obtaining their judgment, the React Parties have not received any payment on account of their

6. There is no objection as to the amount or validity of the React Parties' claims – in fact, the judgement was entered as a consent judgment.

7. The React Parties commenced an involuntary Chapter 7 case against the Debtor on December 26, 2017, which was later converted by the Debtor to a Chapter 11 case on March 1, 2017 .

8. As the React Parties have consistently informed the Office of the U.S. Trustee, they would waive any judgment liens and related rights if React Presents, Inc. was selected to become a member of an official creditors' committee in this Bankruptcy Case – so that, upon such selection, they would be general unsecured creditors.

B.  **MOVANTS' CLAIM ARE AMONG THE LARGEST CLAIMS AGAINST THE DEBTOR**

9. No matter which list is utilized, React Present holds one of the largest claims against the Debtor in his Bankruptcy Case:

- **The Local Bankruptcy Rule 1007-2 Declaration**: In the Debtor's Local Bankruptcy Rule 1007-2 Declaration, filed March 20, 2018 [Docket No. 37], the React Presents, Inc. is listed as holding an undisputed, fixed, liquidated fully unsecured claim in the amount of $7,360,127. This was listed as the Debtor's fourth largest creditor. In fact, the three larger creditors are comprised of two secured creditors (Deutsche Bank (holding a $16.9 million secured claim) and ESFX Holdings LLC (holding a $14.6 million secured claim)) and one claim listed as both contingent and disputed guarantee claims (the claim held by IDL Wheel (FL) LLC (listed in the contingent and disputed amount of $35 million)). In other words, based upon such Local Bankruptcy Rule 1007-2 Declaration, React Presents would be the largest holder of undisputed, unsecured claims eligible to serve on any official committee.

- **The Debtor's Schedules:** The Debtor's schedules of assets and liabilities also confirms that React Presents holds one of the largest claims against the Debtor in this Bankruptcy Case. *See* Docket Nos. 29 & 36 (the "*Debtor's Schedules*"). The Debtor's schedules confirms that React Presents holds the fourth largest liquidated claim – and the largest claims that is fully unsecured. The Debtor's Schedules list the same four largest liquidated claims listed on the Local Bankruptcy Rule 1007-2 Declaration – with the only larger claims being secured or a contingent and disputed guaranty claim. In other words, based upon the Bankruptcy Schedules.

>React Presents would be the largest holder of undisputed, unsecured claims eligible to serve on any official committee.
>
>- **Claims Registry**: The Debtor's Claim Registry also confirms that React Presents holds one of the largest, liquidated, undisputed claims. On the claims registry, React Presents is listed as holding the fifth largest liquidated claim, only behind (a) two Deutsche Bank Trust claims in the respective amounts of $17.6 million and $11.9 million, and either one or both are secured claims (Claim Nos. 65 & 66), (b) ESFX Holdings LLC, who has asserted a claim in the amount of $17.2 million (Claim No. 60), and (d) the claim of Dean Ziehl, as the litigation trustee of the SFX Litigation Trust, who asserted a contingent and unliquidated claim in the estimated amount of $160 million based upon certain pending securities litigation. ). In other words, based upon the Claims Registry and the Claims filed in these cases, React Presents also holds one of the top five largest claims and, indeed, appears to be the largest or second largest undisputed, unsecured claimholder eligible to serve on any official committee.

In sum, no matter which list is utilized (or if all of the list are so used), React Present holds one of the six largest claims against the Debtor and is either the largest or second largest general unsecured creditor holding undisputed, noncontingent and liquidated claims who is eligible to serve on an official committee

    C.    **MOVANTS' REQUEST TO SERVE ON THE COMMITTEE AFTER COMMENCEMENT OF CHAPTER 11 CASE**

10. After the Debtor exercised his right to convert his involuntary Chapter 7 case to Chapter 11, the React Parties immediately expressed to the U.S. Trustee their interest in joining a committee of unsecured creditors that they hoped the U.S. Trustee would establish. The React Parties thereafter, and at the U.S. Trustee's request, submitted an answered Questionnaire circulated by the U.S. Trustee's office. The U.S. Trustee acknowledged receipt of the React Parties' Questionnaire on April 23, 2018.

