Presentment Date and Time: March 14, 2019 at 12:00 Noon
Objection Deadline: March 11, 2019 at 4:00 p.m.

Howard B. Kleinberg, Esq.
Jil Mazer-Marino, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Telephone: (516) 741-6565
Email: hkleinberg@msek.com
       jmazermarino@msek.com

*Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

Robert Francis Xavier Sillerman,
aka Robert F.X. Sillerman,
aka Robert F. Sillerman,
aka Robert X. Sillerman,

                                      Debtor.
-----------------------------------------------------------------X

Chapter 11

Case No.: 17-13633 (MKV)

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS (A) DIRECTING PRODUCTION OF DOCUMENTS BY, AND APPEARANCE FOR EXAMINATION OF, THE DEBTOR, AND (B) AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND EXAMINATION TO NON-DEBTOR THIRD PARTIES**

The Official Committee of Unsecured Creditors (the "**Committee**") for the above-captioned debtor Robert F.X. Sillerman (the "**Debtor**"), hereby moves (the "**Motion**") this Court for entry of an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), substantially in the form attached as **Exhibit A**, (A) directing production of documents by, and appearance for examination of, the debtor, and (B) the authorizing the

issuance of subpoenas for the production of documents and examination of witnesses to non-debtor third parties. In support of this Motion, the Committee sets forth as follows:

## JURISDICTION

1.  This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Bankruptcy Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the Motion are Bankruptcy Rule 2004 and section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**").

## RELEVANT BACKGROUND

4.  On December 27, 2017, React Presents, Inc., Clubtix, Inc., Lucas King, and Jeffrey Callahan filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against the Debtor.

5.  The Debtor consented to the entry of an order for relief and moved to convert his case to one under chapter 11 of the Bankruptcy Code. On March 1, 2018, the Court entered an order converting this case to one under chapter 11 (ECF Dkt. No. 26).

6.  Since conversion of the case to chapter 11, the Debtor has been operating his businesses and managing his properties and affairs as debtor and debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7.  To date, no trustee or examiner has been appointed.

8.  On January 11, 2019, the Office of the U.S. Trustee (the "**US Trustee**") appointed the Committee, consisting of two members, VistaJet US, Inc. and ID Wheel (FL) LLC (collectively, the "**Members**"). At a meeting of the Committee held on January 23, 2019, the

Members retained Meyer, Suozzi, English & Klein, P.C. ("**Meyer Suozzi**") as the Committee's counsel. An order authorizing Meyer Suozzi's retention was entered on February 20, 2019.

9. On January 30, 2019, the Committee moved to retain RSR Consulting, LLC ("**RSR**") as its financial advisors. An order authorizing RSR's retention was entered on February 26, 2019.

10. Since its appointment, the Committee has made numerous requests of the Debtor for information. On February 6, 2019, Meyer Suozzi delivered an informal request for documents (the "**RSR Document Request**") to Debtor's counsel. Because the RSR Document Request was extensive, RSR prioritized its list and provided interim deadlines for such documents to be produced – the first deadline being February 15, 2019. The Debtor has not responded to the RSR Document Request, except that the Debtor provided copies of his 2015 and 2016 tax returns.[1]

11. Meyer Suozzi also requested that RSR be permitted to interview Bethany Gilmore, the Debtor's bookkeeper. RSR interviewed Bethany Gilmore on February 14, 2019; however, the interview was limited to the Debtor's December Monthly Operating Report and certain general background questions. Ms. Gilmore advised RSR that Marcum LLP provides accounting and bill payment services for the Debtor and generates the reports that form the basis of the Debtor's Monthly Operating Reports. RSR requested a follow up interview with Ms. Gilmore to discuss the other Monthly Operating Reports and the data and reports generated by Marcum, LLP. To date, the Debtor has not responded to RSR's request for an additional interview with Ms. Gilmore and has not produced the Marcum, LLP reports.

---

[1] RSR also set up an electronic drop box to spare the debtor the time and expense of making and mailing documents. Despite this accommodation, no documents have been produced.

3

12. On or about February 6, 2019, RSR spoke with representatives of Castle Placement, LLC, the Debtor's investment banker, and was granted access to the Castle Placement data room. The data room primarily consisted of information related to the Debtor's interests (direct and indirect) in real property plus marketing type materials concerning the Debtor's other investments. The data room, however, lacked documents the Committee requires to assess the Debtor's "three initiatives" that form the basis of the Debtor's plan of reorganization or to analyze the Debtor's other assets.

