**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ROBERT FRANCIS XAVIER SILLERMAN<br>*aka* Robert F.X. Sillerman,<br>*aka* Robert F. Sillerman,<br>*aka* Robert X. Sillerman,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 17-13633 (MKV) |

**ORDER GRANTING MOTION, PURSUANT TO 11 U.S.C. §§ 105, 363, AND 1107 AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND (1) AUTHORIZING THE DEBTOR'S ENTRY INTO THE SETTLEMENT AGREEMENT WITH PLAINTIFFS AND OTHERS IN (I) CERTAIN CONDOLIDATED AMENDED CLASS ACTION AND (II) ACTION OBJECTING TO DISCHARGEABILITY PENDING IN THE UNITED STATES DISTRICT COURT, (2) APPROVING SETTLEMENT AGREEMENT WITH PLAINTIFFS IN CERTAIN ACTION PENDING IN NEW YORK SUPREME COURT, AND (3) APPROVING SETTLEMENT AGREEMENT WITH DEAN ZIEHL, AS LITIGATION TRUSTEE OF THE SFX LITIGATION TRUST**

Upon the motion dated May 6, 2019 (the "**Motion**") [ECF No. 301] of Robert F.X. Sillerman[1] aka Robert F. Sillerman, aka Robert X. Sillerman, the above-captioned debtor and debtor in possession (the "**Debtor**"), by his counsel, Rosen & Associates, P.C., pursuant to 11 U.S.C. §§ 105, 363, and 1107 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, (1) for entry of an order authorizing the Debtor's entry into the (i) Stipulation and Agreement of Settlement (the "**Federal Settlement Agreement**") [ECF No. 301-1, Exhibit 1 to Exhibit A], settling the claims against the Debtor asserted in the Consolidated Amended Class Action and the Non-Dischargeability Action, each as defined in the Federal Settlement Agreement; (ii) the Stipulation of Settlement and Release (the "**State Settlement Agreement**") [ECF No. 301-1,

---

[1] Mr. Sillerman has never been known as Robert Francis Xavier Sillerman.

Exhibit 2 to Exhibit A]; and (iii) the Settlement and Release Agreement (the "**SFX Settlement Agreement**" [ECF No. 301-1, Exhibit 3 to Exhibit A], settling the claims of Dean Ziehl, as Litigation Trustee of the SFX Litigation Trust (the "**SFX Trustee**") (together, the **"Settlement Agreements"**), and (2) for such other and further relief as this Court deems just and proper; and the Court having jurisdiction to consider and determine the Motion as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue of this proceeding being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court, by Notice of Motion, having scheduled a hearing on the Motion on June 12, 2019 at 10:00 a.m. or as soon thereafter as counsel may be heard (the "**Hearing**"); and the Debtor having provided due and adequate service of the Motion and Notice of Motion [ECF Nos. 323 and 324]; and the Official Committee of Unsecured Creditors (the "**Committee**") having served and filed an objection to the Motion (the "**Objection**") [Doc. No. 335]; and the SFX Trustee having served and filed a response to the Objection [Doc. No. 338]; and the Debtor having served and filed a declaration in reply to the Objection [Doc. No. 339]; and the Committee having served and filed a partial withdrawal of its Objection [Doc. No. 340]; and Guevoura Fund Ltd., as Lead Plaintiff in the Consolidated Federal Class Action, having served and filed a reply to the Objection [Doc. No. 342]; and the Hearing having been held before the Court on June 12, 2019 at 10:00 a.m.; and upon the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief sought thereby; and after due deliberation and sufficient cause appearing ~~to me~~ therefor, the Court hereby makes the following

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:[2]**

**Jurisdiction, Final Order and Statutory Predicates**

A.     The Court has jurisdiction over the Motion and the relief requested therein, including responses and objections thereto, if any, pursuant to 28 U.S.C. §§ 157 and 1334. This matter, as it relates to the Court's approval of the reasonableness of the Settlement Agreements under Rule 9019 and authorization of the Debtor to enter into and comply with the terms the Settlement Agreements under 11 U.S.C. §§ 363 and 1107, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).  Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.     The predicates for the relief sought in the Motion are 11 U.S.C. §§ 105, 363, and 1107 and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**Notice**

C.     The Debtor has provided due and adequate notice of the Motion, the Hearing, Settlement Agreements and the subject matter thereof to all parties in interest pursuant to Rules 2002 and 9019(a) of the Federal Rules of Bankruptcy Procedure, *see* ECF Nos. 323 and 324, and no further notice is necessary.  Without limiting the generality of the foregoing, adequate notice of the Motion, the Hearing and the Settlement Agreements has been provided, and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to (i) the United States Trustee; (ii) the Committee; (iii) all creditors of the Debtor who appear on the Debtor's filed schedules of liabilities; (iv) all creditors of the Debtor who, as of the date of the Motion, have filed a proof of claim in the Debtor's case; and (v) all other parties

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitutes conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitutes findings of fact, they are adopted as such.

3

who and entities which have filed a notice of appearance and request for notice in the Debtor's case.

D. The Committee, on the record of the Hearing, fully withdrew its Objections.

**Sound Business Judgment and Reasonableness**

E. The relief requested in the Motion is in the best interests of the Debtor, his estate and his creditors. The Debtor has demonstrated good, sufficient and sound business purposes and justifications for the relief requested in the Motion.

F. The Settlement Agreements are fair and reasonable and in the best interests of the Debtor, his estate and his creditors.

