CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Thomas R. Slome, Esq.
Jil Mazer-Marino, Esq.
Elizabeth M. Aboulafia, Esq.

*Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

|   |   |
|---|---|
| | Chapter 11 |
| Robert Francis Xavier Sillerman, | |
| aka Robert F.X. Sillerman, | Case No.: 17-13633 (MKV) |
| aka Robert F. Sillerman, | |
| aka Robert X. Sillerman, | |
| | |
| Debtor. | |

------------------------------------------------------------X

**MOTION FOR ENTRY OF AN ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) SCHEDULING CONFIRMATION HEARING; (III) ESTABLISHING A VOTING RECORD DATE; (IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (V) APPROVING THE  FORM OF BALLOT AND ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN;  (VI) APPROVING THE FORM OF NOTICE TO NON-VOTING CLASSES UNDER THE PLAN; (VII) APPROVING THE FORM OF NOTICE OF THE CONFIRMATION HEARING; (VIII) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN; AND (IX) SETTING RELATED DEADLINES**

The Official Committee of Unsecured Creditors (the "**Committee**") for the above-

captioned debtor Robert F.X. Sillerman (the "**Debtor**"), by and through its undersigned counsel,

Cullen and Dykman LLP, hereby submits this motion (the "**Motion**") pursuant to sections 1125,

1126, and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002,

3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")

and Rules 3017-1, 3018-1, and 3020-1 of the Local Rules of the United States Bankruptcy Court

for the Southern District of New York (the "**Local Rules**") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Disclosure Statement Order**"), (i) approving the *Disclosure Statement for the Chapter 11 Plan of Liquidation for the Debtor Proposed by the Official Committee of Unsecured Creditors* (as it may be further amended, modified, and supplemented, the "**Disclosure Statement**"); (ii) scheduling a hearing (the "**Confirmation Hearing**") on confirmation of the *Chapter 11 Plan of Liquidation for the Debtor Proposed by the Official Committee of Unsecured Creditors* (as it may be further amended, modified, and supplemented, the "**Plan**")[1]; (iii) establishing a voting record date (the "**Record Date**"); (iv) approving solicitation packages and procedures for distribution thereof; (v) approving the form of ballot (the "**Ballot**"), substantially in the form attached hereto as **Exhibit B**, and establishing procedures for voting on the Plan; (vi) approving the form of notice (the "**Non-Voting Notice**") to non-voting classes under the Plan, substantially in the form attached hereto as **Exhibit C**; (vii) approving the form of notice of the Confirmation Hearing (the "**Confirmation Hearing Notice**"), substantially in the form attached hereto as **Exhibit D**; (viii) establishing notice and objection procedures for confirmation of the Plan; and (ix) setting related deadlines in this Chapter 11 Case.

### Preliminary Statement

By this Motion, and pursuant to the authority cited herein, the Committee seeks entry of the Disclosure Statement Order and the approval of various substantive and procedural matters central to the Plan confirmation process. In order to proceed in the most cost efficient and effective manner to confirm a Plan that will bring value to the Estate while continuing to afford creditors (and the Debtor) due process and broad notice and opportunity to be heard, the Committee respectfully requests that the Court enter the Disclosure Statement Order governing

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

the confirmation process for this Chapter 11 Case. The following table provides certain proposed dates related to the specific relief requested in the Motion.

| Event | Proposed Date |
|---|---|
| Disclosure Statement Approval Hearing | October 10, 2019 or as soon thereafter as is convenient for the Court |
| Record Date: | Date of Entry of the Disclosure Statement Order |
| Proposed Service of Solicitation Packages: | Within five (5) business days of entry of the Disclosure Statement Order |
| Voting Deadline: | November 12, 2019, at 5:00 p.m. (EST) |
| Plan Confirmation Objection Deadline: | November 12, 2019, at 5:00 p.m. (EST) |
| Voting Certification Deadline: | November 15, 2019 |
| Deadline to Reply to Plan Objections: | November 18, 2019 |
| Confirmation Hearing: | November 21, 2019, at 10:00 a.m. (EST) or as soon thereafter as is convenient for the Court |

As demonstrated herein, the Committee submits, among other things, that the Disclosure Statement contains adequate information pursuant to Bankruptcy Code section 1125(a) and should be approved for solicitation. Additionally, the Committee submits that the proposed procedures are fair and appropriate and should be approved. In further support of this Motion, the Committee states as follows:

## Jurisdiction

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested

herein are sections 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018 and 3020, and Local Rules 3017-1, 3018-1, and 3020-1.

## Background

### General Case Background[2]

2.     On December 27, 2017, React Presents, Inc., Clubtix, Inc., Lucas King, and Jeffrey Callahan filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against the Debtor.

3.     The Debtor consented to the entry of an order for relief and moved to convert his case to one under chapter 11 of the Bankruptcy Code.  On March 1, 2018, the Court entered an order converting this case to one under chapter 11 (ECF No. 26).

4.     Since conversion of the case to chapter 11, the Debtor has been legally entitled to operate his business and manage his properties and affairs as debtor and debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.     On March 16, 2018, the Debtor filed his Schedules of Assets and Liabilities (ECF No. 29) and Statement of Financial Affairs (ECF No. 30).  On March 20, 2018, the Debtor filed an amended schedule of secured creditors (ECF No. 36).

6.     On August 24, 2018, the Bankruptcy Court entered an order (ECF No. 107) establishing October 1, 2018 as the deadline for each person or entity to file proofs of claim in respect of any prepetition Claims against the Debtor.

7.     On January 11, 2019, the Office of the United States Trustee for Region 2 (the "**U.S. Trustee**") appointed the Committee, consisting of two members, VistaJet US, Inc. and ID Wheel (FL) LLC (collectively, the "**Members**").

---

[2] Reference is made to the Disclosure Statement for a more detailed factual background of the Chapter 11 Case.

8.     To date, no trustee or examiner has been appointed, however on August 8, 2019, the Committee filed a motion to convert the Debtor's case to one under chapter 7 or appoint a chapter 11 trustee (ECF No. 404), the hearing on which is scheduled for September 5, 2019.

### The Committee Plan and Disclosure Statement

9.     The Debtor's exclusive periods to file a plan of reorganization and solicit acceptances have now expired, and the Committee has determined that it is in the best interest of creditors and the Estate to propose its own chapter 11 plan that will provide a recovery to general unsecured creditors through the liquidation of assets by a Creditor Recovery Trust.  Accordingly, the Committee has expended significant efforts to obtain information regarding the Debtor's assets and evaluate the best way to monetize these assets for the benefit of the creditors of the Estate.  Based on its efforts, the Committee believes that the formation of a Creditor Recovery Trust to liquidate assets and make distributions to creditors represents the best path towards maximizing the value of the Estate.

