

ROSEN & ASSOCIATES, P.C.
747 THIRD AVENUE
NEW YORK, NY 10017-2803
(212) 223-1100 TELEPHONE
(212) 223-1102 FACSIMILE

www.rosenpc.com

November 15, 2019

**VIA ELECTRONIC FILING**
The Honorable Mary Kay Vyskocil
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

        **Re: Request for Extension of Discovery Deadlines —** *Iliad Research and Trading, L.P. v. Robert Francis Xavier Sillerman* **(Adv. Proc. No. 19-01119-mkv)**

Dear Judge Vyskocil:

        We are counsel to *Robert Francis Xavier Sillerman*, the defendant in the above-referenced adversary proceeding, and write to respectfully request an extension of time to complete discovery pursuant to the Court's *Case Management & Scheduling Order* [Adv. Proc. Doc. No. 20] and Rule 16(b)(4) of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable to this proceeding by Rule 7016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[1]

        As the Court may recall, the parties have engaged in meaningful settlement discussions throughout the course of this proceeding, as part of a joint-effort to efficiently resolve the underlying dispute and avoid protracted and expensive litigation. Indeed, the complete resolution of this matter was an integral component of the Debtor's plan of reorganization.[2]

        Upon the appointment of the Chapter 11 trustee (the "Trustee") however, the duty to investigate all pending litigation and any respective settlement proposals vested in the Trustee, under the statutory mandate to investigate all liabilities and "any other matter relevant to the case or to the formulation of a plan."[3]

---

[1] *See* FED. R. CIV. P. 16(b)(4) (authorizing courts to modify scheduling orders upon a showing of good cause).
[2] *See Debtor's First Modified Plan of Reorganization* [Doc. No. 454], Art. 5.1(c).
[3] *See* 11 U.S.C. § 1106(a)(3).

The parties have nevertheless continued settlement discussions, and have now agreed to a settlement in principle, which has been presented to the Trustee for consideration.

At this time, the parties respectfully move for an order extending the time to complete discovery for sixty (60) days, pending our efforts to finalize the proposed settlement.[4]

*Discussion*

Although Federal Rule 16 (made applicable by Bankruptcy Rule 7016), is often perceived as providing the court a "firm hand" with which it can control the litigation before it,[5] it also empowers courts to "achieve the orderly and expeditious disposition of cases."[6]

Generally, pre-trial settlement is preferred in all types of litigation, which, depending on their complexity, "can occupy a court's docket for years on end [and] deplet[e] the resources of parties … while rendering meaningful relief increasingly elusive."[7]

Courts have recognized that in bankruptcy, litigation costs are particularly burdensome given the financial instability of the estate, and have cited other provisions of bankruptcy law as additional authority in support of efficient dispute resolution.[8]

Here too, the parties submit that, given the complexity of the factual and legal issues presented in this proceeding, as well as the demonstrated intent to amicably resolve this dispute, continuing with discovery and motion practice would consume a significant amount of time and unnecessarily impose on the resources of the parties.

---

[4] Plaintiff has, of course, consented to this request.
[5] *See Campania Management Co. v. Rooks, Pitts, & Poust,* 290 F.3d 843, 851-52 (7th Cir. 2002)
[6] *See Link v. Wabash Railroad Co*., 370 U.S. 626, 630-33 (1962); *see also* FED. R. CIV. P. 16(c)(9) (authorizing the use of special procedures "to assist in resolving the dispute when authorized by statute or local rules."); FED. R. CIV. P. 16(c)(12) (authorizing the use of special procedures "for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems.").
[7] *U.S. Oil & Gas v. Wolfson*, 967 F.2d 489, 493 (11th Cir.1992).
[8] *See In re Munford, Inc.,* 97 F.3d 449, 455 (11th Cir. 1996) (citing Bankruptcy Rule 9019(b) (which provides in relevant part that: "[a]fter a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice."); and 11 U.S.C. § 105 (which provides wide latitude to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code or] ... making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.")).

November 15, 2019
Page 3

Finally, we note that the proposed settlement contemplated herein is also consistent with the overriding public interest in favor of pre-trial dispute resolution, expressly endorsed by the federal courts.[9]

For these reasons, the parties respectfully request a 60-day extension of time to complete discovery, and believe that ample cause warrants such relief.

We thank the Court for its time and consideration of this request.

Respectfully,

Paris Gyparakis

PG/clm

cc: Anthony C. Acampora, Esq. (via email)
Brian Powers, Esq. (via email)

---

[9] *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements").