YANN GERON, Chapter 11 Trustee
℅ Reitler Kailas & Rosenblatt LLC
885 Third Avenue, 20th Floor
New York, New York 10022
(212) 209-3050

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                   :
                                                        :
Robert Francis Xavier Sillerman,        :        Chapter 11
a/k/a Robert F.X. Sillerman,            :
a/k/a Robert F. Sillerman,              :        Case No. 17-13633 (MKV)
a/k/a Robert X. Sillerman,              :
                                                        :
                        Debtor.                 :
-------------------------------------------------------x

## APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF REITLER KAILAS & ROSENBLATT LLC, AS SPECIAL CORPORATE AND REAL ESTATE COUNSEL TO THE CHAPTER 11 TRUSTEE EFFECTIVE AS OF OCTOBER 15, 2019

TO THE HONORABLE MARY KAY VYSKOCIL,
UNITED STATES BANKRUPTCY JUDGE:

    Yann Geron (the "Trustee"), the chapter 11 trustee of the estate of Robert Francis

Xavier Sillerman (the "Debtor"), the above-captioned debtor, as and for his application (the

"Application"), for an order, pursuant to 11 U.S.C. § 327(a), authorizing the Trustee's retention

and employment of Reitler Kailas & Rosenblatt LLC ("RKR"), as his special corporate and real

estate counsel herein effective as of October 15, 2019, respectfully sets forth and represents:

### Jurisdiction

    1.  This Court has jurisdiction over this case and Application pursuant to 28

U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is

proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Introduction

2.      This case was commenced against the Debtor on December 26, 2017 by four creditors who filed an involuntary petition under chapter 7 of the Bankruptcy Code [ECF No. 1]. The Debtor consented to the entry of an order for relief, but moved to convert the chapter 7 case to one under chapter 11 [ECF No. 6]. An Order for Relief under chapter 11 was entered on March 1, 2018 [ECF No. 26].

3.      On January 11, 2019, the Office of the United States Trustee (the "UST") appointed a Committee of Unsecured Creditors (the "Committee") [ECF No. 177]. Upon motion of the Committee, on October 10, 2019, the Court entered an order directing the appointment of a chapter 11 trustee [ECF No. 513].

4.      On October 15, 2019, the UST appointed Yann Geron as the chapter 11 trustee of the Debtor's estate [ECF No. 517], and on October 16, 2019, the Court entered an order approving Mr. Geron's appointment [ECF No. 519].

5.      The Debtor is an individual, an entrepreneur and businessman whose past work was concentrated in the entertainment and media space. According to the Debtor, his property consists largely of interests in limited liability companies, most of which directly or indirectly own an interest in various assets.

## Relief Requested

6.      By this application, the Trustee seeks authority to retain RKR as his special corporate and real estate counsel, pursuant to Section 327(a) of the Bankruptcy Code, to, among other things, perform the following tasks:

> (a)     to generally assist, advise and represent the Trustee in matters relating to the Debtor's affiliated entities (the "Businesses"), and shall perform all transactional services related thereto, including, but not limited to, the review of corporate formation documents, an

analysis of the Businesses' assets and liabilities, and a recommendation to the Trustee on how to proceed with the Businesses;

(b)    to generally assist, advise and represent the Trustee in matters relating to any real property owned by the Debtor and/or the Businesses, including, but not limited to, property located at 151 East 72nd Street, New York, NY; 5 Montauk Hwy., Southampton, NY; 7 Southway Drive, Southampton, NY; 520 Montauk Hwy, Southampton, NY; 52 Westway, Southampton, NY; 351 Plain Rd., Parcels 51 and 74, Hinsdale, NH ; and 352 Plain Road, Parcels 77 and 78, Hinsdale NH (the "Properties"), and shall perform all transactional services related thereto, including, but not limited to, negotiating deal terms, drafting asset purchase agreements, addressing any title issues, and conducting the closings on any sales[1];

(c)    to appear, as appropriate, before this Court, the Appellate Courts, and other Courts in which matters involving the Businesses and/or the Properties may be heard and to protect the interests of the Trustee and the Debtor's estate before said Courts; and

(d)    to perform such other tasks as requested by the Trustee in connection with the Businesses, the Properties and/or any matters not otherwise being handled by the Trustee's general counsel.

