**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens
Lauren C. Kiss

*Counsel to Plaintiff Yann Geron, Chapter 7 Trustee of
  the Bankruptcy Estate of Robert F.X. Sillerman*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re

ROBERT FRANCIS XAVIER SILLERMAN,
a/k/a Robert F.X. Sillerman,
a/k/a Robert F. Sillerman,
a/k/a Robert X. Sillerman,

      Debtor.

Chapter 7

Case No. 17-13633 (REG)

---------------------------------------------------------------x

YANN GERON, as Chapter 7 Trustee of the Estate
of Robert F.X. Sillerman,

      Plaintiff,

  -against-

ESTATE OF ROBERT F.X. SILLERMAN,

      Defendant.

Adv. Pro. No. 20-_____

---------------------------------------------------------------x

**COMPLAINT SEEKING A JUDGMENT AGAINST THE
<u>DEBTOR AND HIS DECEDENT ESTATE DENYING DISCHARGE</u>**

   Yann Geron, the Chapter 7 Trustee (the "<u>Trustee</u>") for the bankruptcy estate of Robert F.X. Sillerman, the above-captioned debtor (the "<u>Debtor</u>")[1], by and through his general counsel, Klestadt Winters Jureller Southard & Stevens, LLP, as and for his complaint (the "<u>Complaint</u>")

---

[1] The Debtor passed away on Sunday, November 24, 2019.

herein against the Debtor and his decedent estate (the "Decedent Estate") seeking the denial of the Debtor and Decedent Estate's discharge pursuant to sections 727(a)(2)(B), (a)(3), (a)(4)(D), (a)(6)(A), and (a)(11) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 4004(c) and 7001(4) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), alleges as follows:

## PRELIMINARY STATEMENT

While the Debtor passed away over seven months ago, that does not necessarily preclude his Decedent Estate from receiving the benefits of a discharge under the Bankruptcy Code. However, prior to and nearly right up to the very moment of his passing, the Debtor committed myriad acts any one which would warrant the denial of his discharge. For all the reasons stated herein, the Trustee asserts that allowing the Debtor or his Decedent Estate to receive a bankruptcy discharge would offend the integrity of the bankruptcy system and this Court, and therefore should not be permitted.

In sum, the Debtor committed the following offensive acts prior to his passing, among many others, each one of which warrants the denial of his discharge:

- In October 2018 and February 2019, the Debtor sold golf memberships that were property of his bankruptcy estate for nearly $500,000 each without disclosure to, or the permission of, this Court.

- From February to June 2019, the Debtor made repeated, unauthorized post-petition transfers totaling $232,711.70 to Elderberry X, LLC, an entity that he owns with his wife.

- The Debtor materially failed to comply with a number of lawful orders of this Court.

- In September and October 2019, the Debtor improperly transferred $480,000 out of his debtor in possession account one month prior to the appointment of the Chapter 11 Trustee, and then further transferred the funds to his wife's revocable trust and to various third parties. The Debtor then concealed those transfers from the Court, Trustee and creditors.

- On or around November 23, 2019, one day prior to his passing, the Debtor or someone he instructed threw the Debtor's laptop computer and iPad tablet into a snow bank several yards from the Debtor's New Hampshire residence. The electronic devices were then left outdoors and exposed to the elements for over two months until the Trustee demanded that they be located and turned over. The Debtor's cell phone has never been recovered.

- Upon information and belief, the Debtor failed to complete an instructional course concerning personal financial management prior to his passing, and neither he nor his Decedent Estate ever requested to be excused from such requirement.

Based at least upon the foregoing, the Debtor and his Decedent Estate should be denied a discharge.

## JURISDICTION

1. This adversary proceeding relates to the chapter 7 bankruptcy case captioned *In re Robert Francis Xavier Sillerman*, Case No. 17-13633 (REG), pending in the United States Bankruptcy Court for the Southern District of New York before the Honorable Robert E. Grossman, United States Bankruptcy Judge (the "Bankruptcy Court").

2. The Bankruptcy Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 157(a) and (b) and 1334(b), and the "Amended Standing Order of Reference" of the

United States District Court for the Southern District of New York (Preska, C.J.), dated January 31, 2012.