11. On May 2, 2018, the U.S. Trustee requested additional information concerning the React Parties' post-judgment efforts that may have, under applicable law, entitled their claims against the Debtor to secured status.

12. In response to the U.S. Trustee's request, the React Parties advised the U.S. Trustee of various citations to discover assets that they issued and caused to be served in furtherance of their rights as judgment creditors. The React Parties, however, stipulated to the U.S. Trustee that notwithstanding such post-judgment collection efforts and the security rights conferred on the React Parties under applicable non-bankruptcy law, the React Parties agreed to waive and release all secured/lien status rights conferred upon them and to be treated solely as general unsecured creditors in the Debtor's bankruptcy case if the U.S. Trustee selected React Presents to serve on an official committee.

13. As this Court is aware, the U.S. Trustee did not elect to form an official committee of unsecured creditors in the spring of 2018. The U.S. Trustee informed the Movants that no committee was being formed because there was insufficient interest from unsecured creditors who were willing to serve on such a committee.

   D. **THE MOVANTS FILE THE EXAMINER MOTION DUE TO LACK OF PROGRESS IN BANKRUPTCY CASE**

14. On November 13, 2018, the React Parties filed their *Motion for Entry of an Order (A) Appointing Examiner Pursuant to 11 U.S.C. § 1104 and (B) Terminating Debtor's Exclusivity Periods Pursuant to 11 U.S.C. § 1121(d)* [D.I. 136] (the "*Examiner Motion*"). As set forth in the Examiner Motion, the React Parties engaged in a limited investigation of the Debtor's assets pre-petition, and the React Parties sought the appointment of an examiner due to the lack of any material progress in the Bankruptcy Case towards a confirmable chapter 11 plan.

15. Several creditors either filed formal joinders or voiced their support of the Examiner Motion – each citing the lack of progress in these cases. These other creditors included, *inter alia,* (a) Dean Ziehl, the Litigation Trustee of the SFX Litigation Trust (the "*SFX Litigation*

*Trustee*"), (b) the Guevoura Fund LTD, on behalf of itself and all others similarly situated (the "*Securities Plaintiffs*"), (c) Deutsche Bank Trust and (d) ID Wheel (FL) LLC ("*ID Wheel*").

16. As this Court is aware, and based upon this Court's inquiry, it became evident that numerous creditors had actually requested to serve on an official committee of creditors. Based upon the colloquy in Court, the Movants (and numerous other creditors in court) expressed a preference for the appointment of an official committee of creditors over the appointment of an examiner. At the hearing, several creditors expressed their interest in serving on a creditors committee and informed the Court that they would submit or resubmit, as the case may be, applications to serve on such an official committee, which creditors included, among others, the React Parties, the SFX Litigation Trustee and ID Wheel.

17. Based upon the numerous expressions of interest, this Court entered a Scheduling Order that set the following timetable for the appointment of an official Committee:

(a) ***January 14, 2019 at noon* (the "*Application Deadline*"):** Deadline for each creditor interested in serving on an official committee of unsecured creditors to submit an application to the U.S Trustee; and

(b) ***January 16, 2019 at 5 p.m.* (the "*U.S. Trustee Response Deadline*"):** Deadline for U.S. Trustee to submit pleading as to whether a creditors committee is being formed.

*See* Docket No. 174 (the "*Committee Scheduling Order*"), at 1-2.

E. **THE U.S. TRUSTEE'S APPOINTS TWO MEMBER COMMITTEE BEFORE APPLICATION DEADLINE**

18. The Movants appreciate that the U.S. Trustee undertook to form an official committee during this period of a Federal government shutdown. The U.S. Trustee, however, did not provide sufficient opportunity for creditors to submit applications to serve on an official committee or sufficient ability for the U.S. Trustee submitted – because the U.S. Trustee both

decided to appoint a creditors committee and designate the members of such a creditors' committee on January 11, 2019 – three days prior to the Application Deadline established by this Court.