13. The Committee intends to continue to work with the Debtor to obtain informally as much of the information it needs to expedite the resolution of this case. But to move this case forward at the appropriate pace it will need the tools that Bankruptcy Rule 2004 provides to the Committee to rapidly learn about the "acts, conduct, or property or liabilities and financial condition of the" Debtor, both from the Debtor and third parties who have dealt with him and to assure that this case has the transparency that is the cornerstone of chapter 11.

**RELIEF REQUESTED**

14. By this Motion, the Committee seeks an order pursuant to Bankruptcy Rule 2004, substantially in the form annexed hereto as **Exhibit A** (the "**Rule 2004 Order**"), (a) directing the Debtor to produce documents and information identified on Schedule 1 to the Rule 2004 Order (the "**2004 Documents**") and to appear for oral examination. The Committee also seeks authority to issue subpoenas to obtain documents from, and take depositions of, the persons and entities set forth on Schedule 2 to the Rule 2004 Order, including the Debtor's wife, the entities in which the Debtor or his wife have interests, the banks and financial institutions in which the Debtor or his wife have deposit or investment accounts, and other persons or entities believed to

4

have documents or information concerning the Debtor's assets, liabilities or financial condition (the "**2004 Parties**").

### BASIS FOR RELIEF

A. **Legal Standard For Examinations Under Rule 2004**

15. Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity" with regarding to the "acts, conduct, or property, or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Bankruptcy Rule 2004(a)-(b). Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. The scope of a Bankruptcy Rule 2004 examination is very broad. *See In re Ecam Publications, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991) ("the scope of a Rule 2004 examination is so broad that it can be in the nature of a 'fishing expedition'") (internal citations omitted); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702 (Bankr. S.D.N.Y. 1991); *In re Countrywide Home Loans, Inc.*, 384 B.R. 373 (Bankr. W.D. Pa. 2008). "Rule 2004 has been termed 'the basic discovery device used in bankruptcy cases,' permitting the examination of any party without the requirement of a pending adversary proceeding or contested matter. Rule 2004 necessarily permits a broad investigation into the financial affairs of debtors to assure the proper administration of bankruptcy estates. Its obvious purposes are the discovery of assets of the estate and the exposure of fraudulent conduct." *In re J. Fife Symington, III*, 209 B.R. 678, 683-84 (Bankr. D. Md. 1997) (internal citations omitted). The primary purpose of Rule 2004 discovery is to show the estate's condition and extent; thus preserving and maximizing the rights and recoveries of creditors. *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y.

5

1991) (quoting *Cameron v. U.S.*, 231 U.S. 710, 717 (1914)); *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (purpose of Rule 2004 is to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors.").

B.  **A Rule 2004 Order is Necessary and Appropriate**

17. The Committee requires the information and documents sought under the Rule 2004 Order as part of its investigation of the Debtor's assets and investments, and to assess the Debtor's proposed plan of reorganization, other plan proposals, and whether this case should remain in chapter 11.

18. The Committee also is investigating potential unauthorized post-petition transfers. Based on an initial review of the Debtor's Monthly Operating Reports, it appears that over $800,000 was transferred to the Debtor's wife alone and there are other transfers that warrant investigation. The avoidance and recovery of those transfers could provide the estate with much needed liquidity, which is critical considering that the Debtor appears to be almost out of cash.

19. The entry of a Bankruptcy Rule 2004 Order is necessary because the Committee cannot rely on the Debtor to produce voluntarily all of the documents and information requested by the Committee in a timely fashion. Although the Debtor has provided some documents and information, the Debtor has not provided documents that the Committee deems essential, such as financial information concerning the Debtor's investments and the Marcum, LLP reports used to generate the Debtor's Monthly Operating Reports. Further, few if any of the documents requested are in the Castle Placement, LLC data room.

C.  **The Proposed Order**.

20. The Proposed Order provides that the Debtor is to respond to the Committee's request for production of the documents within twenty-one (21) days from service of the Proposed Order. This time is reasonable in that, while a subpoena is not necessary for the

Debtor, Rule 45 of the Federal Rules of Civil Procedure, made applicable in bankruptcy cases under Rule 9016 of the Federal Rules of Bankruptcy Procedure, provides that a subpoena where applicable must allow "reasonable time to comply" and that an objection to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)-(3). Further, all of the 2004 Documents were previously requested in the RSR Document Request, accordingly, the Debtor already should be prepared to deliver these documents.