G. The Debtor has demonstrated: that the probability of success in litigation over the matters resolved by the Settlement Agreements is uncertain; that the litigation of the matters resolved by the Settlement Agreements would be complex and costly to the Debtor's estate; that continuation of the litigation resolved by the Settlement Agreements would distract the Debtor and thereby impair and delay the Debtor's efforts to reorganize and propose and consummate a plan of reorganization; and that the Settlement Agreements, as they pertain to the Debtor, fall within the range of reasonableness as required by Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**For all of the foregoing reasons and after due deliberation, IT IS**

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, subject to the terms of this Order.

2. For the reasons set forth herein and on the record of the Hearing, all objections to the Motion and the relief requested therein and/or granted in this Order that have not been

withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits, except to the extent reflected in this Order.

3. Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, the Debtor's decisions to enter into the Settlement Agreements are reasonable and appropriate under the circumstances, satisfy all applicable standards under the Bankruptcy Code and the Bankruptcy Rules of Procedure, and are approved in all respects. The Federal Settlement is, by its terms, subject to final approval, including approval under FRCP Rule 23 by the District Court ("District Court Approval").

4. Pursuant to 11 U.S.C. § 363(b) and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, the Debtor is hereby authorized to take all actions and execute all documents and instruments that he deems necessary or appropriate to implement and effectuate the transactions contemplated by the Settlement Agreements without further order of this Court.

5. The Debtor is authorized to give the releases set forth in paragraph 11 of the Federal Settlement Agreement of the Released Defendants' Claims (as such term is defined in paragraph 2(dd) of the Federal Settlement Agreement), the releases provided in the State Settlement Agreement and the releases provided in paragraph 5(b) of the Trustee Settlement Agreement, all of which releases by the Debtor are hereby approved, subject to Final Court Approval.

6. The Debtor is authorized to give the releases in favor of the Insurance Carriers (as such term is defined in paragraph 2(q) of the Federal Settlement Agreement), paragraph 2(k) of the State Settlement Agreement, and as identified in paragraph 1 of the Trustee Settlement Agreement, from his rights and claims under the relevant directors' and officers' insurance policies, as respectively set forth in paragraph 12 of the Federal Settlement Agreement, paragraph

11 of the State Settlement Agreement and paragraph 5(b) of the Trustee Settlement Agreement, all of which releases by the Debtor are hereby approved, subject to Final Court Approval.

7. The Debtor is authorized to make the Sillerman Contribution (as such term is defined in paragraph 2(kk) of the Federal Settlement Agreement and paragraph 2(v) of the State Settlement Agreement, respectively), and to grant the Sillerman Claim (as such term is defined in paragraph 2 of the Trustee Settlement Agreement).

8. Upon Final Court Approval (as defined in the Federal Settlement Agreement), the SFX Trustee shall amend his proof of claim against the Debtor's estate, which claim has been designated as claim number 38, to the amount of $750,000 and the claim shall be allowed in such amount. Nothing in this Order changes or affects the provisions of paragraph 2 of the SFX Settlement Agreement.

9. Upon Final Court Approval (as defined in the Federal Settlement Agreement), Guevoura Fund Ltd., lead plaintiff in the Consolidated Federal Class Action, shall amend its class proof of claim against the Debtor's estate, which claim has been designated as claim number 35, to the amount of $750,000 and the claim shall be allowed in such amount.

10. Upon Final Court Approval (as defined in the Federal Settlement Agreement), Guevoura Fund Ltd. shall withdraw its individual proof of claim against the Debtor's estate, which claim has been designated as claim number 37.

11. Upon Final Court Approval (as defined in the Federal Settlement Agreement), Gregory L. Burford's proof of claim against the Debtor's estate, designated as claim number 36, shall be deemed withdrawn.

12. Upon Final Court Approval (as defined in the Federal Settlement Agreement), the Guevoura Fund, Ltd., on behalf of itself and all others similarly situated, shall dismiss the Non-Dischargeability Action.

13. The plaintiffs in the New York state court Action shall amend their proofs of claim against the Debtor's estate to the reduced amount of $1,000,000 in the aggregate, which claims have been designated as claim numbers 48 through 54 and shall be allowed, as follows:

> Claim No. 48 - $45,620.39 (WCM Alternatives: Event Driven Fund);
> Claim No. 49 - $61,788.50 (WCM Master Trust);
> Claim No. 50 - $66,837.50 (The Merger Fund);
> Claim No. 51 - $807,145.16 (Altimeo Optimum);
> Claim No. 52 - $10, 119.86 (Altimeo Investissement);
> Claim No. 53 - $340.72; (The Merger Fund VL); and
> Claim No. 54 - $8,147.87 (Edward S. Gutman)

14. The failure specifically to include any particular provision of the Settlement Agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that, as to the Debtor, the Settlement Agreements be authorized and approved in their entirety, subject only to the terms of this Order and Final Court Approval by the District Court.

15. To the extent of any inconsistencies between the Settlement Agreements, on the one hand, and this Order, on the other, the terms of this Order shall control.

16. For the avoidance of doubt, nothing contained herein shall constitute approval of the Federal Settlement Agreement pursuant to Rule 23 of the Federal Rules of Civil Procedure. Upon entry of this Order, all other matters not addressed in this Order related to the parties seeking Final Court Approval of the Federal Settlement Agreement pursuant to Rule 23 of the Federal Rules of Civil Procedure shall proceed in the District Court, and all matters related to

consummation and effectuation of the terms of the Federal Settlement Agreement shall be subject to approval by and under the direction and supervision of the District Court.

Dated: New York, New York
June 26, 2019

                                        *s/ Mary Kay Vyskocil*
                                    UNITED STATES BANKRUPTCY JUDGE