10.     As set forth in more detail in the Plan and Disclosure Statement, the Plan contemplates the automatic transfer of all Estate property (including Causes of Action) to the Creditor Recovery Trust as of the Effective Date, which property will become Creditor Recovery Trust Assets to be liquidated and distributed as set forth in the Plan.

### Relief Requested

11.     By this Motion, the Committee seeks entry of the Disclosure Statement Order, substantially in the form attached hereto as **Exhibit A**, (i) approving the Disclosure Statement; (ii) scheduling the Confirmation Hearing to consider confirmation of the Plan; (iii) establishing the Record Date; (iv) approving solicitation packages and procedures for distribution thereof; (v) approving the form of Ballot, substantially in the form attached hereto as **Exhibit B**, and

establishing procedures for voting on the Plan; (vi) approving the form of Non-Voting Notice, substantially in the form attached hereto as **Exhibit C**; (vii) approving the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit D**; (viii) establishing notice and objection procedures for confirmation of the Plan; and (ix) setting related deadlines in this Chapter 11 Case.

**Basis for Relief Requested**

### I.     The Disclosure Statement Should be Approved as Containing Adequate Information Pursuant to Bankruptcy Code Section 1125

12.     The Committee submits that approval of the Disclosure Statement is warranted because the Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.  Adequate information is defined in the Bankruptcy Code as:

> [I[nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan, and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a).

13.     A disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by impaired creditors entitled to vote on the chapter 11 plan.  *See In re Momentum Mfg. Corp.*, 25 F. 3d 1132, 1136 (2d Cir. 1994); *In re Dakota Rail, Inc.,* 104 B.R. 138, 142 (Bankr. D. Minn. 1989); *In re Copy Crafters Quickprint Inc.,* 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case specific basis under a flexible standard that can promote the policy of

Chapter 11 towards fair settlement through a negotiation process between informed interested parties").

14.     In examining the adequacy of the information contained in a disclosure statement, the Court has broad discretion.     *See Texas Extrusion Corp v. Lockheed Corp.* (*In re Texas Extrusion Corp.*), 844 F.2d 1142, 1157 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988); *see also Dakota Rail*, 104 B.R. at 143 (court has "wide discretion to determine . . . whether a disclosure statement contains adequate information without burdensome, unnecessary and cumbersome detail").

15.     This grant of discretion was intended to facilitate effective reorganization of a debtor in the broad range of businesses in which chapter 11 debtors engage, and the broad range of circumstances that accompany chapter 11 cases.     *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 40809 (1977).     "In reorganization cases, there is frequently great uncertainty.     Therefore, the need for flexibility is greatest."     *Id.* at 409.     Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case.

16.     Courts generally examine whether the disclosure statement contains, if applicable, the following types of information:

> a.     the circumstances that gave rise to the filing of the bankruptcy petition;
>
> b.     a complete description of the available assets and their value;
>
> c.     the anticipated future of the debtor;
>
> d.     the source of the information provided in the disclosure statement;
>
> e.     a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

f.     the condition and performance of the debtor while in Chapter 11;

g.     information regarding claims against the Estate;

h.     a liquidation analysis setting forth the estimated return creditors would receive under Chapter 7;

i.     the accounting and valuation methods used to produce financial information in the disclosure statement;

j.     information regarding the future management of the debtor including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

k.     a summary of the plan of reorganization;

l.     an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

m.     the collectability of any accounts receivable;

n.     any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

o.     information relevant to the risks being taken by the creditors and interest holders;

p.     the actual or projected value that can be obtained from avoidable transfers;

q.     the existence, likelihood and possible success of non-bankruptcy litigation;

r.     the tax consequences of the plan; and

s.     the relationship of the debtor with its affiliates.

*See, e.g.*, *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988).

17.    The Committee submits that the Disclosure Statement contains "adequate information" within the meaning of section 1125(a)(1) of the Bankruptcy Code sufficient to warrant its approval. Specifically, the Disclosure Statement contains the pertinent information

necessary for holders of eligible claims to make an informed decision on whether to vote to accept or reject the Plan, including, among other things, information concerning (i) the Plan, including a summary of the classification and treatment of all classes of creditors, (ii) the source and manner of distributions to be made under the Plan on or after its effective date, (iii) estimated recoveries by creditors under the Plan on account of their respective allowed claims, (iv) risk factors affecting the Plan, and (v) all releases contemplated under the Plan. The Disclosure Statement also provides background information on the Debtor, the events leadings to the chapter 11 filing, and significant events during the Chapter 11 Case.

18. Accordingly, the Committee respectfully submits that the Disclosure Statement contains adequate information pursuant to section 1125(a) of Bankruptcy Code and therefore requests that the Disclosure Statement be approved pursuant to section 1125(b) of the Bankruptcy Code.

## II. Establishing a Voting Record Date

19. Bankruptcy Rule 3017(d) provides that, for purposes of soliciting votes in connection with the confirmation of a chapter 11 plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court . . ." FED. R. BANKR. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision with respect to determining the record date for voting purposes.

20. The Committee requests that the Court establish as the Record Date in this case the date on which the Disclosure Statement Order is entered by the Court for purposes of determining (i) which eligible holders of Claims are entitled to vote on the Plan and (ii) which holders of Claims are entitled to receive other notices described herein.

### III.    Approving Solicitation Packages and Procedures for Distribution

21.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to creditors and equity holders for the purpose of soliciting their votes and providing adequate notice of a hearing on confirmation of a chapter 11 plan.  FED. R. BANKR. P. 3017(d).

### a.    Voting Classes

22.    In accordance with Bankruptcy Rule 3017(d), after the Court has approved the Disclosure Statement, the Committee, through its attorneys, Cullen and Dykman LLP, as voting agent (the "**Voting Agent**"), shall transmit, or cause to be transmitted, by first class mail to holders of Claims in Class 3 (General Unsecured Claims) (the "**Voting Class**") a solicitation package (the "**Solicitation Package**")[3] containing: (i) a copy of the Disclosure Statement Order (without exhibits); (ii) the Confirmation Hearing Notice; (iii) the Disclosure Statement (with the Plan annexed thereto); and (iv) the form of Ballot and pre-addressed return envelope.  The Committee submits that such materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

### b.    Non-Voting Classes

23.    Pursuant to section 1126(f) of the Bankruptcy Code, unimpaired creditors are "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required."  11 U.S.C. § 1126(f).  Accordingly, the Committee proposes that it not be required to transmit a Solicitation Package to holders of Administrative Expense Claims, Fee Claims, and Priority Tax Claims, which are unclassified Claims, or to holders of

---

[3] The Committee requests that this Court authorize the Committee to make non-substantive changes to the Disclosure Statement, Plan, Ballots, the Confirmation Hearing Notice, and any other notice related to the Plan or Disclosure Statement and all exhibits and appendices to any of the foregoing without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their distribution.

claims in Class 1 (Other Priority Claims) and Class 2 (Secured Claims) who are unimpaired, and, therefore, are deemed to have accepted the Plan.