7.    As set forth in the annexed declaration of Yann Geron (the "Geron Declaration"), a copy of which is annexed as Exhibit A, RKR has not performed any services for or on behalf of the Debtor, and thus, RKR is not a creditor of the Debtor's estate.

8.    RKR intends to work closely with the Trustee and his other professionals to ensure that there is no duplication of services performed or charged to the Debtor's estate.

9.    RKR has indicated a willingness to act on behalf of the Trustee and to render the necessary professional services as attorneys to the Trustee.

---

[1] The Trustee's proposed general counsel, Klestadt Winters Jureller Southard & Stevens, LLP, will perform all litigation services related to the Businesses and Properties. The parties shall work closely to ensure that there is no duplication of services performed or charged to the Debtor's estate.

10. Subject to this Court's approval, RKR will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for services of this type and nature which are in effect on the date such services are rendered and for its actual, reasonable, and necessary out-of-pocket disbursements incurred in connection therewith as set forth in the Geron Declaration.

11. RKR intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, orders of this Court, and the Guidelines promulgated by the UST, including *Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "Large Case Guidelines"). Compensation will be payable to RKR in compliance with the above rules, on an hourly basis, plus reimbursement of actual, necessary expenses incurred by RKR.

12. To the best of the Trustee's knowledge, other than as disclosed in the Geron Declaration, RKR and its respective attorneys have no connection with and no interests adverse to the Trustee, the Debtor or his estate, the creditors, or any other party in interest herein or their respective attorneys or accountants in matters relating to the Debtor or his estate.

13. To the best of the Trustee's knowledge and except as otherwise disclosed in the Geron Declaration, (i) RKR does not hold or represent any interest adverse to the Trustee with respect to the matters for which it is being retained; (ii) RKR is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code; (iii) neither RKR nor its professionals have any connection with the Debtor, his estate, or creditors; and (iv) RKR's employment is necessary and in the best interests of the Debtor's estate.

14.     The Trustee believes that the retention of RKR is in his best interests, as well as that of the Debtor's estate and his creditors.

15.     No application has been made for the relief requested herein to this or any other court.

16.     Pursuant to Paragraph D.2 of the Large Case Guidelines, attached hereto as <u>Exhibit B</u> is the Declaration of Yann Geron.

*[Continued on Next Page]*

**WHEREFORE**, the Trustee respectfully requests that an order be entered, substantially in the form annexed as Exhibit C, authorizing him to employ and appoint RKR to represent him as his special corporate and real estate counsel, and that he be granted such other and further relief as is just.

Dated:    New York, New York
           November 18, 2019

/s/ Yann Geron
Yann Geron, Chapter 11 Trustee of the Estate
of Robert Francis Xavier Sillerman

REITLER KAILAS & ROSENBLATT LLC
*Proposed Special Counsel to Yann Geron,*
    *Chapter 11 Trustee*

By:   /s/ Yann Geron
        Yann Geron
        Nicole N. Santucci (Of Counsel)
        885 Third Avenue, 20th Floor
        New York, New York 10022
        (212) 209-3050

# **Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

In re                                                   :
                                                        :
Robert Francis Xavier Sillerman,                        :        Chapter 11
a/k/a Robert F.X. Sillerman,                            :
a/k/a Robert F. Sillerman,                              :        Case No. 17-13633 (MKV)
a/k/a Robert X. Sillerman,                              :
                                                        :
                        Debtor.                         :

-------------------------------------------------------x

**DECLARATION AND DISCLOSURE STATEMENT OF YANN GERON, ON BEHALF
OF REITLER KAILAS & ROSENBLATT LLC, PURSUANT TO SECTIONS 327(a), 329
AND 504 OF THE BANKRUPTCY CODE AND RULE 2016(b) OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE**

YANN GERON makes this declaration pursuant to 28 U.S.C. § 1746, and states:

1.      I am fully familiar with the facts stated herein, and make this declaration in support

of an order authorizing Yann Geron (the "Trustee"), the chapter 11 trustee of the estate of Robert

Francis Xavier Sillerman (the "Debtor"), the above-captioned debtor, to retain the law firm of

Reitler Kailas & Rosenblatt LLC ("RKR") as his special corporate and real estate counsel herein

effective as of October 15, 2019.