3. Plaintiff consents to the entry of final orders or judgments by the Bankruptcy Court with respect to all matters and claims raised by this Complaint.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## BASIS FOR RELIEF

5. This adversary proceeding is brought pursuant to sections 727(a)(2)(B), (a)(3), (a)(4)(D), (a)(6)(A), and (a)(11) of the Bankruptcy Code.

## PARTIES

6. The Trustee is a member of the panel of private trustees created by the United States Trustee for Region 2. The Trustee maintains offices at c/o Reitler Kailas & Rosenblatt LLC, 885 Third Avenue, 20th Floor, New York, New York 10022.

7. The Debtor was an individual with a principal place of residence at 151 East 72nd Street, New York, New York 10021, and another residence at 352 Plain Road, Hinsdale, New Hampshire 03451. The Debtor passed away on November 24, 2019.

8. Upon information and belief, the Decedent Estate has not been officially placed into administration. The executors for the Decedent Estate named in the Debtor's Last Will and Testament dated January 2, 2019 are the Debtor's wife, Laura Sillerman, Melinda Gould Konopko and should Laura Sillerman fail to qualify or cease to act, Timothy Bishop.

9. Named executor of the Decedent Estate Laura Sillerman is a natural person who maintains a residence at 352 Plain Road, Hinsdale, New Hampshire 03451, and is represented by Amini LLC, 131 West 35th Street, 12th Floor, New York, New York 10001, Attn: Avery Samet.

10. Named executor of the Decedent Estate Melinda Gould Konopko is a natural person who maintains a residence at 515 East 72nd Street, Apt. 5P, New York, New York 10024.

11. Named alternate executor of the Decedent Estate, Timothy Bishop, is a natural person who maintains a residence at 129 Wooley Street, Southampton, New York 11968.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. On December 26, 2017 (the "Petition Date"), React Presents, Inc., Clubtix, Inc., Lucas King, and Jeffrey Callahan filed an involuntary petition under chapter 7 of the Bankruptcy Code against the Debtor [Docket No. 1].

13. The Debtor consented to the entry of an order for relief and on February 2, 2018 moved to convert his case to one under chapter 11 of the Bankruptcy Code [Docket No. 6].

14. On March 1, 2018, the Court entered an order converting this case to one under chapter 11 [Docket No. 26].

15. On January 11, 2019, the Office of the United States Trustee (the "U.S. Trustee") appointed VistaJet US, Inc. and ID Wheel (FL) LLC to the official committee of unsecured creditors (the "Committee") [Docket No. 177].

16. On August 8, 2019, the Committee filed a motion for the appointment of a chapter 11 trustee or for the conversion of the case to chapter 7 [Docket No. 404].

17. After a hearing held on September 25, 2019, the Court issued a Memorandum Opinion and Order Granting Motion to Appoint a Chapter 11 Trustee, dated October 8, 2019 (the "Trustee Decision") [Docket No. 505]. Therein, the Court stated numerous grounds for the appointment of a Chapter 11 Trustee, including, but not limited to:

   i. without Court authorization, the Debtor paid over $86,000 to professionals who were not retained by order of this Court (Id., p.15);

ii. the Debtor failed to make required periodic financial disclosures regarding affiliated entities (Id., pp.17-18);

iii. the Debtor failed to make required payments to professionals pursuant to orders of this Court (Id., p.20);

iv. the Debtor transferred tax refunds to his wife, Laura Sillerman, without prior disclosure to the Committee and Court in violation of orders of this Court (Id., p.21);

v. the Debtor entered into an agreement post-petition providing for the creation of a new entity and transfer of his Anguilla property interests (Id., p.21);

vi. the Debtor had conflicts of interests with his bankruptcy estate highlighted by his statement that he would not sue his wife, the couple's foundation, or any other insider or affiliate (Id., p.24);

vii. the Debtor failed to investigate and preserve avoidance actions (Id., p.26);

viii. the Debtor made numerous gratuitous transfers of funds to Ms. Sillerman and affiliates (Id., pp.27-28); and

ix. the Debtor failed to advance the case and provide reliable projections, for example, at the onset of the case, the Debtor represented that he would recover $500 million for creditors that never materialized (Id., pp.29-30).