19. Specifically, on January 11, 2019, the U.S. Trustee filed its "Appointment of Official Committee of Unsecured Creditors" [Docket No. 177] (the "*U.S. Trustee's Appointment Designation*").

20. On January 11, 2019, less than a day after the Court entered the Scheduling Order and three days before the Application Deadline, the U.S. Trustee filed notice of the appointment of an official committee of unsecured creditors and that the following two unsecured creditors were selected to serve on such committee:

(a) VistaJet US, Inc. ("*VistaJet*"), who had filed an unsecured claim in the amount of $4,078,227;

(b) ID Wheel (FL) LLC ("*ID Wheel*"), a holder of a contingent, disputed unsecured claim in the amount of $35 million.

Based upon the timing of the filing of the U.S. Trustee's Appointment Designation, the U.S. Trustee apparently did not consider all of the creditor applications to serve on such a committee. Vista and ID Wheel both hold claims against the Debtor that are premised on the contractual obligations owed by the Debtor to the claimants. Vista holds an unsecured claim against the Debtor in the alleged amount of slightly more than $4 million based on the Debtor's alleged breach of a Flight Solutions agreement and amounts the Debtor owes to Vista thereunder. *See* Claim No. 9 in Debtor's Claim Registry.[1] Similarly, ID Wheel's unsecured claim against the Debtor is based on a personal guaranty executed by the Debtor in favor of claimant. *See* Claim No. 33 in Debtor's Claim Registry. ID Wheel's claim is contingent and unliquidated.

---

[1] Vista also reserved its right to assert an administrative expense claim for obligations arising out of the Debtor's post-petition activities.

C. **REACT PRESENTS' APPLICATION TO SERVE ON OFFICIAL COMMITTEE APPARENTLY NOT CONSIDERED BY THE U.S. TRUSTEE**

21. Based upon this Court's Committee Scheduling Order and the Application Deadline, on Friday, January 11, 2019, the React Parties re-submitted their application to the U.S. Trustee for React Presents to serve as members of the Committee. Such application was actually submitted to the .S. Trustee a few minutes before the U.S. Trustee's *U.S. Trustee's Appointment Designation* – but based upon the proximity to when the U.S. Trustee filed its U.S. Trustee's Appointment Designation, it is apparent that the U.S. Trustee did not consider the application of React Presents to serve on the official committee.

22. React Presents further followed up with the U.S. Trustee during the morning of Monday, January 14, 2018 by telephone and email (prior to the Application Deadline) to make sure that the U.S. Trustee had received their application.

23. Because the React Parties did not receive any response from the U.S. Trustee, the React Parties followed up with their interest to serve on an official creditors committee in a letter submitted to the U.S. Trustee during the morning of January 16, 2019 – prior to the U.S. Trustee Response Deadline.

24. In each of these numerous applications and submissions to the U.S. Trustee:

- React Presents confirmed that it was one of the largest holders of liquidated, undisputed, noncontingent claims against the Debtor;

- React Presents confirmed its interest in serving on such an official committee; and

- React Presents and each of the Movants confirmed that they would waive any liens and security interests if selected to serve on an official committee – so that it would be sitting solely as a general unsecured creditor.

25. The React Parties have not received *any* response from the U.S. Trustee.

26.     The React Parties appreciate that the U.S. Trustee might have been delayed in responding and/or reviewing their application to serve on the Committee due to the current Federal government shutdown.  Accordingly, the Movants submit this Motion to request that this Court direct their appointment to serve on the official creditors' committee in this Bankruptcy Case. . .'s counsel has not responded to any of the React Parties' requests to be added as members of the Committee, and thus has not taken a position on the issue.

27.     As one of the handful of largest creditors, and apparently the largest general unsecured creditor holding noncontingent, liquidated and undisputed claims against the Debtor, React Presents would normally be chosen to serve on a creditors' committee under the dictates of 11 U.S.C. § 1102(b)(1).

28.     Unlike Vista and ID Wheel, the React Parties are judgment creditors of the Debtor. Additionally, other unsecured claimants in this Bankruptcy Case were similarly involved in pre-petition litigation against the Debtor, even if such litigation was not reduced to judgment.  In light of the tremendous amount of litigation the Debtor was embroiled in prior to the commencement of this Bankruptcy Case, having judgment creditors on the Committee will help ensure the Debtor's creditor body is adequately represented.