21.    Based on the foregoing, the production of documents by the Debtor and appearance for examination by the Debtor as requested in the Motion Proposed Order is appropriate, reasonable and necessary under Bankruptcy Rule 2004.

22.    The Proposed Order also permits the Committee, in its discretion, to subpoena documents from and depose the 2004 Parties concerning the Debtor's assets, liabilities and financial condition. Permitting subpoenas to be served on the 2004 Parties is fair, reasonable and appropriate. All of the 2004 Parties are believed to have information concerning the Debtor's assets, liabilities, and financial condition in their possession, custody and control. In that regard the 2004 Parties are: the Debtor's wife; the Debtor's current or former employees; the accounting firm functioning as the Debtor's "home office;" the financial institutions in which the Debtor or his wife have or had accounts; and the entities in which the Debtor has an interest.

## **NOTICE**

23.    Notice of this Motion has been given to (a) counsel for the Debtor, (b) the Office of the United States Trustee for the Southern District of New York and (c) parties who have filed a notice of appearance and request for service of documents. The Committee respectfully

submits that such notice is sufficient and that no other or further notice of the relief requested herein is necessary or appropriate.

## NO PRIOR REQUEST

24. No prior application or motion for the relief requested herein has been made by the Committee to this or any other Court.

**WHEREFORE**, it is respectfully requested that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, (i) directing the Debtor to produce documents and appear for examination, (ii) authorizing the Committee to issue subpoenas to the parties identified on Exhibit A hereto; and (iii) providing for such other and further relief as is appropriate.

Dated:   Garden City, New York
         February 27, 2019

                            MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
                            *Counsel for the Official Committee of*
                            *Unsecured Creditors*

                            By:   /s/ Jil Mazer-Marino
                                  Jil Mazer-Marino, Esq.
                                  Howard B. Kleinberg, Esq.
                            990 Stewart Avenue, Suite 300
                            P.O. Box 9194
                            Garden City, New York 11530
                            Telephone: (516) 741-6565
                            Email: tslome@msek.com
                            Email: jmazermarino@msek.com

# EXHIBIT A

# Proposed Order

17-13633-mkv    Doc 237    Filed 02/27/19    Entered 02/27/19 16:45:57    Main Document
Pg 9 of 18

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

Robert Francis Xavier Sillerman,
Robert F. X. Sillerman,
Robert F. Sillerman,
Robert X. Sillerman,

                     Debtor.
-----------------------------------------------------------X

Chapter 11

Case No. 17-13633 (MKV)

### ORDER (A) DIRECTING PRODUCTION OF DOCUMENTS BY, AND APPEARANCE FOR EXAMINATION OF, THE DEBTOR, AND (B) AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND EXAMINATION OF WITNESSES TO NON-DEBTOR THIRD PARTIES

Upon the motion (the "**Motion**") of the Official Committee of Unsecured Creditors (the "**Committee**") in the above-referenced case, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure: (a) directing production of documents identified on Schedule 1 hereto (the "**2004 Documents**") by, and appearance for examination of, Robert Francis Xavier Sillerman, the above captioned debtor and debtor in possession (the "**Debtor**"), and (b) authorizing the issuance of subpoenas to the persons and entities identified on Schedule 2 hereto (the "**2004 Parties**"); and good and sufficient notice of the Motion having been given; and no other or further notice of the Motion being required; and good and sufficient cause appearing therefore, it is

**ORDERED** that the Debtor is directed to produce the 2004 Documents so as to be received by counsel to the Committee, Meyer, Suozzi, English & Klein, P.C., 990 Stewart Avenue, Suite 300, Garden City, New York 11530, Attn.: Jil Mazer-Marino, Esq., not later than twenty-one (21) days from the Committee's service of this Order upon counsel to the Debtor by email; and it is further

**ORDERED** that the Debtor shall appear for oral examination at the office of Committee Counsel upon ten day's written notice delivered by email to Debtor's counsel; and it is further

**ORDERED** that the Committee may effect service of this Order upon counsel to the Debtor via email and that such service shall constitute good and sufficient service and notice of this Order and no other or further notice shall be required; and it is further