24.     The Committee, through the Voting Agent, proposes to transmit, or cause to be transmitted, by first class mail to each of the holders in Claims in Classes 1 and 2 (collectively, the "**Non-Voting Parties**"): (i) the Confirmation Hearing Notice; and (ii) a Non-Voting Notice, substantially in the form annexed hereto as **Exhibit C**, which sets forth the manner in which a copy of the Plan and Disclosure Statement may be obtained.

25.     The Committee, through the Voting Agent, proposes to transmit, or cause to be transmitted, by first class mail, the Solicitation Packages and the Non-Voting Notices within five (5) business days of entry of the Disclosure Statement Order (the "**Solicitation Deadline**").

26.     The Committee anticipates that some notices may be returned by the United States Postal Service as undeliverable. The Committee believes that it would be costly and wasteful to mail such notices to the same addresses to which previous notices have been returned as undeliverable. Therefore, the Committee seeks the Court's approval for a departure from the strict notice rule, excusing the Committee from mailing such notices to those entities listed at such addresses unless the Committee is provided with accurate addresses for such entities prior to twenty (20) days before the Confirmation Hearing.

27.     The Committee submits that it has shown good cause for implementing the proposed notice and service procedures, which comply with the time periods provided by Bankruptcy Rule 2002 and the applicable Local Rules, and requests that the Court approve such notice as adequate. The Committee anticipates that service will comply with the time periods provided in the Bankruptcy Rules and Local Rules. Copies of the proposed Disclosure Statement and the Plan will also remain on file with the Office of the Clerk of the Bankruptcy

Court and be viewable through access to the PACER and ECF systems. Additionally, the Disclosure Statement and Plan can be obtained by any interested party on written request or email to the Committee's counsel at the following address: Cullen and Dykman LLP, 100 Quentin Roosevelt Blvd., Garden City, NY 11530, (516) 357-3700, Attn: Cindy Mohan (cmohan@cullenllp.com).

28.     No interested party will be prejudiced by the proposed notice procedures. All holders of claims in the Voting Class will receive copies of the Disclosure Statement and Plan, and the Committee believes that the solicitation period proposed in this Motion provides holders of claims in the Voting Class with ample time to make an informed decision to accept or reject the Plan. The Plan was the culmination of extensive efforts by the Committee whose constituents are the holders of General Unsecured Claims in the Voting Class. Accordingly, the Committee submits that the solicitation period is sufficient under the circumstances and should be approved.

## IV.     Approving Form of Ballot and Establishing Procedures for Voting on the Plan

### a.     Approval of Form of Ballot and Distribution Thereof

29.     Bankruptcy Rule 3017(d) requires a plan proponent to mail a form of Ballot, which substantially conforms to Official Form No. B314, only to "creditors and interest holders entitled to vote on the plan." FED. R. BANKR. P. 3017(d). The Committee proposes to distribute Ballots to holders of Claims in the Voting Class. The proposed form of Ballot is substantially in the form annexed hereto as **Exhibit B** and is based on Official Form No. B314, but has been modified to address the particular aspects of this chapter 11 case and to include certain additional information relevant to the holders of Claims in the Voting Class.

### b. Establishing a Voting Deadline for Receipt of Ballots

30.     Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the Court shall fix a time within which the holders of claims or equity interests may accept or reject a plan.  FED. R. BANKR. P. 3017(c).  As stated, the Committee anticipates commencing the solicitation of votes to accept or reject the Plan by the Solicitation Deadline. Based on such schedule, the Committee proposes that, to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to the Voting Agent by: (i) first class mail, in the return envelope provided; (ii) overnight courier; (iii) electronic mail or (iv) personal delivery so that it is actually **received** by the Voting Agent no later than **November 12, 2019 at 5:00 p.m. (EST)** (the "**Voting Deadline**").  The Committee submits that this solicitation period provides sufficient time for parties entitled to vote can make an informed decision to accept or reject the Plan.

### c. Approval of Procedures for Vote Tabulation

31.     Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under section (e) of this section, that have accepted or rejected such plan.

11 U.S.C. §1126(c).

32.     Further, Bankruptcy Rule 3018(a) provides that the "court after notice and a hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."  FED R. BANKR. P. 3018(a).

### *i. Voting Procedures*

33.     For purposes of voting on the Plan, with respect to all creditors, the Committee proposes that the amount of a claim used to tabulate acceptances or rejections of the Plan should be determined in accordance with the following procedures, without prejudice to the rights of the applicable creditors in any other context:

> (a)     <u>Wholly Unliquidated Claims</u>.  Holders of (i) filed Claims that are wholly unliquidated or are in a zero or unknown amount and (ii) scheduled Claims that are wholly unliquidated or are scheduled in a zero or unknown amount and as to which a timely Proof of Claim has not be filed, are entitled to vote in the amount of $1.00.

> (b)     <u>Transferred Claims</u>.  For purposes of the Record Date, the Committee proposes that no transfer of Claims pursuant to Bankruptcy Rule 3001 shall be recognized unless (i) documentation evidencing such transfer was filed with the Court on or before twenty-one (21) days prior to the Record Date; and (ii) no timely objection with respect to such transfer was filed by the transferor.

> (c)     <u>Duplicate Claims</u>.  If a Proof of Claim reasonably appears (i) to be duplicative of another Proof of Claim filed by or on behalf of the same holder, or (ii) to amend or supersede a prior Proof of Claim filed by or on behalf of the same holder, the Committee proposes that such later-filed Proof of Claim shall supersede the duplicative, amended, or superseded Claim (as applicable) for voting and tabulation purposes and the holder shall have one (1) Claim for voting purposes.

> (d)     <u>Disputed Claims</u>.  The Committee also proposes that if the Committee has filed and served an objection to a Claim at least fourteen (14) days prior to the Voting Deadline, such Claim shall be disallowed for voting purposes only and not for the purpose of allowance or distribution.

> (e)     <u>Undisputed Filed Claims</u>.  With respect to a Claim as to which a Proof of Claim has been timely filed and not subject to an objection filed at least fourteen (14) days prior to the Voting Deadline, the amount and classification of such claim shall be that specified in the Proof of Claim.

> (f)     <u>Undisputed Scheduled Claims</u>.  With respect to a Claim that appears on the Schedules as undisputed, noncontingent and liquidated, and as to which no objection has been filed at least fourteen (14) days prior to the Voting Deadline, the amount and classification of such Claim shall be that specified in the Schedules unless superseded by an undisputed Proof of Claim.

(g)  **Bankruptcy Court Determined Claims**.  With respect to a Claim for which an order has been entered reducing, reclassifying or allowing, the amount and classification of the Claim shall be that specified in such order.