2.      I am a partner of RKR, a New York limited liability company, operating as a law

firm with more than 30 attorneys, with its principal office located at 885 Third Avenue, 20th Floor,

New York, New York 10022.

3.      The Trustee has submitted an application (the "Application") simultaneously

herewith stating his desire to retain RKR as his special counsel herein.

4.      I have read and am fully familiar with Title 11 of the United States Code (the

"Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

the Local Bankruptcy Rules.  I am the partner at RKR who will be primarily responsible for RKR's

representation of the Trustee in this case, and I am fully competent to handle whatever might be expected of the Trustee's special counsel in this matter.

5. RKR has not performed any work on behalf of the Debtor; consequently, RKR is not a creditor of the Debtor or his estate.

6. RKR has not received a retainer, advance or any other property of the Debtor in connection with its representation of the Trustee.

7. In preparing this Declaration, I used a set of procedures developed by RKR to ensure full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and any local rules of this Court regarding the retention of professionals by a trustee (the "RKR Disclosure Procedures"). Pursuant to the RKR Disclosure Procedures, I performed, or caused to be performed, the following actions to ascertain RKR's connection to interested parties:

(i) First, I obtained a list of potentially interested parties to be used in determining whether RKR has any connection with any party in interest (the "Potential Party List"). The Potential Party List included all individuals and entities involved in the Debtor's case as disclosed in the filings filed with this Court, namely the petition and schedules, as well as all individuals and entities having filed proofs of claim and notices of appearance in the Debtor's case. RKR maintains a database (the "Database") of current and former clients, adverse parties, and related parties, which includes the names of the RKR personnel who are or were responsible for such matters.

(ii) Second, an email was circulated to all RKR attorneys containing the Potential Party List. The RKR attorneys were asked to review the names on the Potential Party List and identify any current client matches (the "Current Client Match List"). RKR identified the following parties on the Potential Party List in the Current Client Match List: Columbia University

("Columbia"). Specifically, a member of RKR has served as a consultant to Columbia in wholly unrelated and discrete copyright matters which neither I nor any of the attorneys or staff in my group were involved in. At present, no adversity is known to exist between the Debtor's estate and Columbia, and RKR will not be involved in any matters in this case involving Columbia.

(iii) Third, using information in RKR's electronic database, RKR verified that it does not represent any entity on the Current Client Match List in connection with the Debtor or its bankruptcy case.

8. Insofar as I have been able to ascertain, RKR is a disinterested party within the meaning of Section 101(14) of the Bankruptcy Code, has no interest adverse to, and no connections to, the Debtor, the Debtor's estate, his creditors or any other party in interest herein or their respective attorneys and accountants with respect to matters for which RKR is to be engaged.

9. RKR has not undertaken and shall not undertake the representation of any other entity in this case while RKR is retained to represent the Trustee.

10. RKR has not agreed to share any compensation it may receive with another party or person, other than with the partners and associates of RKR.

11. RKR agrees to charge, subject to this Court's approval in accordance with Section 330(a) of the Bankruptcy Code, RKR's standard hourly rates for work of this nature and for this type of matter, plus its customary reimbursements as charged to bankruptcy and non-bankruptcy clients. My current hourly rate is $750 per hour. Other RKR professionals and paraprofessionals in the bankruptcy group who RKR anticipates will work on this matter presently are billed as follows: (i) Partners and Counsel: $375 to $750 per hour; (ii) Associates: $325 to $550 per hour; and (iii) Paralegals: $275 per hour. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are set at a level designed to fairly compensate RKR for the

work of its attorneys and staff.  It is RKR's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone, facsimile and other charges, mail and express and overnight mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals", computerized research, and transcription costs.  RKR will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to RKR's other clients.  RKR believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. RKR will seek reimbursement of its expenses as allowed pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court.