18. On October 10, 2019, the Court entered an order directing the U.S. Trustee to appoint a Chapter 11 trustee [Docket No. 513].

19. On October 15, 2019, the U.S. Trustee appointed Yann Geron as the chapter 11 trustee of the Debtor's estate [Docket No. 517], and on October 16, 2019, the Court entered an order approving Yann Geron's appointment [Docket No. 519].

20. On or around November 24, 2019, the Debtor passed away.

21. On January 9, 2020, this Court issued an order to show cause why the Debtor's case should not be converted to one under Chapter 7 [Docket No. 571]. On February 11, 2020, the Chapter 11 Trustee submitted a letter to the Court consenting to the Court's conversion of the case [Docket No. 580], and on February 18, 2020 (the "Conversion Date"), this Court entered an order converting the Debtor's case to one under Chapter 7 [Docket No. 585].

22. On February 19, 2020, the U.S. Trustee filed a notice appointing Yann Geron as the Chapter 7 Trustee of the Debtor's estate [Docket No. 586].

23. On June 4, 2020, the Trustee presided over the first meeting of creditors pursuant to section 341(a) of the Bankruptcy Code and duly qualified and became the permanent trustee herein by operation of section 702(d) of the Bankruptcy Code.

## **FIRST CAUSE OF ACTION**
**Objection to Debtor's Discharge – 11 U.S.C. § 727(a)(2)(B)**

**Unauthorized Post-Petition Sale of Golf Club Memberships**

24. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 23 of this Complaint as if fully set forth at length herein.

25. In or around October 2018, the Debtor sold or redeemed his membership in a prestigious golf club in Bridgehampton (the "Bridgehampton Membership") for $500,000. See Monthly Operating Report October 2018, Docket No. 139.

26. In or around February 2019, the Debtor sold or redeemed a second membership in a golf club (the "Golf Club Membership," and together with the Bridgehampton Membership, the "Memberships") denoted in his monthly operating report just as "Golf Membership Refund" for $562,500. See Monthly Operating Report September 2019, Docket No. 248.

27. The Debtor did not seek this Court's authority to sell or redeem the Memberships.

Indeed, this Court cited the unauthorized sale of the Memberships as a factor supporting the appointment of the Chapter 11 Trustee as follows:

> The Debtor consistently has refused to seek authorization for transfers, sales or retention of professionals. For example, it is undisputed that, without seeking Court authorization, the Debtor sold [the Memberships] in October of 2018 and February of 2019 for nearly $500,000 each. The Debtor has never disclosed what he did with the proceeds of [the Memberships].

Trustee Decision, p.27.

28. The Memberships were property of the Debtor's bankruptcy estate.

29. After the Petition Date, the Debtor transferred and removed the Memberships and a portion of the proceeds thereof with intent to hinder, delay, or defraud his creditors.

30. Based upon the foregoing, the Trustee is entitled to a judgment against the Debtor and his Decedent Estate denying discharge pursuant to section 727(a)(2)(B) of the Bankruptcy Code.

**SECOND CAUSE OF ACTION**
**Objection to Debtor's Discharge – 11 U.S.C. § 727(a)(2)(B)**

**Unauthorized Post-Petition Transfer of $480,000 in September 2019**

31. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 30 of this Complaint as if fully set forth at length herein.

32. On September 9 and 24, 2019, the Debtor transferred $355,000 and $125,000, respectively, for a total of $480,000 (the "DIP Funds"), from his debtor in possession bank account (Signature Bank, Acct. No. ****6435) (the "DIP Account") into an account maintained by his wholly-owned entity, MJX LLC ("MJX") (Signature Bank, Acct. No. ****0813) (the "MJX Account").

33. The Chapter 11 Trustee was appointed shortly after the transfer of the DIP Funds

8

to the MJX Account on October 15, 2019.

34. On October 15, 2019, the day the Chapter 11 Trustee was appointed, the Debtor made the following transfers of DIP Funds from the MJX Account:

     i. $50,000 to Rosen & Associates, the Debtor's attorneys;

     ii. $50,000 to OPW L.L.C., an alleged creditor of the Debtor; and

     iii. $15,000 to Bragdon & Kossayda, a law firm in New Hampshire.