**REQUESTED RELIEF**

**THIS COURT SHOULD ORDER THAT REACT PRESENT BE
APPOINTED TO THE COMMITTEE PURSUANT TO SECTION 1102(a)(4)**

29.     Pursuant to Sections 1102(a)(4) and 105(a) of the Bankruptcy Code, the Court may order the U.S. Trustee to change the membership of the Committee if it determines that the change is necessary to ensure adequate representation of creditors.  The Court should find that such a change is necessary here.  The Committee's current composition does not adequately represent the Debtor's creditor body and the React Parties' interests, nor will it be adequate to fully investigate

the Debtor's financial affairs and provide the necessary oversight needed in this case. Moreover, the U.S. Trustee has not provided any explanation, or justification for declining to appoint React Presents to the Committee.

30. As the holder of the largest unsecured claim against the Debtor's estates, Oaktree also is the type of creditor that the drafters of the Bankruptcy Code envisioned would serve on the official creditors' committee. The Bankruptcy Code provides that the committee of unsecured creditors "shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor." *See* 11 U.S.C. § 1102(b)(1); *see also In re Laclede Cab Co.,* 145 B.R. at 309 (same); *In re Microboard Processing, Inc.,* 95 B.R. 283, 286 (Bankr. D. Conn. 1989) (holding largest claims is a reason to be included, not excluded, from creditors' committee). In general, United States trustees should only depart from this standard if the exclusion of one of the largest unsecured creditors (or the inclusion of additional unsecured creditors) is required to ensure adequate representation. Kenneth N. Klee & K. John Shaffer, *Creditors' Committees under Chapter 11 of the Bankruptcy Code,* 44 S.C. L. Rev. 995, 1006. In this case, the U.S. Trustee has diverged from this standard by rejecting – or failing to address in light of the government shutdown – React Presents application -- it has not done so, however, to create a more balanced committee. Each of the two members selected last week by the U.S. Trustee hold plain vanilla contract claims. In contrast, like a vast majority of the Debtor's creditors –React Presents is a judgment creditor. Also, React Presents appears to be the largest holder of liquidated, undisputed and noncontingent general unsecured claims who is eligible to serve on such a committee.

A. **STANDARDS FOR ORDERING CHANGE IN COMMITTEE MEMBERSHIP**

31. Section 1102(a)(4) of the Bankruptcy provides, in relevant part, as follows:

> On request of a party in interest and after notice and a hearing, the court may order the United States Trustee to change the membership

of a committee appointed under this subsection, if the court determines that the change is necessary to ensure adequate representation of creditors or equity security holders.

32. "Although the Bankruptcy Code does not define 'adequate representation,' courts often analyze the adequacy of representation by considering factors such as: (1) the ability of the committee to function; (2) the nature of the case; (3) the standing and desires; (4) the ability for creditors to participate in the case even without an official committee and the potential to recover expenses pursuant to § 503(b); (5) whether different classes may be treated differently under a plan and need representation; (6) the motivation of the movants; (7) the delay and additional cost of granting the motion; (8) the point in the proceeding when the motion is made; (9) the tasks the committee is to perform; and (10) any other relevant factors. *In re Park West Circle Realty, LLC*, No. 10-12965 (AJG), 2010 WL 3219531, at *2 (Bankr. S.D.N.Y. Aug. 11, 2010) (directing appointment of largest unsecured creditor to official committee). Additionally, courts analyze whether a change in committee membership is needed on a "case-by-case basis, with no one factor being dispositive," and have noted that "adequate representation lies not in the uniqueness of a single claim but in the nature of the case and the composition of the committee." *Id.* at *3 (quotations omitted).