**ORDERED** that this order is without prejudice to the rights of the Committee to seek further discovery of the Debtor or of any other person or entity; and it is further

**ORDERED** that the Committee is authorized to issue such subpoenas as may be necessary to compel the production of documents from and the testimony of, each of the 2004 Parties in connection with the administration of this chapter 11 case, including seeking documents and testimony related to the Debtor, his assets, including the bankruptcy estate's potential claims and causes of action, direct and indirect investments, and liabilities; and it is further

**ORDERED** that this Court shall retain jurisdiction to resolve any issues with respect to this Order including, without limitation, the requested production of documents and scheduling of the oral examination.

Dated: New York, New York
       March __, 2019

 

                                          HONORABLE MARY KAY VYSKOCIL
                                          UNITED STATES BANKRUPTCY JUDGE

2

# SCHEDULE 1

## DOCUMENTS TO BE PRODUCED BY THE DEBTOR

1.      All statements for all bank, securities and other financial accounts in which the Debtor has or had an interest, including for the last 3 years, whether such accounts are open or closed, including but not limited to:

    a.      Chase Bank account numbers ending 3798, 3799 and 6889

    b.      Signature Bank account numbers ending 6435

    c.      Deutsche Bank account numbers ending 4380, 3050

    d.      Merrill Lynch account numbers unknown

2.      All information concerning all digital or e-wallets, including all identification numbers, passwords and personal identification numbers

3.      All investment summary reports from brokers or investment managers - by month for past 2 years received for the 3 years prior to involuntary bankruptcy filing to the present

4.      All Federal, state and local income tax returns for all jurisdictions for past 3 years including all forms and schedules.  To the extent the Debtor has not filed tax returns for the last 3 years, the Debtor should provide the last 3 filed returns

5.      All documents concerning all claimed and unclaimed tax refunds anticipated by the Debtor

6.      Copies of all personal financial statements prepared by or for the Debtor over the past 3 years

7.      Provide the following documents and information for all investments included in the "Attachment to Schedule D" of the Debtor's Schedules of Assets and Liabilities

    a.      Description of business

    b.      Partnership/LLC operating agreements

    c.      Organization documents-filings with Secretary of State; list where and when organized

    d.      Statements for all bank or other financial accounts for past 3 years

    e.      Tax returns for past 3 years

f.  Financial statements for past 3 years

g.  Valuation reports or indications of value on the entity's assets over the past 3 years

h.  Issuances or drafts of public filings or registration statements

i.  Confidential Information Memorandums provided to the Company in the past 3 years

j.  Bank Statements for past 2 years

k.  General ledgers

l.  Accounting software used by such entity

m.  If inactive, last date of operations

n.  Number of employees at entity currently/ highest number of employees on historical basis

o.  Managers of entity

p.  Detailed listing of assets

q.  All analyses prepared by third party advisors

r.  All management (or third party advisor) presentations made to the board of directors or management in the last 3 years

s.  All documentation (i.e., letters of intent /offers/correspondence) received from buyers or investors related to purchasing the entire business or specific assets of the business

t.  All information memorandum(s), valuations(s) or other descriptive memoranda/presentations prepared in connection with a sale or financing transaction over the past 3 years

u.  Presentations made to existing or potential investors over the last two years (or any other recent presentations)

v.  Most recent business plan; including income statement and cash flow projections

w.  Detailed asset listing by type, including but limited to current assets, PPE, intangible assets, and other assets

8.   All documents regarding the pending public registrations referred to in the "Attachment to Schedule 19" of the Schedule of Assets and Liabilities for DGTLX, LLC, Subscription Media Investors and Cryptocurrency Investors

9.   All documents concerning the Debtor's transfers to or investments in LBSX, LLC or its subsidiaries, including documents concerning the source and uses of funds, timing of payment, proof of payment.

10.   All documents concerning the Debtor's transfers to or investments in Digital Media Investors, LLC or its subsidiaries, including documents concerning the source and uses of funds, timing of payment, proof of payment.