34.  In addition, the Committee proposes that the following voting procedures and standard assumptions apply for purposes of tabulating Ballots:

(a)  Except to the extent allowed by the Court, Ballots received after the Voting Deadline shall not be accepted or counted in connection with the Committee's request for confirmation of the Plan;

(b)  Creditors shall not split their vote within a Claim; thus each creditor shall be deemed to have voted the full amount of its Claim either to accept or reject the Plan;

(c)  Any Ballots that partially reject and partially accept the Plan shall not be counted;

(d)  The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each holder of a Claim, and except as otherwise provided in the Disclosure Statement, such delivery shall be deemed made only when the executed Ballot is actually received by the Voting Agent;

(e)  Delivery of a Ballot to the Voting Agent by electronic communication (i.e. email) shall be counted, but delivery of a signed Ballot by facsimile or any other electronic means shall not be counted;

(f)  Ballots delivered to the Debtor or his attorneys shall not be counted unless received by the Voting Agent by the Voting Deadline;

(g)  The Committee reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan at any time prior to the entry of the Confirmation Order. If the Committee makes material changes in the terms of the Plan or the Committee waives a material condition (except the waiver of conditions for the occurrence of the Effective Date (as defined in the Plan) for which no Court direction or approval shall be required, the Committee will disseminate additional solicitation materials and will extend the solicitation, in each case to the extent directed by the Court;

(h)  If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, and the later received Ballot(s) do not reflect a change in said individual's acceptance or rejection of the Plan, the last valid Ballot timely received shall be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot; otherwise,

any holder of a Claim that seeks to change or withdraw an acceptance or rejection of the Plan must comply with the requirements set forth in Bankruptcy Rule 3018;

(i)     If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person shall be required to indicate such capacity when signing and, upon request of the Committee, submit proper evidence satisfactory to the Committee to so act on behalf of a beneficial interest holder;

(j)     Upon further approval by the Court, the Committee may waive any defect in any Ballot at any time, either before or after the close of voting;

(k)     Any holder of impaired Claims who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(l)     Any Ballot received that does not indicate either an acceptance or rejection of the Plan, but includes a valid signature, shall not be counted except as approved by further Order of the Court;

(m)     Any Ballot that is unsigned, is tendered by a claimant in a class to which the corresponding Claim is not classified or is filed after the Voting Deadline shall not be counted except as agreed in writing by the Committee; and

(n)     Neither the Committee, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to any Ballots nor will any of them incur any liabilities for failure to provide such notification.

35.     The Committee believes that the foregoing proposed procedures provide a fair and equitable voting process.

36.     The Committee additionally requests that any party seeking to temporarily allow a Claim for purposes of voting to accept or reject the Plan be required to file a motion pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing its Claim for purposes of voting to accept or reject the Plan at least ten (10) days prior to the Voting Deadline. The Committee further proposes, in accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, such creditor's Ballot should not be counted unless allowed by the Court for voting

purposes, after notice and a hearing, pursuant to an order entered prior to the Voting Deadline or as otherwise directed by the Court.

### ii. Vote Certification

37.     On or before **November 15, 2019**, the Voting Agent shall certify in writing (the "**Voting Certification**") the amount and number of Allowed Claims in the Voting Class that vote to accept or reject the Plan and shall file the Voting Certification via ECF and serve the Voting Certification upon the U.S. Trustee and counsel to the Debtor. The Committee submits that such procedures provide for a fair and equitable voting process, are in compliance with Local Rule 3018-1(a), and should be approved by the Court.

## V.     Establishing Notice and Objection Procedures for the Confirmation Hearing

### a.  Setting the Confirmation Hearing

38.     Pursuant to Bankruptcy Rule 3017(c), at the time of or before the approval of the Disclosure Statement, "the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." FED. R. BANKR. P. 3017(c). In accordance with Bankruptcy Rules 2002(b) and 3017(c) and in view of the Committee's proposed solicitation schedule outlined in this Motion, the Committee requests that the Confirmation Hearing be scheduled on **November 21, 2019, at 10:00 a.m. (EST)** or as soon as practicable thereafter at the Court's convenience.

39.     The Confirmation Hearing may be continued from time to time without further notice, except for adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court. The proposed date for the Confirmation Hearing enables the Committee to pursue confirmation of the Plan pursuant to an appropriate timetable that will promote judicial economy and the expedient confirmation of the Plan and

transfer of Estate assets to the Creditor Recovery Trust to the benefit of all creditors and parties in interest.

### b. Establishing Procedures for Notice of the Confirmation Hearing

40.     Bankruptcy Rules 2002(b) and (d) require not less than twenty-eight (28) days' notice of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan.   In accordance with Bankruptcy Rules 2002 and 3017(d), the Committee proposes to provide all known holders of Claims, as of the Record Date, simultaneously with the distribution of the Solicitation Packages to those entities entitled thereto, the Confirmation Hearing Notice, substantially in the form annexed hereto as **<u>Exhibit D</u>**, which provides: (i) the Voting Deadline for the submission of Ballots to accept or reject the Plan; (ii) the deadline for filing objections to confirmation of the Plan; and (iii) the time, date and place of the Confirmation Hearing.

41.     The Committee submits that under the circumstances of this case, notice by publication is not required under Bankruptcy Rule 2002(l).  The Committee further submits that the foregoing procedures will provide adequate notice of the Confirmation Hearing and all related matters and, accordingly, requests that the Court deem such notice adequate and proper.

### c. Establishing Procedures for Objections to Confirmation of the Plan

42.     Bankruptcy Rule 2002(b) requires that all creditors be given at least twenty-eight days' notice by mail of the time fixed for filing objections to confirmation of a plan.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed "within a time fixed by the court."   FED. R. BANKR. P. 3020(b)(1).   Local Rule 3020-1(a) requires that objections to confirmation of a plan be filed no later than seven (7) days before the Confirmation Hearing.

43.     The Confirmation Hearing Notice provides, and the Committee requests, that any objections to confirmation of the Plan (a) be in writing; (b) state with particularity the grounds therefore and include, when possible, proposed language for amending the Plan to resolve such objection; (c) conform to the Bankruptcy Rules and the Local Rules; (d) be filed electronically with the Bankruptcy Court; and (e) be served in accordance with General Order M-399 so as to be **received** no later than **5:00 p.m. (EST) on November 12, 2019** on the following parties: (i) counsel to the Committee, Cullen and Dykman LLP, Attn: Thomas R. Slome, Esq., Jil Mazer-Marino, Esq. and Elizabeth M. Aboulafia, Esq., 100 Quentin Roosevelt Blvd., Garden City, New York 11530; (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Richard Morrissey, Esq.; and (iii) the attorneys for the Debtor, Rosen & Associates, P.C., 747 Third Avenue, New York, NY 10017, Attn: Sanford P. Rosen, Esq.

44.     The Committee further requests that the Court set **November 18, 2019** as the deadline for filing and service of replies or an omnibus reply to any objections to confirmation of the Plan.