12.    Based upon the information available to me, and except as otherwise described herein, RKR holds no interest adverse to the Trustee, the Debtor, his estate or creditors as to the matters in which it is to be employed.  I believe RKR is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code.  I know of no reason why RKR cannot act as attorneys for the Trustee.

13.    RKR shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case in compliance with Sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  RKR also intends to make reasonable efforts to comply with *Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "Large Case Guidelines"), both in connection with the Application and any interim and/or final fee application(s) to be filed by RKR in this chapter 11 case.

14.     The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Large Case Guidelines:

**Question:**     Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response:     No.

**Question:**     Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response:     No.

**Question:**     If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response:     RKR routinely represents me in my capacity as chapter 7 and chapter 11 trustee in other bankruptcy cases. The terms of RKR's engagement in these other trustee cases are identical to the proposed terms of RKR's retention in the instant matter.

**Question:**     Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Response:     RKR and the Trustee expect shortly to have developed a prospective budget and staffing plan, recognizing that in the course of this chapter 11 case there may be unforeseeable fees and expenses.

15.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 18, 2019

_/s/ Yann Geron_
Yann Geron

# **<u>Exhibit B</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re                                                  :
                                                       :
Robert Francis Xavier Sillerman,                       :      Chapter 11
a/k/a Robert F.X. Sillerman,                           :
a/k/a Robert F. Sillerman,                             :      Case No. 17-13633 (MKV)
a/k/a Robert X. Sillerman,                             :
                                                       :
                        Debtor.                        :
------------------------------------------------------x

## DECLARATION OF YANN GERON IN SUPPORT OF HIS APPLICATION AS CHAPTER 11 TRUSTEE FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF REITLER KAILAS & ROSENBLATT LLC, AS SPECIAL CORPORATE AND REAL ESTATE COUNSEL TO THE CHAPTER 11 TRUSTEE EFFECTIVE AS OF OCTOBER 15, 2019

YANN GERON makes this declaration pursuant to 28 U.S.C. § 1746, and states:

1.      I am fully familiar with the facts stated herein, and make this declaration (the "Declaration") in support of my application (the "Application"), in my capacity as the chapter 11 trustee (the "Trustee") of the estate of Robert Francis Xavier Sillerman (the "Debtor"), the above-captioned debtor, for an order authorizing me to retain the law firm of Reitler Kailas & Rosenblatt LLC ("RKR") as my special corporate and real estate counsel herein effective as of October 15, 2019.

2.      I am a partner of Reitler Kailas & Rosenblatt LLC, a New York limited liability company, operating as a law firm with more than 30 attorneys, with its principal office located at 885 Third Avenue, 20th Floor, New York, New York 10022.

3.      This Declaration is being provided pursuant to Paragraph D.2 of *Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "Large Case Guidelines").

4.     Based on RKR's qualifications as set forth in the Application, my prior experience working with RKR and RKR's experience in large individual cases and complex investigations, I selected RKR to serve as my special corporate and real estate counsel, subject to Bankruptcy Court approval.  Among other things, RKR or its partners have the following experience that supported my decision to retain RKR:

a)     *Sun Property Consultants, Inc.,* Case No. 16-72267-LAS (EDNY).  RKR currently serves as counsel to the chapter 7 trustee and formerly served as counsel to the chapter 11 trustee. The debtor was a single-asset real estate company that owned a commercial shopping center located at 150 Hicksville Road, Bethpage, New York.  RKR assisted the trustee with the debtor's operations through the closing on the sale of the property.  The sale realized gross proceeds in excess of $5.2 million.  These proceeds were used to pay a significant portion of the mortgagee's claim and a small portion of the administrative claims in accordance with the terms of a carve-out agreement negotiated by RKR on behalf of the trustee.  RKR also assisted the trustee in analyzing complex claims in connection with an alleged fraudulent scheme committed by an insider involving the debtor, affiliated entities and Nassau County.  RKR also reviewed possible claims against insiders and third parties.