35. On October 16, 2019, the day after the Chapter 11 Trustee was appointed: (i) Rosen & Associates returned to MJX the $50,000 in DIP Funds that it has received the prior day; (ii) the Debtor transferred $125,000 in DIP Funds from the MJX Account to Elderberry X LLC, an entity owned by the Debtor and his spouse, Laura Sillerman; (iii) Elderberry X LLC then transferred the same $125,000 in DIP Funds to the Laura Sillerman Revocable Trust; and (iv) the Laura Sillerman Revocable Trust then transferred $50,000 to Rosen & Associates and retained the other $75,000 in DIP Funds that it received.

36. On October 23, 2019, the Trustee and his counsel met with the Debtor (telephonically) and his counsel and asked the Debtor how much cash he had. The Debtor responded that he had a "minimal" amount of cash that was comprised entirely of his Social Security income.

37. October 28, 2019, the Trustee made a formal written demand on the Debtor for a number of things, including an accounting of all cash and deposits in the DIP Account, and the turnover of any and all cash from any source other than Social Security income.

38. On October 30, 2019, the Debtor transferred $300,000 in DIP Funds from the MJX Account to Boyd Wilson LLC for Chord Group in connection with the Debtor's investments in Anguilla.

39. The Debtor's transfers of the DIP Funds from the DIP Account to the MJX Account in September 2019 were not disclosed to the Trustee, the Court or creditors until November 12, 2019, when the Debtor filed his monthly operating report for September 2019. See Monthly Operating Report for September 2019, Docket No. 532. The Debtor then died twelve days later. Thereafter, the Trustee discovered the subsequent transfers from the MJX Account, Elderberry X LLC and the Laura Sillerman Revocable Trust from documents obtained from the entities' banking institutions.

40. The Debtor transferred and removed the DIP Funds from the DIP Account with intent to hinder, delay, or defraud his creditors.

41. The Debtor concealed the subsequent transfers of the DIP Funds from the MJX Account with the intent to hinder, delay, or defraud his creditors and the Chapter 11 Trustee, who was an officer of the estate charged with custody of the Debtor's property under the Bankruptcy Code.

42. Based upon the foregoing, the Trustee is entitled to a judgment against the Debtor and his Decedent Estate denying discharge pursuant to section 727(a)(2)(B) of the Bankruptcy Code.

**THIRD CAUSE OF ACTION**
**Objection to Debtor's Discharge – 11 U.S.C. § 727(a)(6)(A)**

**The Debtor's Intention Disobedience of Lawful Orders of this Court**

43. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 42 of this Complaint as if fully set forth at length herein.

44. On May 9, 2019, this Court entered an order (the "Interim Fee Order") that required the Debtor to "remit $150,000.00 to Rosen & Associates, P.C." to, among other things, fund a fee escrow for the benefit of the Committee's professionals [Docket No. 305, p.2].

45. The Debtor admitted that he failed to comply with the Interim Fee Order's requirement to remit the $150,000. Declaration of Robert Sillerman, dated August 29, 2019, Dkt. No. 426, ¶¶49-50.

46. On April 12, 2019, the Court entered an order (the "Restrict Order") [Dkt. No. 277] wherein the Debtor agreed, in relevant part, to timely file the period reports required by Bankruptcy Rule 2015.3 with regard to entities which the Debtor has a substantial ownership interest. Restrict Order, ¶¶2-7. The Debtor failed to file any Bankruptcy Rule 2015.3 reports as required by the Restrict Order.

47. The Restrict Order also provided that the Debtor would not sell, assign, encumber or otherwise dispose of any asset or interest without Court approval. See Restrict Order, ¶3. The Debtor violated this provision by diverting the DIP Funds and remitting a tax return to his wife. See Trustee Decision, p.21.

48. The Interim Fee Order and Restrict Order are lawful orders of this Court, which the Debtor refused to obey.

49. Based upon the foregoing, the Trustee is entitled to a judgment against the Debtor and his Decedent Estate denying discharge pursuant to section 727(a)(6)(A) of the Bankruptcy Code.

**FOURTH CAUSE OF ACTION**
**Objection to Debtor's Discharge – 11 U.S.C. §§ 727(a)(3) & (a)(4)(D)**

**The Debtor Intentionally Tried to Destroy his Electronic Devices Prior to his Death**

50. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 49 of this Complaint as if fully set forth at length herein.