33. In *Park West*, the largest unsecured creditor of the Debtor's estate petitioned the bankruptcy court to be added to the official committee after the United States Trustee denied its request. *Id.* at *1-2. In granting the creditor's petition and directing the United States Trustee to appoint the creditor to the official committee, the bankruptcy court weighed several of the above-referenced factors and held that the totality of circumstances weighed in favor of appointing the creditor to the committee. *Id.* at *6; *see also In re In re Plabell Rubber Prods.*, 140 B.R. 179, 182 (Bankr. N.D. Ohio 1992) (directing United States Trustee, pursuant to 11 U.S.C. § 105(a), to

appoint union as full voting member of committee); *In re Schatz Fed. Bearings Co., Inc.*, 5 B.R. 543 (Bankr. S.D.N.Y. 1980) (granting creditor's application under former Section 1102(c) to be appointed to committee).

34. The Court should reach the same result as in *Park West* and direct that React Present be appointed to the Committee. As set forth below, the React Parties' interests are not adequately represented by the current Committee and their inclusion on the Committee will be beneficial to all creditors.

### B. THE APPOINTMENT OF REACT PRESENT TO COMMITTEE IS WARRANTED

35. An analysis of the factors set forth in *Park West* demonstrates that a change in the Committee to include React Present is necessary and warranted under the circumstances.

36. First, the nature of this case and the tasks the Committee should be performing weigh in favor of adding React Present to the Committee. The React Parties are judgment creditors of the Debtor, which is a type of creditor that is not presently serving on the Committee. Additionally, as public filings demonstrate, the Debtor was involved in significant pre-petition litigation with other claimants, many of which have asserted claims in this Bankruptcy Case. Thus, having React Present on the Committee better reflects the Debtor's creditors body.

37. The Debtor's assets are also allegedly in excess of $500,000,000 and are comprised of esoteric, non-liquid investments. The Committee should undertake to fully investigate the Debtor's assets in an expeditious fashion, and a well-populated committee is critical to completing that task.

38. Second, the React Parties' motivation to be involved in this Bankruptcy Case further weighs in favor of granting the relief requested herein. In *Park West*, the petitioning creditor was a law firm that worked closely with the Debtor pre-petition and, with such a

substantial claim, had a greater incentive to invest time and effort to make a positive contribution to the Committee. 2010 WL 3219531, at *4. The bankruptcy court in *Park West* reasoned that although the creditor could voice its interest and concerns without appointment to the committee, its knowledge of the debtors and motivation would be an asset to the committee. *Id.* Here, although the React Parties could voice their interests and concerns in this case without being a member of the Committee, their motivation and willingness to invest time and effort investigating the Debtor's affairs would only be an asset to the Committee. The React Parties already undertook a limited investigation of the Debtor's assets pre-petition, and the Examiner Motion clearly evidences the React Parties' desire to ensure that the Debtor's financial affairs are subject to investigation and oversight for the benefit of all creditors.

39. Third, the React Parties filed this Motion in a timely fashion and there is no additional cost to the Debtor's estate to granting the requested relief. The U.S. Trustee appointed the Committee on January 11, 2018, and the React Parties filed this Motion within the schedule contemplated by this Court in the Committee Scheduling Order -- after making several requests to be added to the Committee directly to the U.S. Trustee (all of which requests have not yet been addressed by the U.S. Trustee). Additionally, because the React Parties are only seeking appointment of React Present to the Committee, there is no additional cost in granting the Motion. *See Park West*, 2010 WL 3219531, at *4 (finding motion filed approximately two and a half weeks after appointment of committee to be timely and noting there was no cost to granting the Motion).

40. Lastly, the other factors articulated in *Park West* are largely moot and, importantly, do not militate against granting the Motion. Since the Committee was just formed on January 11, 2019, there is no evidence that the Committee is not presently able to function. The React Parties' standing is also not an issue here, nor has any party voiced an objection (as of the time this Motion

was filed) to React Present becoming a member of the Committee. The React Parties' present status as secured creditors is also not an issue because they agree to waive their secured/lien status rights and be treated as general unsecured creditors in this Bankruptcy Case if React Presents are appointed to the Committee.

41.     In sum, the React Parties have demonstrated that a change in the Committee is necessary because the Committee does not adequately represent all creditors' interests, and that React Presents' addition to the Committee would be beneficial to all creditors.