11.   All documents concerning any transfers made in the last three years, by, or on behalf of, the Debtor to limited liability companies or other entities in which the Debtor has a direct or indirect interest, including, documents concerning whether such transfer was a loan or capital contribution

12.   Provide following information for list of investments included in "Attachment to Schedule 19" of the Debtor's Schedule of Assets and Liabilities

   a.   Description of Fund/Investment

   b.   Investment Agreements

   c.   List of fund managers and contact details

   d.   All investment reports, statements, tax reports, written communications from the period that is three years prior to the filing of the involuntary bankruptcy petition to the present

   e.   Schedule of investments made and distributions received from the period that is three years prior to the filing of the involuntary bankruptcy petition to the present

13.   Copies of all life insurance policies and most recent annual policy statements for each policy for which the Debtor is an owner, insured or beneficiary

14.   All documents concerning all notes receivable for parties listed on "Attachment to Schedule A/B No. 30" to the Debtor's Schedule of Assets and Liabilities

15.   All documents concerning $1.2 million of deferred income from Fintech Co. - $1.2 million

16.   All trust agreements, bank statements, financial statements and tax returns concerning all trusts in which Debtor is a beneficiary, grantor, settlor, trustee, or affiliate

3

17. Copies of indemnity agreements from parties listed in #34 to Schedule A/B of Debtor's Schedules of Assets and Liabilities:

   a. FunctionX, Inc. - Rant, Inc.

   b. FunctionX, Inc. to Series G Investors of FunctionX, Inc.

   c. FunctionX, Inc. to Illiad Research & Trading, L.P.

   d. FunctionX, Inc. to American Express

   e. LBSX, LLC - C. Barton Gullong's pursuant to put option

   f. LBSX, LLC - purchase Ryan Seacrest Revocable Trust

   g. LBXS, LLC - purchase John Howard's interests

   h. Brett Torino and Paul C. Kavanos indemnities $35mm guarantee

   i. D&O policy

   j. IDL Mezz, LLC and right of subrogation - loan agreement with Idrive Mezz Lender (FL) LLC

18. All documents concerning the Debtor's golf club memberships, including: The Bridge Membership; Liberty National; Sebonack Golf Membership; and Trump National Golf Club, Bedminster, NJ

19. Copy of "Fernandez" promissory note referred to in MOR

20. Copies of statements for all bank, securities and investment accounts

21. Inventory of all documents and items in storage facility

22. Schedule of all liens and encumbrances on each parcel of real property in which the Debtor has a direct or indirect interest

23. Documents concerning the 2017 charitable donation of an 18.5% interest in LBSX, llc to Tomorrow Foundation

4

## SCHEDULE 2

## 2004 PARTIES

Marcum, LLP

Laura Sillerman

Bethany Gilmore

John Coughlan

Mitch Nelson

Allison Muldoon

Anna Maria Vistica

Ewa Bindek

Edward W. Murphy, III, CPA

Deutsche Bank

Merrill Lynch

Chase Bank

Fidelity

Signature Bank

Abbey Normal, LLC

Aircraft Acquisition Corp.

DigiDollars, LLC

Digital Media Investors, LLC

Elderberry X, LLC

18+ Flag Anguilla LLC

Flag Anguilla Management LLC

Flag HM, LLC

Flag Leisure Group LLC

Flag Luxury Properties LLC

FLPH Nominee LLC

FS, LLC

FXM Investment Corp.

LB Sillerman Company LLC

LBSX, LLC

MJX CDO, LLC

MJX Equity Fund Investments, LLC

MJX Flag Associates, LLC

MJX Golf, LLC

MJX Investors, LLC

MJX, LLC

MJX Managing Member, LLC

MJX Private Equities Investors, LLC

MJX Real Estate Ventures, LLC

MJX Theatrical, LLC

MJX Ventures, LLC

MJX Wheel Company, LLC

Pelican Lease Owner LLC

RFX Acquisition, LLC

RFXS, LLC

Sillerman 2006 GP Trust

Sillerman Commercial Holding Partnership LP

Sillerman Investment Co. II, LLC

Sillerman Investment Co. III, LLC

Sillerman Investment Co. IV, LLC

Sillerman Investment Co. V, LLC

Sillerman Investment Co. VI, LLC

Sillerman Investment Co., LLC

Sillerman Investment Corporation

Sillerman Residential Properties, LP

Sillerman Sports Holdings, LLC

Sillerman/SFXE Manager, LLC

SYNCX LLC

Temenos Partners LLC

Temenos Villas, LLC

The Checkie, LLC

XJM Orlando, LLC

Castle Placement, LLC