45.     The Committee submits that the proposed timing for service of objections and replies, if any, will afford the Court and the Committee sufficient time to consider any objections before the Confirmation Hearing.  Accordingly, the Committee requests that the Court approve the schedule set forth herein pursuant to Bankruptcy Rule 3020 and Local Rule 3020-1(a).

### d.  Establishing Procedures for Direct Testimony by Proffer

46.     To obtain confirmation of the Plan, the Committee will be required to demonstrate that the Plan satisfies the applicable provisions of section 1129 of the Bankruptcy Code.  In order to enable the Committee to satisfy the evidentiary burden of proof required in

connection with confirmation of the Plan without the need for a time-consuming question-and-answer process, and pursuant the Chambers' Rules of this Court, the Committee requests the Court's approval to submit written direct testimony by proffer in lieu of direct examination. The Committee submits that the proposed proffer will provide for a more streamlined process at the Confirmation Hearing without prejudice to the Court or any party in interest, as the witness whose testimony is to be proffered will be present at the Confirmation Hearing and available for cross-examination, if needed.

## Notice

47.     Notice of this Motion has been given to: (a) counsel to the Debtor, (b) the U.S. Trustee, and (c) all parties in interest in this chapter 11 case. The Committee submits that, under the circumstances, no other or further notice is required.

## No Prior Request

48.     No prior motion for the relief requested herein has been made to this or any other Court by the Committee.

## Conclusion

49.     Based upon the foregoing, under the authority of sections 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018 and 3020, and Local Rules 3017-1, 3018-1, and 3020-1, the Committee respectfully requests that this Court grant the relief requested herein.

WHEREFORE, the Committee respectfully requests that this Court enter the Disclosure Statement Order, substantially in the form attached hereto as **Exhibit A**, (i) approving the Disclosure Statement; (ii) scheduling the Confirmation Hearing on confirmation of the Plan; (iii) establishing the Record Date; (iv) approving Solicitation Packages and procedures for

distribution thereof; (v) approving the form of Ballot and establishing procedures for voting on the Plan; (vi) approving the form of Non-Voting Notice to Non-Voting Parties under the Plan; (vii) approving the Confirmation Hearing Notice; (viii) establishing notice and objection procedures for confirmation of the Plan; (ix) setting related deadlines in this chapter 11 case; and (x) granting such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
      August 30, 2019

                              CULLEN AND DYKMAN LLP

                              By: *s/ Jil Mazer-Marino*
                              Thomas R. Slome, Esq.
                              Elizabeth M. Aboulafia, Esq.
                              Jil Mazer-Marino, Esq.
                              100 Quentin Roosevelt Boulevard
                              Garden City, NY 11530
                              (516) 357-3700

                              *Counsel for the Official Committee of Unsecured Creditors*

## EXHIBIT A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

Robert Francis Xavier Sillerman,
aka Robert F.X. Sillerman,
aka Robert F. Sillerman,
aka Robert X. Sillerman,

Debtor.
-------------------------------------------------------------X

Chapter 11

Case No.: 17-13633 (MKV)

**ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) SCHEDULING
CONFIRMATION HEARING; (III) ESTABLISHING A VOTING RECORD DATE;
(IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR
DISTRIBUTION THEREOF; (V) APPROVING THE  FORM OF BALLOT AND
ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN;  (VI) APPROVING
THE FORM OF NOTICE TO NON-VOTING CLASSES UNDER THE PLAN; (VII)
APPROVING THE FORM OF NOTICE OF THE CONFIRMATION HEARING;
(VIII) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR
CONFIRMATION OF THE PLAN; AND (IX) SETTING RELATED DEADLINES**

Upon the motion (the "**Motion**")[1] of the Official Committee of Unsecured Creditors (the

"**Committee**") for the above-captioned debtor Robert F.X. Sillerman (the "**Debtor**"), by and

through its undersigned counsel, Cullen and Dykman LLP, pursuant to sections 1125, 1126, and

1128 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002,

3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")

and Rules 3017-1, 3018-1, and 3020-1 of the Local Rules of the United States Bankruptcy Court

for the Southern District of New York (the "**Local Rules**"), seeking entry of an order (i)

approving the *Disclosure Statement for the Chapter 11 Plan of Liquidation for the Debtor

Proposed by the Official Committee of Unsecured Creditors* (as it may be further amended,

modified, and supplemented, the "**Disclosure Statement**"); (ii) scheduling a hearing (the

"**Confirmation Hearing**") on confirmation of the *Chapter 11 Plan of Liquidation for the Debtor*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Proposed by the Official Committee of Unsecured Creditors* (as it may be further amended, modified, and supplemented, the "**Plan**"); (iii) establishing a voting record date (the "**Record Date**"); (iv) approving solicitation packages and procedures for distribution thereof; (v) approving the form of ballot (the "**Ballot**") and establishing procedures for voting on the Plan; (vi) approving the form of notice (the "**Non-Voting Notice**") to non-voting classes under the Plan; (vii) approving the form of notice of the Confirmation Hearing (the "**Confirmation Hearing Notice**"); (viii) establishing notice of objection procedures for confirmation of the Plan; and (ix) setting related deadlines in this chapter 11 case; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on to the extent set forth herein.

2.      The Disclosure Statement is hereby approved as containing "adequate information" pursuant to Section 1125(a) of the Bankruptcy Code.

3.      The proposed form of Ballot is approved to be distributed to holders of Claims in Class 3 (General Unsecured Claims) (the "**Voting Class**").

4.      The form of Non-Voting Notice is approved to be distributed to the holders of Claims in Classes 1 and 2 (collectively, the "**Non-Voting Parties**").

5.     The Notice of Confirmation Hearing (the "**Confirmation Hearing Notice**") is hereby approved.

6.     Within five (5) business days of entry of this Order, the Committee, through their attorneys, Cullen and Dykman LLP, as voting agent (the "**Voting Agent**") shall transmit, or cause to be transmitted,  by first class mail to holders of Claims in the Voting Class a solicitation package (the "**Solicitation Package**") containing: (i) a copy of this Order (without exhibits); (ii) the Confirmation Hearing Notice; (iii) the Disclosure Statement (with the Plan annexed thereto); and (iv) form of Ballot and pre-addressed return envelope.

7.     The Committee shall be authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballots, the Confirmation Hearing Notice, and any other notice related to the Plan or Disclosure Statement and all exhibits and appendices to any of the foregoing without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Package prior to their distribution.

8.     Within five (5) business days of entry of this Order, the Voting Agent shall transmit, or cause to be transmitted, by first class mail to each of the Non-Voting Parties: (i) the Confirmation Hearing Notice; and (ii) the Non-Voting Notice.

9.     To be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to the Voting Agent by: (i) first class mail, in the return envelope provided; (ii) overnight courier; (iii) electronic mail; or (iv) personal delivery so that it is actually **received** by the Voting Agent no later than **_____, 2019 at 5:00 p.m. (EST)** (the "**Voting Deadline**").