b)     *Chelsea Craft Brewing Company LLC, Case No. 17-11459-SHL (SDNY).*  RKR currently serves as counsel to the chapter 7 trustee and formerly served as counsel to the chapter 11 trustee.  The debtor was a small beer brewer with some retail operations.  RKR assisted the trustee with the debtor's operations through the closing of the sale of substantially all of the debtor's assets.  As part of this representation, RKR reviewed possible claims against insiders and third parties.

c)     *Bibhu, LLC,* Case No. 17-10042-MG (SDNY).  RKR currently serves as counsel to the chapter 11 trustee.  The debtor was a fashion design company specializing in custom design and high-end retail women's apparel.  RKR assisted the trustee with the debtor's operations through the closing of the sale of substantially all of the debtor's assets.  As part of this representation, RKR reviewed possible claims against insiders and third parties.

d)     *Gladys Smith, Inc.*, Case No. 13-10989-SCC (SDNY).  RKR served as substitute counsel to the chapter 11 trustee.  The debtor's main asset was real property located at 101 West 143rd Street, New York, New York.  This case involved complex post-closing claims asserted by the purchaser against the debtor and others.  Ultimately, these claims were resolved on a consensual basis.  RKR prepared a liquidating plan on behalf of the trustee which resulted in a 100% distribution to allowed creditors.

5.     I did not interview any other firm to serve as special corporate or real estate counsel.

6.      RKR has advised me that its current customary hourly rates, subject to change from time to time, are $375 to $550 per hour for partners and counsel; $325 to $550 per hour for associates; and $275 per hour for paralegals.  RKR has advised me that I will be notified of any adjustments to its existing rate structure.  RKR's rates are reasonable for the Southern District of New York chapter 11 case market.

7.      RKR has confirmed to me that it does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement.

8.      As Trustee, I will personally review RKR's monthly invoices.  As part of my review, I will ensure that all requested fees and expenses are reasonable and correspond with necessary or beneficial services rendered on behalf of the Trustee.

9.      In addition, RKR's fees and expenses will be subject to Court approval and RKR has confirmed that it will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, orders of this Court, and the Guidelines promulgated by the UST, including the Large Case Guidelines.

10.      Additionally, I understand that I will be responsible for approving a prospective staffing plan and budget, which RKR will prepare and present to me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 18, 2019

_/s/ Yann Geron_____
Yann Geron

# **<u>Exhibit C</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                  :
                                                       :
Robert Francis Xavier Sillerman,                       :      Chapter 11
a/k/a Robert F.X. Sillerman,                           :
a/k/a Robert F. Sillerman,                             :      Case No. 17-13633 (MKV)
a/k/a Robert X. Sillerman,                             :
                                                       :
                              Debtor.                  :
-------------------------------------------------------x

**ORDER AUTHORIZING THE RETENTION OF REITLER KAILAS &
ROSENBLATT LLC, AS SPECIAL CORPORATE AND REAL ESTATE COUNSEL
TO THE CHAPTER 11 TRUSTEE EFFECTIVE AS OF OCTOBER 15, 2019**

Upon the application, dated November 18, 2019 (the "Application"), of Yann

Geron (the "Trustee"), the chapter 11 trustee of the estate of Robert Francis Xavier Sillerman (the

"Debtor"), the above-captioned debtor, for an order, pursuant to 11 U.S.C. § 327(a), authorizing

the retention of Reitler Kailas & Rosenblatt LLC ("RKR") as the Trustee's special corporate and

real estate counsel herein effective as of October 15, 2019; upon the (i) declaration and disclosure

statement of Yann Geron, Esq. (the "Geron Declaration"), attached to the Application as Exhibit