51. The Debtor owned and used at least three electronic devices during the course of his Chapter 11 Case including: (i) a smartphone (the "Phone"); (ii) an iPad table (the "Tablet");

and (iii) a Samsung laptop computer (the "Laptop," and collectively with the Phone, Tablet and any other electronic device owned or used by the Debtor, the "Electronic Devices").

52. On November 24, 2019, the Debtor passed way in his New Hampshire residence.

53. On January 10, 2020, the Trustee's counsel sent a formal demand to Debtor's counsel, Laura Sillerman through counsel, the Sillermans' trusts and estates counsel, Norton Rose Fulbright US LLP, Melinda Gould Konopko and Timothy Bishop, for, among other things, the immediate turnover of the Debtor's Electronic Devices.

54. On January 15, 2020, Laura Sillerman's counsel informed the Trustee's counsel that Ms. Sillerman had no idea where the Electronic Devices were.

55. On January 16, 2020, the Trustee's counsel informed Ms. Sillerman's counsel that the inability or unwillingness to locate the Electronic Devices and turn them over was unacceptable. Shortly thereafter, Ms. Sillerman's counsel informed Trustee's counsel that the Sillermans' caretaker located the Laptop and Tablet in a snowbank a few yards from the Sillermans' New Hampshire residence. The Phone still has not been located.

56. Laura Sillerman has turned over the Laptop and Tablet to the Trustee and the Trustee has or is attempting to retrieve information from them. The last documents and communications on the Electronic Devices were from November 23, 2019, the day prior to the Debtor's passing.

57. The Debtor either disposed of his Electronic Devices just before his death or directed someone else to do so.

58. By disposing of his Electronic Devices or directing someone to do so, the Debtor concealed, destroyed and/or mutilated records and electronic files from which his financial condition and/or busines transactions might be ascertained. There is no justification for the

Debtor's failure to preserve the Electronic Devices, much less intentionally disposing of them.

59. By concealing and attempting to destroy the Electronic Devices, the Debtor knowingly and fraudulently in connection with his bankruptcy case withheld from the Trustee, an officer of the estate entitled to possession under the Bankruptcy Code, recorded information, including books, documents and records relating to the Debtor's property and financial affairs.

60. Based upon the foregoing, the Trustee is entitled to a judgment against the Debtor and his Decedent Estate denying discharge pursuant to sections 727(a)(3) and (a)(4)(D) of the Bankruptcy Code.

### FIFTH CAUSE OF ACTION
### Objection to Debtor's Discharge – 11 U.S.C. § 727(a)(11)

### Failure to File Financial Management Certificate

61. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 60 of this Complaint as if fully set forth at length herein.

62. Pursuant to Bankruptcy Rule 1007(b)(7)(A), the Debtor was required to file with the Bankruptcy Court a statement of completion of a course concerning personal financial management (the "Financial Management Certificate").

63. Upon information and belief, the Financial Management Certificate has not been filed with the Bankruptcy Court.

64. Neither the Debtor before his death, nor the Decedent Estate after, has filed a motion for relief from the requirement that every Debtor attend a financial management course and file a certificate with the Court prior to receiving a discharge.

65. Based upon the foregoing, the Trustee is entitled to a judgment against the Debtor and his Decedent Estate denying discharge pursuant to section 727(a)(11) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

66. The Trustee through his forensic experts is still in the process of discovering the contents of the Electronic Devices recovered, and believes that he will discover additional grounds for objecting to the Debtor's discharge as this case progresses. Accordingly, the Trustee fully reserves the right to amend this Complaint upon the discovery of additional facts warranting an objection to the Debtor's discharge.

**WHEREFORE**, the Trustee respectfully requests that a judgment be entered against the Debtor and his Decedent Estate denying discharge and granting such other and further relief as this Court deems just.

Dated: New York, New York
August 3, 2020

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Fred Stevens*
Fred Stevens
Lauren C. Kiss
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: fstevens@klestadt.com
lkiss@klestadt.com

*Counsel to the Plaintiff, Yann Geron as Chapter 7 Trustee of the Estate of Robert F.X. Sillerman*