## **CONCLUSION**

For the reasons set forth herein, the Movants respectfully request that the Court enter the Proposed order that, *inter alia*, (a) grants the Motion, (b) directs the U.S. Trustee to appoint the React Presents as a member of the Committee, and (c) grants such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: January __, 2018<br>New York New York | **VEDDER PRICE P.C.**<br><br>*/s/ Michael J. Edelman*<br>Michael J. Edelman, Esq.<br>1633 Broadway, 31st Floor<br>New York, NY  10019<br>Telephone:  (212) 407-7700<br>Facsimile:  (212) 407-7799<br>Email:  mjedelman@vedderprice.com<br><br>and<br><br>Michael M. Eidelman, Esq. (admitted *pro hac vice*)<br>222 North LaSalle Street<br>Chicago, IL  60601<br>Telephone:  (312) 609-7500<br>Facsimile:  (312) 609-5005<br>Email:  meidelman@vedderprice.com<br><br>*Counsel to React Presents, Inc., Clubtix, Inc., Lucas King and Jeffery Callahan* |

# EXHIBIT Z

PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**ROBERT FRANCIS XAVIER SILLERMAN,**<br>*aka* **Robert F.X. Sillerman,**<br>*aka* **Robert F. Sillerman,**<br>*aka* **Robert X. Sillerman,**<br><br>Debtor. | Chapter 11 Case<br><br>Case No. 17-13633 (MKV) |

### ORDER GRANTING MOTION OF REACT PRESENTS, INC., CLUBTIX, INC., LUCAS KING AND JEFFERY CALLAHAN FOR ENTRY OF AN ORDER APPOINTING REACT PRESENTS, INC. TO DEBTOR'S COMMITTEE OF UNSECURED CREDITORS

Upon the motion, dated January 23, 2018 (the "*Motion*"),[1] of React Presents, Inc., Clubtix, Inc., Lucas King and Jeffery Callahan (the "*Movants*") for an order, pursuant to: (a) pursuant to Section 1104(c) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "*Bankruptcy Code*"), Rules 2007.1 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Bankruptcy Rule 9014-1, directing the United States Trustee for the Southern District of New York (the "*U.S. Trustee*") to appoint React Presents to the Official Committee of Unsecured Creditors (the "*Committee*") of Robert Francis Xavier Sillerman, the debtor-in-possession (the "*Debtor*") in the above referenced Chapter 11 case (the "*Bankruptcy Case*"); and upon consideration of the pleadings and the exhibits filed in this matter and the arguments of counsel; and a hearing having been held on this matter on February 7, 2019; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] All capitalized terms not defined herein have the respective meanings ascribed to them in the Motion.

CHICAGO/#3246951.3

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    The Court has jurisdiction of this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue of these chapter 11 cases and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

B.    Due, sufficient and proper notice of the Motion was given in the manner as provided in the Motion and no further notice need be given.

C.    A hearing having been held before this Court on February 7, 2019 (the "Hearing"), and based upon the pleadings herein and the responses hereto and the evidence presented at the Hearing and the arguments of counsel; and due deliberations having been had thereon; and the Court having determined that React Presents should be selected to serve as a member of the official Committee and its appointment to the Committee is in accord with the requirements of Section 1102 of the Bankruptcy Code and is in the best interest of creditors, any equity security holders, and other interests of the Debtor's estate; and the court having determined after due deliberation that sufficient cause appears to grant the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion be, and hereby is, granted in its entirety.

2.    The U.S. Trustee is hereby directed to appoint React Presents to the Committee effective immediately pursuant to 11 U.S.C. § 1102(a)(4).

3.    This Order shall be effective immediately upon entry and Bankruptcy Rule 7062 (or any other rule staying the immediate efficacy of this Order) shall not apply.

---

[2] Finding of fact shall be construed as conclusions of law and conclusions of law shall be construed as finding of fact as and when appropriate.

4. The Court shall retain jurisdiction over any and all issues arising from or related to the implementation of this Order.

Dated: February __, 2019

> Honorable Mary Kay Vyskocil
> United States Bankruptcy Judge