> **If sent in the envelope provided or by overnight courier or personal delivery or via email:**
>
> Cullen and Dykman LLP
> 100 Quentin Roosevelt Boulevard
> Garden City, New York 11530
> Attn: Cindy Mohan
> Email: cmohan@cullenllp.com

10. For purposes of voting on the Plan, with respect to all creditors, the following procedures shall apply to determine the amount of a claim used to tabulate acceptances or rejections of the Plan:

a) <u>Wholly Unliquidated Claims</u>. Holders of (i) filed Claims that are wholly unliquidated or are in a zero or unknown amount and (ii) scheduled Claims that are wholly unliquidated or are scheduled in a zero or unknown amount and as to which a timely Proof of Claim has not be filed, are entitled to vote in the amount of $1.00.

b) <u>Transferred Claims</u>. For purposes of the Record Date, no transfer of claims pursuant to Bankruptcy Rule 3001 shall be recognized unless (i) documentation evidencing such transfer was filed with the Court on or before twenty-one (21) days prior to the Record Date; and (ii) no timely objection with respect to such transfer was filed by the transferor.

c) <u>Duplicate Claims</u>. If a Proof of Claim reasonably appears (i) to be duplicative of another Proof of Claim filed by or on behalf of the same holder, or (ii) to amend or supersede a prior Proof of Claim filed by or on behalf of the same holder, such later-filed Proof of Claim shall supersede the duplicative, amended, or superseded Claim (as applicable) for voting and tabulation purposes and the holder shall have one (1) Claim for voting purposes.

d) <u>Disputed Claims</u>. If the Committee has filed and served an objection to a Claim at least fourteen (14) days prior to the Voting Deadline, such Claim shall be disallowed for voting purposes only and not for the purpose of allowance or distribution.

e) <u>Undisputed Filed Claims</u>. With respect to a Claim as to which a Proof of Claim has been timely filed and not subject to an objection filed at least fourteen (14) days prior to the Voting Deadline, the amount and classification of such Claim shall be that specified in the Proof of Claim.

f) <u>Undisputed Scheduled Claims</u>. With respect to a Claim that appears on the Schedules as undisputed, noncontingent and liquidated, and as to which no objection has been filed at least fourteen (14) days prior to the Voting

Deadline, the amount and classification of such Claim shall be that specified in the Schedules unless superseded by an undisputed Proof of Claim.

g) <u>Bankruptcy Court Determined Claims</u>.  With respect to a Claim for which an order has been entered reducing, reclassifying or allowing, the amount and classification of the Claim shall be that specified in such order.

11.    The following voting procedures and standard assumptions shall apply for purposes of tabulating Ballots:

(a)    Except to the extent allowed by the Court, Ballots received after the Voting Deadline shall not be accepted or counted in connection with the Committee's request for confirmation of the Plan;

(b)    Creditors shall not split their vote within a Claim; thus each creditor shall be deemed to have voted the full amount of its Claim either to accept or reject the Plan;

(c)    Any Ballots that partially reject and partially accept the Plan shall not be counted;

(d)    The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each holder of a Claim, and except as otherwise provided in the Disclosure Statement, such delivery shall be deemed made only when the signed Ballot is actually received by the Voting Agent;

(e)    Delivery of a signed Ballot to the Voting Agent by email shall be counted, but delivery of a signed Ballot by facsimile or any other electronic means shall not be counted;

(f)    Ballots delivered to the Debtor or his attorneys shall not be counted unless received by the Voting Agent by the Voting Deadline;

(g)    The Committee reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan at any time prior to the entry of the Confirmation Order.  If the Committee makes material changes in the terms of the Plan or the Committee waives a material condition (except the waiver of conditions for the occurrence of the Effective Date (as defined in the Plan) for which no Court direction or approval shall be required, the Committee will disseminate additional solicitation materials and will extend the solicitation, in each case to the extent directed by the Court;

(h)    If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, and the later received Ballot(s) do not reflect a change in said individual's acceptance or rejection of the Plan, the last valid Ballot timely received shall be deemed to

reflect the voter's intent and to supersede and revoke any prior Ballot; otherwise, any holder of a Claim that seeks to change or withdraw an acceptance or rejection of the Plan must comply with the requirements set forth in Bankruptcy Rule 3018;

(i)     If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person shall be required to indicate such capacity when signing and, upon request of the Committee, submit proper evidence satisfactory to the Committee to so act on behalf of a beneficial interest holder;

(j)     Upon further approval by the Court, the Committee may waive any defect in any Ballot at any time, either before or after the close of voting;

(k)     Any holder of impaired Claims who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(l)     Any Ballot received that does not indicate either an acceptance or rejection of the Plan, but includes a valid signature, shall not be counted except as approved by further Order of the Court;

(m)     Any Ballot that is unsigned, is tendered by a claimant in a class to which the corresponding Claim is not classified or is filed after the Voting Deadline shall not be counted except as agreed in writing by the Committee; and

(n)     Neither the Committee, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to any Ballots nor will any of them incur any liabilities for failure to provide such notification.

12.     Any party seeking to temporarily allow a Claim for purposes of voting to accept or reject the Plan shall file a motion pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing its Claim for purposes of voting to accept or reject the Plan not less than ten (10) days before the Voting Deadline.  As to any creditor filing such a motion, such creditor's Ballot shall not be counted unless allowed by the Court for voting purposes, after notice and a hearing, pursuant to an order entered prior to the Voting Deadline or as otherwise directed by the Court.

13.     On or before **_____, 2019**, the Voting Agent shall certify in writing (the "**Voting Certification**") the amount and number of Allowed Claims in the Voting Class that

vote to accept or reject the Plan and shall file the Voting Certification via ECF and serve the Voting Certification upon the Office of the United States Trustee for Region 2 and counsel to the Debtor.

14.     The Confirmation Hearing shall be held on **_____, 2019, at    :00 a.m. (EST)**, or as soon thereafter as counsel may be heard, before the Honorable Mary Kay Vyskocil, United States Bankruptcy Judge, in Courtroom 501 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

15.     Any objections to confirmation of the Plan shall (a) be in writing; (b) state with particularity the grounds therefore and include, when possible, proposed language for amending the Plan to resolve such objection; (c) be filed electronically with the Clerk of the Bankruptcy Court with a courtesy copy delivered to Chambers; and (d) be served with a hard copy mailed to (i) counsel to the Committee, Cullen and Dykman LLP, Attn: Thomas R. Slome, Esq., Jil-Mazer Marino, Esq. and Elizabeth M. Aboulafia, Esq., 100 Quentin Roosevelt Blvd., Garden City, New York 11530; (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Richard Morrissey, Esq.; and (iii) the attorneys for the Debtor, Rosen & Associates, P.C., 747 Third Avenue, New York, NY 10017, Attn: Sanford P. Rosen, Esq., so as to be **received** no later than **_____, 2019 at 5:00 p.m. (EST)**.