A, and (ii) declaration of Yann Geron, Esq., attached to the Application as Exhibit B, in support

thereof; and it appearing that RKR represents no interest adverse to the Trustee, the Debtor, his

estate or creditors with respect to the matters for which RKR is to be engaged, that RKR is a

disinterested person as that term is defined in 11 U.S.C. § 101(14), and that its employment is

necessary and in the best interests of the estate; and for good and sufficient cause, it is hereby

**ORDERED**, that the Application is granted to the extent provided herein; and it is

further

**ORDERED**, that pursuant to 11 U.S.C. § 327(a) and Rule 2014(a) of the Federal

Rules of Bankruptcy Procedure, the Trustee be and he hereby is authorized and empowered to

employ and retain RKR as his special corporate and real estate counsel herein on the terms and conditions set forth in the Application and the Geron Declaration; and it is further

ORDERED, that RKR is authorized to perform the following tasks, among others, on behalf of the Trustee:

(a)      to generally assist, advise and represent the Trustee in matters relating to the Debtor's affiliated entities (the "Businesses"), and shall perform all transactional services related thereto, including, but not limited to, the review of corporate formation documents, an analysis of the Businesses' assets and liabilities, and a recommendation to the Trustee on how to proceed with the Businesses;

(b)      to generally assist, advise and represent the Trustee in matters relating to any real property owned by the Debtor and/or the Businesses, including, but not limited to, property located at 151 East 72nd Street, New York, NY; 5 Montauk Hwy., Southampton, NY; 7 Southway Drive, Southampton, NY; 520 Montauk Hwy, Southampton, NY; 52 Westway, Southampton, NY; 351 Plain Rd., Parcels 51 and 74, Hinsdale, NH ; and 352 Plain Road, Parcels 77 and 78, Hinsdale NH (the "Properties"), and shall perform all transactional services related thereto, including, but not limited to, negotiating deal terms, drafting asset purchase agreements, addressing any title issues, and conducting the closings on any sales[1];

(c)      to appear, as appropriate, before this Court, the Appellate Courts, and other Courts in which matters involving the Businesses and/or the Properties may be heard and to protect the interests of the Trustee and the Debtor's estate before said Courts; and

(d)      to perform such other tasks as requested by the Trustee in connection with the Businesses, the Properties and/or any matters not otherwise being handled by the Trustee's general counsel.

---

[1] The Trustee's general counsel, Klestadt Winters Jureller Southard & Stevens, LLP, will perform all litigation services related to the Businesses and Properties. The parties shall work closely to ensure that there is no duplication of services performed or charged to the Debtor's estate.

**ORDERED**, that all compensation and reimbursement of expenses to be paid to RKR shall be subject to prior application to, and award by, this Court, pursuant to 11 U.S.C. §§ 330 and 331, the Federal and Local Bankruptcy Rules; and it is further

**ORDERED**, that ten business days prior to any increases in RKR's rates for any individual employed by RKR and retained by the Trustee pursuant to court order, RKR shall file a supplemental affidavit with the Court setting forth the basis for the requested rate increase pursuant to 11 U.S.C. § 330(a)(3)(F), provided however, that the terms "increases in RKR's rates" and "rate increases" as used herein shall not include annual "step increases" historically awarded by RKR in the ordinary course to attorneys and para professionals throughout the firm due to advancing seniority and promotion. Parties in interest, including the United States Trustee, retain all rights to object to or otherwise respond to any rate increase on any and all grounds, including, but not limited to, the reasonableness standard under 11 U.S.C. § 330; and it is further

**ORDERED,** that in the event of a discrepancy between the terms of this Order, the Application or the Geron Declaration, the terms of this Order shall prevail; and is it further

**ORDERED**, that, notwithstanding any provision to the contrary in the Application or the Geron Declaration, this Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated:   New York, New York
_____ \_\_, 2019

_____
Honorable Mary Kay Vyskocil
United States Bankruptcy Judge

3

**NO OBJECTION:**
Dated: New York, New York
      November 18, 2019

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By     */s/ Richard C. Morrissey*
      Richard C. Morrissey, Trial Attorney