16.     The deadline for filing and service of replies or an omnibus reply to any objections to confirmation of the Plan shall be **_____, 2019**.

17.     The Committee is authorized to submit written direct testimony by proffer in lieu of direct examination in connection with the evidence to be presented at the Confirmation Hearing.

18.     With respect to addresses from which notices in this Chapter 11 Case have been returned by the United States Postal Service as undeliverable, the Committee is excused from mailing Solicitation Packages or other notice to entities listed at such addresses unless the Committee is provided with accurate addresses for such entities prior to twenty (20) days before the Confirmation Hearing.

19.     The procedures set forth in this Order are adequate and proper notice to all parties in interest and no other or further notice need be provided.

20.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2019
       New York, New York

_____
THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

## Form of Ballot

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

In re:

                                            Chapter 11

Robert Francis Xavier Sillerman,
aka Robert F.X. Sillerman,                          Case No.: 17-13633 (MKV)
aka Robert F. Sillerman,
aka Robert X. Sillerman,

                                 Debtor.
--------------------------------------------------------------X

## <u>BALLOT ACCEPTING OR REJECTING CHAPTER 11 PLAN</u>

### CLASS 3 – General Unsecured Claims

       This ballot (the "**Ballot**") is submitted to you to solicit your vote to accept or reject the *Chapter 11 Plan of Liquidation for the Debtor Proposed by the Official Committee of Unsecured Creditors* (including all exhibits thereto and as the same may be amended, modified or supplemented from time to time, the "**Plan**") as described in the related *Disclosure Statement for the Chapter 11 Plan of Liquidation for the Debtor Proposed by the Official Committee of Unsecured Creditors* (including all exhibits thereto and as the same may be amended, modified or supplemented from time to time, the "**Disclosure Statement**") approved by order of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court. The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy from the Voting Agent, Cullen and Dykman LLP, at the address listed below. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek independent legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot that are not otherwise defined have the meanings given to them in the Plan.

       The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by each class of creditors and holders of equity interests which is impaired under the Plan. Each impaired class of creditors may accept the Plan if the holders of at least two-thirds (2/3) in amount and more than one half (1/2) in number of the allowed claims which vote on the Plan vote to accept the Plan, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code (the "**Bankruptcy Code**").

       To have your vote counted, you must complete, sign, and return this Ballot with original signature to the Voting Agent as follows:

**If sent in the envelope provided**
**or by overnight courier or personal delivery or electronic mail:**

Cullen and Dykman LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Attn: Cindy Mohan
Email: cmohan@cullenllp.com

so that it is actually **received** by **5:00 p.m**. Eastern Standard Time on **_____, 2019**.  Any Ballots received after such time shall not be counted.

**PLEASE READ THE PROCEDURES FOR VOTING ON THE PLAN AND COMPLETING THIS BALLOT AS SET FORTH IN THE DISCLOSURE STATEMENT ORDER.**

PLEASE COMPLETE ITEMS 1 AND 3. IF YOU CHOOSE NOT TO VOTE, YOU MAY COMPLETE ITEM 2.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES AND DELIVERED TO THE VOTING AGENT BY THE VOTING DEADLINE, THIS BALLOT SHALL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Class Vote**.  The undersigned, a holder of a Class 3 Claim in the amount set forth below, votes to (check <u>one</u> box):

☐ **Accept** the Plan                    ☐ **Reject** the Plan

Creditor Name: _____     Claim Amount: $ _____

**Item 2.  Releases**.  <u>**COMPLETE THIS ITEM 2 ONLY IF YOU DID NOT VOTE TO EITHER ACCEPT OR REJECT THE PLAN IN ITEM 1 ABOVE.**</u>  PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE ACCEPTED THE RELEASE PROVISIONS IN SECTION 11.10 OF THE PLAN.  YOU ARE ALSO DEEMED TO HAVE ACCEPTED THE RELEASE PROVISIONS OF SECTION 11.10 OF THE PLAN IF YOU DO NOT CAST A VOTE WITH RESPECT TO THE PLAN; HOWEVER, IN THIS INSTANCE ONLY, YOU MAY CHECK THE BOX BELOW TO REJECT THE RELEASE PROVISIONS IN THE PLAN.

The undersigned, the holder of a Class 3 Claim in the amount set forth above, having voted to reject or abstained from voting on the Plan:

☐ Rejects the Release Provision

**Item 3. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Plan, Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant and has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan shall not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

## EXHIBIT C

## Non-Voting Notice

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

In re:

Robert Francis Xavier Sillerman,
aka Robert F.X. Sillerman,
aka Robert F. Sillerman,
aka Robert X. Sillerman,

                                Debtor.

Chapter 11

Case No.: 17-13633 (MKV)

-------------------------------------------------------------X

## NOTICE OF NON-VOTING STATUS
### (Classes 1 and 2)

     **PLEASE TAKE NOTICE THAT** on October __, 2019, the United States Bankruptcy Court for the Southern District of New York conditionally approved the *Disclosure Statement for the Chapter 11 Plan of Liquidation for the Debtor Proposed by the Official Committee of Unsecured Creditors* (as it may be amended, the "**Disclosure Statement**") filed by the Official Committee of Unsecured Creditors (the "**Committee**") for the above-captioned debtor Robert F.X. Sillerman (the "**Debtor**"), for use by the Committee in soliciting acceptances or rejections of the *Chapter 11 Plan of Liquidation for the Debtor Proposed by the Official Committee of Unsecured Creditors* (as it may be amended, the "**Plan**").

**TO HOLDERS OF CLAIMS IN CLASSES 1 AND 2:**

     **UNDER THE TERMS OF THE PLAN, YOUR CLAIMS AGAINST THE DEBTOR ARE NOT IMPAIRED AND, THEREFORE, PURSUANT TO SECTION 1126(f) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (I) DEEMED TO HAVE ACCEPTED THE PLAN, AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

     **IF YOU HAVE ANY QUESTIONS, OR WISH TO REQUEST A COPY OF THE PLAN AND DISCLOSURE STATEMENT (AT NO COST TO YOU), CONTACT THE COMMITTEE'S VOTING AGENT, CULLEN AND DYKMAN LLP, AT THE CONTACT INFORMATION BELOW. THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

| **Voting Agent:** |
| --- |
| Cullen and Dykman LLP<br>Attn: Cindy Mohan<br>100 Quentin Roosevelt Blvd.<br>Garden City, New York 11530<br>Tel: (516) 357-3700<br>Email: cmohan@cullenllp.com |

# EXHIBIT D

## Confirmation Hearing Notice

CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
Thomas R. Slome, Esq.
Jil Mazer-Marino, Esq.
Elizabeth M. Aboulafia, Esq.

*Counsel to the Official Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

Robert Francis Xavier Sillerman,
aka Robert F.X. Sillerman,
aka Robert F. Sillerman,
aka Robert X. Sillerman,


                                   Debtor.
-------------------------------------------------------------X

Chapter 11

Case No.: 17-13633 (MKV)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT; (II) ESTABLISHMENT
OF RECORD DATE; (III) APPROVAL OF PROCEDURES AND DEADLINE FOR
VOTING ON THE PLAN; AND (IV) HEARING ON CONFIRMATION OF THE PLAN
AND PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN**

        **PLEASE TAKE NOTICE** that by order dated _____, 2018 (ECF No. __) (the
"**Disclosure Statement Order**"), the United States Bankruptcy Court for the Southern District
of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for the Chapter 11
Plan of Liquidation for the Debtor Proposed by the Official Committee of Unsecured Creditors*
(as it may be amended, the "**Disclosure Statement**") filed by the Official Committee of
Unsecured Creditors (the "**Committee**") for the above-captioned debtor Robert F.X. Sillerman
(the "**Debtor**").

        **PLEASE TAKE FURTHER NOTICE** that pursuant to the Disclosure Statement Order,
the Bankruptcy Court approved the procedures for voting on the Plan and authorized the
Committee to solicit votes from those parties entitled to vote with regard to the acceptance or
rejection of the *Chapter 11 Plan of Liquidation for the Debtor Proposed by the Official
Committee of Unsecured Creditors* (as it may be amended, the "**Plan**"). Among other things, the
Bankruptcy Court fixed _____, **2019 at 5:00 p.m. (EST)** as the deadline for actual
receipt by the Committee's Voting Agent, Cullen and Dykman LLP, of all Ballots cast accepting
or rejecting the Plan.

**PLEASE TAKE FURTHER NOTICE that the Plan[1] provides for an injunction and other binding effects set forth in Article XI of the Plan (including the release by the Debtor and his Estate of the Released Parties[2] contained in Section 11.9 of the Plan, the release by the Releasing Parties[3] of the Released Parties contained in Section 11.10 of the Plan, the Discharge contained in Section 11.5 of the Plan, the Injunction contained in Section 11.12 of the Plan and the Exculpation contained in Section 11.11 of the Plan).** Pursuant to Section 11.9 of the Plan, the Debtor, his Estate and any person or entity seeking to exercise the rights of the Debtor or his Estate and their respective property are deemed to release and discharge the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, remedies, Causes of Action, rights of setoff, other rights, and liabilities whatsoever, with the breadth of the release as set forth in the Plan. In Section 11.10 of the Plan, the Releasing Parties are, to the fullest extent authorized by applicable law, deemed to provide a full release to the Released Parties and their respective property any and all claims, obligations, suits, judgments, damages, demands, debts, remedies, Causes of Action, rights of setoff, other rights, and liabilities whatsoever, with the breadth of the release as set forth in the Plan. Section 11.5 of the Plan provides that the rights afforded in the Plan and treatment of Claims under the Plan is in exchange for, and in complete satisfaction, settlement, discharge, and release of all Claims against the Estate. Pursuant to Section 11.12 of the Plan, the injunction against pursuing Claims or Causes of Action against the Debtor and his Estate is extended to also enjoin recourse against the Creditor Recovery Trust and the Released Parties. Section 11.11 of the Plan entitled "Exculpation" provides certain protections from claims for Exculpated Parties[4] who provided services to the Estate during this Chapter 11 Case.

---

[1] Capitalized terms used but not otherwise defined in this paragraph shall have the meanings ascribed to them in the Plan.

[2] Released Parties is defined in the Plan to mean collectively and in each case in their capacity as such: the Creditors' Committee and each of its official and ex officio members, the Plan Agent, the Creditor Recovery Trustee, but each solely in their capacities as such, and not individually; such entities' predecessors, successors and assigns, subsidiaries, and Affiliates, and its and their current and former officers, directors, principals, shareholders and their Affiliates, members, partners, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, and other professionals, and such persons' respective heirs, executors, estates, servants and nominees.

[3] Releasing Parties is defined in the Plan to mean collectively and in each case in their capacity as such: (i) each holder of a Claim who votes to accept the Plan; (ii) each holder of a Claim who votes to reject the Plan but does not opt out of granting the releases set forth in the Plan; and with respect to each of the foregoing entities, such entities' predecessors, successors and assigns, subsidiaries, and Affiliates, and its and their current and former officers, directors, principals, shareholders, members, managers, partners, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, and other professionals, and such persons' respective heirs, executors, estates, servants and nominees.

[4] Exculpated Parties is defined in the Plan to mean collectively the Creditors' Committee and each of their respective members, official or ex officio, the Plan Agent, and the Creditor Recovery Trustee, each solely in their capacities as such, and not individually, predecessors, successors and assigns, subsidiaries, and Affiliates, and their current and former officers, directors, principals, shareholders and their Affiliates, members, managers, partners, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, and other professionals, and such persons' respective heirs, executors, estates, servants and nominees, in each case in their capacity as such.

PLEASE TAKE FURTHER NOTICE that a hearing (the "**Confirmation Hearing**") to consider the confirmation of the Plan will be held at __:00__ .m. (EST) on _____, 2019, before the Honorable Mary Kay Vyskocil, United States Bankruptcy Judge, in Courtroom 501 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE, that any responses or objections to confirmation of the Plan must (a) be in writing, (b) state with particularity the basis and nature of any response or objection and include, where appropriate, proposed language to be incorporated into the Plan to resolve any such response or objection, (c) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (d) be filed with the Bankruptcy Court electronically in accordance with General Order M-399, and (e) served in accordance with General Order M-399 so as to be actually **received on or before 5:00 p.m. (EST) on _____, 2019** on the following parties: (i) counsel to the Committee, Cullen and Dykman LLP, Attn: Thomas R. Slome, Esq., Jil-Mazer Marino, Esq. and Elizabeth M. Aboulafia, Esq., 100 Quentin Roosevelt Blvd., Garden City, New York 11530; (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Richard Morrissey, Esq.; and (iii) the attorneys for the Debtor, Rosen & Associates, P.C., 747 Third Avenue, New York, NY 10017, Attn: Sanford P. Rosen, Esq.

PLEASE TAKE FURTHER NOTICE that you need not appear at the Confirmation Hearing if you do not object to the relief to be requested at the Confirmation Hearing.

PLEASE TAKE FURTHER NOTICE, that the Confirmation Hearing may be continued or adjourned from time to time without further notice other than by (i) announcement of the adjournment date in open court at the Confirmation Hearing, or (ii) as indicated in any notice of agenda of matters scheduled for hearing filed by the Committee with the Bankruptcy Court.

Dated: Garden City, New York
_____, 2019

CULLEN AND DYKMAN LLP

By: _____
Thomas R. Slome, Esq.
Jil Mazer-Marino, Esq.
Elizabeth M. Aboulafia, Esq.
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700

*Counsel to the Official Committee of Unsecured Creditors*

1803534